UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITY INSURANCE COMPANY OF HARTFORD,<br><br>Plaintiff,<br><br>-against-<br><br>TRUSTMARK INSURANCE COMPANY,<br><br>Defendant. | CIVIL NO. 3:01-CV-02198 (PCD) |
| TRUSTMARK INSURANCE COMPANY,<br><br>Third Party Plaintiff,<br><br>-against-<br><br>TIG INSURANCE COMPANY,<br><br>Third Party Defendant. | June 24, 2004 |



### REPLY DECLARATION OF BRIAN J. O'SULLIVAN IN SUPPORT OF THIRD PARTY DEFENDANT TIG INSURANCE COMPANY'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO STAY THIS ACTION PENDING THE DECISION OF THE SUPREME COURT ON TIG'S PETITION FOR A WRIT OF *CERTIORARI*

BRIAN J. O'SULLIVAN declares under penalty of perjury that the following is true and correct:

1. I am an attorney at Cadwalader Wickersham & Taft LLP ("CWT"), counsel to third-party defendant TIG Insurance Company ("TIG") in the above-captioned litigation. I submit this reply declaration in further support of TIG's motion to stay this action pending the decision of the Supreme Court on TIG's petition for a writ of *certiorari*.

NYLIB2 232597.1

2. Annexed as Exhibit M hereto is a true and correct copy of a letter dated October 24, 2002 from Frank Coulom, Esq., counsel for Security Insurance Company of Hartford, to Hon. Peter C. Dorsey regarding the Trial Preparation Order issued in case 3:00CV1247.

3. Annexed as Exhibit N hereto is a true and correct copy of the Court's scheduling order issued on November 14, 2002 vacating the Trial Preparation Order issued for case 3:00CV1247.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on: June 24, 2004.

By: _____
Brian J. O'Sullivan

# ROBINSON & COLE LLP

FRANK F. COULOM, JR.
280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
fcoulom@rc.com
Direct (860) 275-8276

BY HAND DELIVERY

October 24, 2002

The Honorable Peter C. Dorsey
United States District Judge
United States Courthouse
141 Church Street
New Haven, Connecticut 06510

      Re:    *Security Insurance Company of Hartford v. Trustmark Insurance Company*, 300CV1247 (PCD) (*Trustmark I*) and *Security Insurance Company of Hartford v. Trustmark Insurance Company*, 301CV2198 (PCD) (*Trustmark II*)

Dear Judge Dorsey:

    We represent Security Insurance Company of Hartford, the plaintiff in these actions. We write to address the Trial Preparation Order issued in *Trustmark I* on October 17, 2002, which we received on October 21, and respectfully to request an immediate status conference with the Court.

    Security was quite surprised to receive the Order. Security believes, and had understood the Court to agree, that it would make little sense to try *Trustmark I* before *Trustmark II*. This is so for two reasons.

    First, the resolution of *Trustmark II* could moot *Trustmark I*, but the reverse is not true. In *Trustmark II* the principal issue is whether the retrocession agreement between Security and Trustmark should be rescinded in its entirety, whereas the principal issue in *Trustmark I* is whether Trustmark is obligated to pay Security for runoff claims in the second year of that agreement. Obviously, if it were determined in *Trustmark II* that Trustmark may rescind the agreement, then there would be nothing left to decide in *Trustmark I*.

    Second, trying *Trustmark I* first will not advance a settlement. *Trustmark II* involves three parties and approximately $160 million. *Trustmark I* involves only two of those three parties and approximately $30 million. Our many meetings with Mr. Crosskey over the last two years have made clear that the only possible settlement is a three-way settlement, and three-way negotiations are now in progress under Mr. Crosskey's supervision. It will impede, not advance, those negotiations if two of the



*Law Offices*
BOSTON
HARTFORD
NEW LONDON
STAMFORD
GREENWICH
NEW YORK
www.rc.com

# ROBINSON & COLE LLP

The Honorable Peter C. Dorsey
October 24, 2002
Page 2

three parties are diverted into preparing for the trial of the smaller case, the outcome of which cannot bring about either the settlement or resolution of the larger case.

It always has been Security's position, which we have expressed to the Court on a number of occasions, that *Trustmark I* and *Trustmark II* should be consolidated and tried together. Indeed, although the cases have not yet been formally consolidated, the Court frequently has treated them as such, for example, by issuing notices and rulings under joint captions. But regardless of whether the cases should be consolidated and tried together, we respectfully submit for these two reasons that it would waste the time of the Court and the time and money of the parties to try *Trustmark I* before *Trustmark II*.

Moreover, Security respectfully submits that it is not practicable to complete the many substantial tasks assigned to it by the Order by the current deadline of November 7. Security therefore requests that, if the Court should decide to go forward now in *Trustmark I*, the November 7 deadline be extended to December 6. Of course, Security would have no objection to a corresponding extension for Trustmark that would make allowance for the Christmas holiday.

Finally, Security respectfully requests that the Court convene a status conference as soon as possible to discuss the best way to proceed in *Trustmark I*.

Thank you for your consideration.

Respectfully yours,

Frank F. Coulom, Jr. (m.g.)

Frank F. Coulom, Jr.

cc: John Crosskey, Esq., PJO
    All Counsel

/46

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

Nov 14  II 01 AM '02

U.S DISTRICT COURT
NEW HAVEN, CONN.

SECURITY INSURANCE COMPANY OF :
    HARTFORD,                         :
        Plaintiff,                    :
                                      :
    -vs-                              :Civ. No. 3:00cv1247 (PCD)
                                      :Civ. No. 3:01cv2198 (PCD)
TRUSTMARK INSURANCE COMPANY, :
        Defendant.                    :

## SCHEDULING ORDER

The Trial Preparation Order for case 3:00cv1247 dated October 18, 2002 is hereby vacated. A Trial Preparation Order shall issue when the latter filed case, 3:01cv2198, is decided provided all issues are not decided by the judgment therein. Deadlines applicable to 3:01cv2198 are unaffected by this Scheduling Order.

SO ORDERED.

Dated at New Haven, Connecticut, November 1_/_, 2002.

_____
Peter C. Dorsey
United States District Judge