# Exhibit C



## PERSONAL SERVICES AGREEMENT

This Personal Services Agreement ("Agreement") is made and entered into this 9th day of June, 2000, by and among All American Life Insurance Company ("All American"), The United States Life Insurance Company in the City of New York ("United States Life"), all affiliates and subsidiaries of All American and United States Life (All American, United States Life, and all their affiliates and subsidiaries being hereinafter sometimes referred to collectively as "United States Life Group"), Trustmark Insurance Company ("Trustmark"), and Robin B. Ekwall ("Contractor").

NOW THEREFORE, in consideration of the mutual promises and covenants contained herein and in the Settlement Agreement among the parties effective April 28, 2000 ("Settlement Agreement"), the parties intending to be legally bound, agree as follows:

1. <u>Assistance with Claims</u>. (a) Contractor agrees that, from the effective date of this Agreement until June 12, 2003, he will, upon reasonable request:

    (i) assist and consult with the United States Life Group and/or Trustmark and their affiliates, agents and counsel in the prosecution or defense of any claims, suits, litigation, arbitrations, investigations, or other proceedings, whether pending or threatened by or against United States Life Group, Trustmark or any of their respective subsidiaries or affiliates, arising out of or otherwise related to risks bound by WEB Management LLC ("WEB") on behalf of United States Life Group and/or Trustmark ("Claims"), including making himself reasonably available as a witness if requested by United States Life Group or Trustmark. United States Life Group and Trustmark agree to notify Contractor as far in advance as is practicable if Contractor may be requested to be a witness by United States Life Group or Trustmark and will select and provide counsel to represent Contractor in connection therewith at their expense. Nothing herein shall preclude Contractor from retaining additional counsel at his own expense.

    (ii) cooperate with United States Life Group and/or Trustmark in connection with any Claim by making himself available at mutually convenient times to be interviewed by the counsel of United States Life Group and Trustmark, to provide any documents, records or data in his possession reasonably requested by such counsel, to be prepared for testimony and to be present at depositions or trial without the need for a subpoena.

    (iii) unless precluded by law, promptly inform United States Life Group and/or Trustmark if he is requested (1) to testify or otherwise become involved in connection with any Claim against United States Life Group and/or Trustmark or any subsidiary or affiliate, or (2) to assist or participate in any investigation (whether governmental or private) of United States Life Group, Trustmark or any subsidiary or affiliate or any of their actions, whether or not a lawsuit has been filed against United States Life Group and Trustmark or any of its subsidiaries or affiliates relating thereto.

**CONFIDENTIAL ATTORNEYS ONLY**

WEB 00641

(b) Notwithstanding the above, Contractor agrees that on and after June 12, 2003, he will, upon reasonable request, provide such services described in subparagraphs (a)(i) to (iii) above with respect to Claims existing as of June 12, 2003.

2. <u>Assistance with Transfer of Administration</u>. Contractor agrees to exercise his best efforts to assist in an effective and prompt transition of administration and run-off of the Underwritten Business (as defined in the Settlement Agreement), including but not limited to the transfer of all original files, records (including without limitation bank records), documents, software, and data relating to the Claims to a successor administrator identified by United States Life and Trustmark, as well as offering such assistance and cooperation as may be reasonably requested by such successor administrator.

3. <u>Compensation</u>. As consideration to Contractor for the agreements herein and in the Settlement Agreement, Contractor shall be paid the following amounts by United States Life Group and/or Trustmark at the following times:

(a) $233,333.33 within two (2) business days after WEB has transferred to United States Life Group, Trustmark or to the Successor Administrator all materials described in the Settlement Agreement and has provided written notice of such transfer to United States Life Group or Trustmark, or on August 8, 2000, whichever first occurs.

(b) $28,333.33 on June 12, 2000 and on the twelfth day of each of the 23 succeeding months.

(c) $83,333.33 on June 12, 2002.

(d) $250 per hour plus reasonable expenses for each hour of personal services (whether consulting, testifying, or preparing or traveling for same), as United States Life Group or Trustmark may require, performed after June 12, 2002, to be increased by 10% per year beginning on June 12, 2003 (if such services are requested pursuant to paragraph 1(b) of this Agreement), and payable within twenty (20) days after receipt of an invoice specifying the number of hours of personal services provided and the expenses incurred.

(e) All reasonable out-of-pocket expenses incurred by Contractor in providing the services described in paragraph 1 of this Agreement, including, without limitation, travel expenses, copying costs, long distance telephone calls, overnight delivery costs and postage, payable within twenty (20) days after receipt by United States Life Group or Trustmark of an invoice specifying that such expenses have been incurred.

(f) It is expressly understood and agreed that the payments required under subparagraphs 3(a)-(c) shall not be affected by the extent to which United States Life Group and/or Trustmark seek to avail themselves of Contractor's personal services hereunder.

4. <u>Wire Transfer</u>. All payments due to Contractor under this Personal Services

**CONFIDENTIAL ATTORNEYS ONLY**

WEB 00642

3

Agreement shall be made by wire transfer to the following account:

>Account Name: Robin Ekwall
>Account Number: 5770026812
>Bank: Webster Bank
>ABA Number: 211170101

5. <u>Default; Cure</u>.

(a) The obligation to compensate Contractor pursuant to this Agreement is a joint and several obligation of United States Life Group and Trustmark. In the event that any of the amounts due under this Personal Services Agreement are not paid in full within the period required or the Contractor claims United States Life Group and/or Trustmark have breached any other terms or conditions of this Agreement, Contractor shall provide written notice to United States Life Group and Trustmark specifying, in detail, the facts constituting the claimed breached and the provision breached. United States Life Group and Trustmark shall have ten (10) business days after receipt of such written notice to cure their breach.

(b) If United States Life Group and/or Trustmark claims the Contractor has breached any term or condition of this Agreement, United States Life Group or Trustmark shall promptly provide written notice to Contractor specifying, in detail, the facts constituting the claimed breach and the provision breached. Contractor shall have ten (10) business days after receipt of such written notice to cure his breach.

6. <u>Death or Disability</u>. It is hereby understood and acknowledged by the parties that the Contractor or his estate shall be entitled to receive the compensation due under subparagraphs 3(a)-(e) even though the Contractor is unable to perform services under this Personal Services Agreement as a result of his death or disability.

7. <u>Agreement Binding on Successors</u>. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors, assigns, personal representatives, heirs and legatees; provided that no assignment by Contractor of this Agreement shall be valid without the consent of the United States Life Group and Trustmark.

8. <u>Entire Agreement</u>. This Agreement (together with the Settlement Agreement and other Personal Services Agreements required thereunder) constitutes the entire agreement among the parties hereto with regard to the subject matter hereof. This Agreement may only be amended or modified by a writing executed by all parties.

9. <u>Notices</u>. Any notice required or permitted to be given hereunder shall be deemed duly given if personally delivered or when mailed by certified or registered mail, return receipt requested, postage prepaid, and addressed as follows:

For United States Life Group, to:

CONFIDENTIAL
ATTORNEYS ONLY

WEB 00643

4

>Mr. Philip Chapman
>The United States Life Insurance Company
>3600 Route 66
>Neptune, New Jersey 07753

For Trustmark, to:

>Raymond Lester, Esq.
>Associate General Counsel
>Trustmark Insurance Company
>400 Field Drive
>Lake Forrest, Illinois 60045

For Robin B. Ekwall to:

>Robin B. Ekwall
>c/o WEB Management LLC
>45 Wintonbury Avenue
>Bloomfield, Connecticut 06002

>with a copy to:

>Bradley J. Butwin, Esq.
>O'Sullivan Graev & Karabell, LLP
>30 Rockefeller Plaza
>New York, New York 10112

or such other addresses or persons as one party may designate to the others by subsequent notice given in accordance with the terms of this section.

10. **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to the principles of conflicts of law.

11. **Confidentiality.** This Agreement and its terms are confidential and shall not be disclosed to any non-party, except as follows:

(a) based on the advice of legal counsel where necessary to report to taxing authorities;

(b) to the extent necessary to enforce their rights under this Settlement Agreement;

**CONFIDENTIAL
ATTORNEYS ONLY**

WEB 00644

(c) for the purposes of financial reporting;

(d) where required by subpoena, discovery request court order and/or rule of law; and

(e) to the extent necessary to their attorneys, accountants, or insurers; provided, however, that the disclosing party has first advised the recipients of the confidential nature of the disclosed information and has obtained their consent to maintain such information as confidential.

If any party is required by subpoena, discovery request, court order and/or rule of law to produce this Agreement and/or disclose any of its terms, reasonable notice shall be given to the other parties before responding to, or complying with, such request, so that any of the other parties may have an opportunity and a reasonable period of time to object to and oppose the production of the Agreement and/or disclosure of any of its terms by timely and appropriate process.

12.    Indemnification. United States Life Group and Trustmark shall, jointly and severally, indemnify and hold harmless Contractor from and against any losses, damages, liabilities and costs (including, without limitation, reasonable attorneys' fees) incurred, suffered or sustained by Contractor solely on account of claims:

(a)    asserted against Contractor by non-parties;

(b)    based solely upon acts or omissions committed by Contractor after the effective date of this Personal Services Agreement; and

(c)    further based solely upon acts or omissions committed by Contractor in the performance of his obligations under this Personal Services Agreement, excluding intentional wrongdoing.

Promptly after receipt of notice of the commencement of any claim or proceeding against him, Contractor will, if a claim is to be made for indemnification under this paragraph, give notice to United States Life Group and Trustmark of such claim as soon as practicable. United States Life Group and Trustmark shall have, if they so choose, the right to control the defense of any such claim, including selection and direction of counsel, and to settle or defend such claim in their sole discretion. Further, Contractor's rights under this provision shall be conditional in all respects upon Contractor's full cooperation and assistance in the defense of such claim. United States Life Group and Trustmark shall have no liability under this provision with respect to any compromise or settlement of such claims entered into without their consent. Any amounts due to Contractor in respect of his right to indemnification hereunder shall be payable within twenty (20) days after receipt of an invoice specifying the losses, damages, liabilities and costs (including, without limitation, reasonable attorneys' fees) incurred, suffered or sustained by Contractor.

**CONFIDENTIAL ATTORNEYS ONLY**

WEB 00645

13. <u>Arbitration</u>. In the event that any dispute under this Personal Services Agreement cannot be resolved to the mutual satisfaction of the parties, the parties agree that such dispute will be submitted to binding arbitration. The arbitration will be conducted according to the Commercial Arbitration Rules of the American Arbitration Association which are in effect at the time the arbitration begins. The parties agree that the Optional Rules for Emergency Measures of Protection of the American Arbitration Association shall be applicable to any such arbitration, and adopt said rules as part of their agreement to arbitrate under this Personal Services Agreement. An arbitration panel consisting of three individuals not affiliated with any party in any way or having any direct or indirect financial interest in the outcome of the arbitration will settle the dispute. Each party will appoint one arbitrator and the two arbitrators will select a third. If the two arbitrators cannot agree on the choice of a third within thirty (30) days, the choice will be made by the American Arbitration Association. The arbitration will take place in the State of New York, in New York City, unless mutually agreed otherwise. The decision will be final and binding on the parties.

14. <u>Counterparts</u>. This Agreement may be executed in any number of separate counterparts, each of which when so executed shall be deemed to be an original and all of which when taken together shall constitute one and the same agreement.

IN WITNESS WHEREOF the parties have executed and delivered this Personal Services Agreement as of the date and year first above written.

By: _____
Name: Robin B. Ekwall
Date: 6-9-00

UNITED STATES LIFE INSURANCE COMPANY

By: _____
Name:
Title:
Date:

ALL AMERICAN LIFE INSURANCE COMPANY

By: _____
Name:
Title:
Date:

CONFIDENTIAL
ATTORNEYS ONLY

13. <u>Arbitration</u>. In the event that any dispute under this Personal Services Agreement cannot be resolved to the mutual satisfaction of the parties, the parties agree that such dispute will be submitted to binding arbitration. The arbitration will be conducted according to the Commercial Arbitration Rules of the American Arbitration Association which are in effect at the time the arbitration begins. The parties agree that the Optional Rules for Emergency Measures of Protection of the American Arbitration Association shall be applicable to any such arbitration, and adopt said rules as part of their agreement to arbitrate under this Personal Services Agreement. An arbitration panel consisting of three individuals not affiliated with any party in any way or having any direct or indirect financial interest in the outcome of the arbitration will settle the dispute. Each party will appoint one arbitrator and the two arbitrators will select a third. If the two arbitrators cannot agree on the choice of a third within thirty (30) days, the choice will be made by the American Arbitration Association. The arbitration will take place in the State of New York, in New York City, unless mutually agreed otherwise. The decision will be final and binding on the parties.

14. <u>Counterparts</u>. This Agreement may be executed in any number of separate counterparts, each of which when so executed shall be deemed to be an original and all of which when taken together shall constitute one and the same agreement.

IN WITNESS WHEREOF the parties have executed and delivered this Personal Services Agreement as of the date and year first above written.

By:_____
Name:
Date:

---

UNITED STATES LIFE INSURANCE COMPANY

By: *Phillip L Chapman*
Name: PHILLIP L. CHAPMAN
Title: V.P.
Date: 6/12/00

ALL AMERICAN LIFE INSURANCE COMPANY

By: *Phillip L Chapman*
Name: PHILLIP L. CHAPMAN
Title: V.P.
Date: 6/12/00

**CONFIDENTIAL
ATTORNEYS ONLY**

WEB 00647

7

TRUSTMARK INSURANCE COMPANY

By: _[signature]_____
Name:
Title:
Date:

CONFIDENTIAL
ATTORNEYS ONLY

WEB 00648