UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------x
SECURITY INSURANCE COMPANY OF      :
HARTFORD,                          :
                                   :
               Plaintiff,          :    CIVIL NO. 301CV2198(PCD)
                                   :
     v.                            :
                                   :
TRUSTMARK INSURANCE COMPANY,       :
                                   :
               Defendant.          :
                                   :    JULY 26, 2004
------------------------------------x
TRUSTMARK INSURANCE COMPANY,       :
                                   :
               Third Party Plaintiff, :
                                   :
     v.                            :
                                   :
TIG INSURANCE COMPANY,             :
                                   :
               Third Party Defendant. :
                                   :
------------------------------------x

**REPLY MEMORANDUM OF LAW IN SUPPORT OF SECURITY INSURANCE COMPANY OF HARTFORD'S MOTION TO COMPEL TRUSTMARK INSURANCE COMPANY TO PRODUCE DOCUMENTS AND TO MAKE OTHER DISCOVERY**

Trustmark's attempt to thwart discovery related to its settlement agreements with CNA and Syndicate 9027 is disingenuous because (1) Trustmark has never denied that it intends to use these documents to rebut Security's claims under CUTPA and CUIPA and (2) Trustmark did not balk at producing the agreements themselves, even though Trustmark's arguments based on F.R.E. 408 are equally applicable (or more accurately, inapplicable) to the agreements as to the discovery Security now seeks. Trustmark produced the agreements because it views the "good

faith" language in them as helpful. It cannot now deprive Security of the discovery it seeks regarding the negotiation and circumstances of the settlements.

Trustmark also tries to shield other documents from production through either claims of work product or the common interest extension of the attorney-client privilege. Frequently, Trustmark asserts work product protection or attempts to describe the common legal interest allegedly shared by Trustmark and various non-parties – WEB, Transamerica, or U.S. Life – for the first time in its opposition papers. These eleventh hour contentions are untimely. Moreover, Trustmark cannot sustain its burden of establishing that (1) Trustmark and either WEB, Transamerica, or U.S. Life share or shared a relevant common legal interest in an ongoing or contemplated litigation or (2) certain documents were prepared for a litigation purpose rather than during the ordinary course of business. At the very least, Security respectfully submits that this Court ought to conduct an *in camera* inspection of the documents at issue to assess the veracity of Trustmark's tardy contentions.

## ARGUMENT

**I.      Security is entitled to further discovery regarding settlement agreements that will be used by Trustmark to rebut Security's CUTPA and CUIPA claims.**

Trustmark's does not deny that it will use the settlement agreements with CNA and Syndicate 9027, and the "good faith" provisions they contain, at trial in an attempt to refute Security's claims under CUTPA and CUIPA. Because it is clear that Trustmark intends to use these agreements as part of its defense, Security is entitled to discovery regarding the circumstances of the creation of the agreements.[1]

---

[1] Trustmark asserts that it "defies logic" that two "large and sophisticated entities" like CNA and Syndicate 9027 could have "conspired" with Trustmark. Trustmark's Mem. of Law in

[Footnote continued on next page]

Contrary to Trustmark's contention, Security need not make a compelling showing of its need for this discovery. *See, e.g., Bank Brussels Lambert v. Chase Manhattan Bank*, Nos. 93 Civ. 5298 (LMM)(RLE), 93 Civ. 8270 (LMM)(RLE), 1996 WL 71507, at *6 (S.D.N.Y. Feb. 20, 1996) (rejecting argument that F.R.E. 408 requires parties to satisfy a heavier burden to obtain discovery of settlement documents and stating that, "[a] party does not have to make any particularized showing in order to obtain settlement documents in the discovery stage").[2] So long as the discovery Security seeks satisfies Federal Rule of Civil Procedure 26 (and it obviously does), Security is entitled to the discovery. *See, e.g., LaForest v. Honeywell Int'l Inc.*, No. 03-CV-6248T, 2004 WL 1498916, at *6 (W.D.N.Y. July 1, 2004) (collecting cases that hold

---

[Footnote continued from previous page]
Opp'n at 16. Trustmark appears to imply that the mere fact that CNA and Syndicate 9027 chose to settle their claims with Trustmark on terms Trustmark characterizes as favorable somehow is proof of Trustmark's good faith. However, an alternate version of the facts is just as plausible – namely, that Trustmark either used its market power or offered other inducements to CNA and Syndicate 9027 to settle claims with them so as to mask its original bad faith rescission of the reinsurance policies. Given Security's allegations that Trustmark is engaged in the bad faith business practice of rescinding reinsurance policies without a bona fide basis, Trustmark has every motive to settle claims brought against it by its other reinsureds as quickly as possible. Security is entitled to "go behind" these settlements because such discovery may lead to admissible information regarding Security's CUTPA and CUIPA claims.

[2] *Matsushita Electronics Corp. v. Loral Corp.*, No. 92 Civ. 5461 (SAS), 1995 WL 527640 (S.D.N.Y. Sept. 7, 1995), cited by Trustmark for the proposition that a compelling showing is required, is clearly the minority view. Moreover, the plaintiff in *Loral* brought that action seeking a declaration that it was a sublicensee of defendant with respect to certain electronic equipment that plaintiff had sold to various customers. Plaintiff sought discovery of settlement discussions between defendant and plaintiff's customers. The *Loral* court found that plaintiff was not entitled to the discovery because earlier discovery had revealed that plaintiff's sublicenses had not been a topic of the settlement discussions. 1995 WL 527640, at *4. It is plain, then, that the plaintiff in *Loral* was not able to satisfy the strictures of Federal Rule of Civil Procedure 26, the rule governing all discovery. In contrast, the discovery Security seeks is clearly relevant to Trustmark's defense and, therefore, satisfies Rule 26.

3

that Rule 26 governs discovery and that Federal Rule of Evidence 408 is not a bar to discovery of settlement documents).

Moreover, Trustmark's reliance on F.R.E. 408 as a bar to further discovery of the CNA and Syndicate 9027 settlements is disingenuous given that Trustmark produced the settlement agreements in the first place, rather than withholding them on the basis of Rule 408 (or any other grounds). Trustmark cannot have it both ways -- it cannot produce and use the settlement agreements to rebut Security's claims under CUTPA and CUIPA but deny Security discovery relating to the negotiation and circumstances of those very agreements.

II.  **Security is entitled to the production of certain documents identified in Trustmark's Second Supplemental Privilege Log.**

   A.  **Documents 318 and 282 should be produced.**

   1.  **Trustmark waived work product protection for documents 318 and 282.**

In its opposition brief, Trustmark asserts for the first time that the work product privilege applies to documents 318 and 282. Trustmark never asserted work product protection in connection with these documents in its privilege log. Declaration of Mark B. Holton, dated June 22, 2004, Ex. 6. As such, Trustmark has waived the work product privilege for documents 318 and 282. *Lugosch v. Congel*, 219 F.R.D. 220, 239 (N.D.N.Y. 2003) ("[f]ailure to timely provide the privilege log or objection constitutes a waiver of any of the asserted privileges," including the work product privilege); *Bovis Lend Lease, LMB, Inc. v. Seasons Contracting Corp.*, No. 00 Civ. 9212 (DF), 2002 WL 31729693, at *14 n. 8 (S.D.N.Y. Dec. 5, 2002) ("[b]ecause defendants have not asserted a work product claim with respect to any of the listed documents, the Court will not consider such a claim").

   2.  **Trustmark has failed to demonstrate that there is a common legal interest between itself and either WEB or Transamerica.**

Trustmark also has not established a common legal interest regarding ongoing or contemplated litigation between itself and either WEB or Transamerica.[3] *Lugosch*, 219 F.R.D. at 237 (only those communications made in the course of an ongoing common litigation enterprise with the intent to further the enterprise are protected by the common interest doctrine).

---

[3] For the first time in its opposition papers, Trustmark identifies Gene Wilkinson, the author of document 282, as an employee of Transamerica rather than an employee of U.S. Life, as Security originally understood.

5

In *SR International Business Insurance Co., Ltd. v. World Trade Center Properties LLC*, No. 01 Civ. 9291 (JSM), 2002 WL 1334821 (S.D.N.Y. June 19, 2002), which involved litigation between the leaseholders of the World Trade Center complex and their insurers for claims resulting from the September 11 terrorist attacks, the leaseholders claimed that communications between them and their insurance broker were privileged because a common interest existed. The court held otherwise:

> There has been no showing that [the broker] and the [leaseholders] have an identical legal interest, as required by the cases. [The broker] is not a party to this litigation, and its legal position will be unaffected by the outcome of this case. If it did, for any reason, anticipate litigation after September 11, it would seem that it would have been more likely to be sued by [the leaseholder] . . . .

2002 WL 1334821, at *4.

Similarly, WEB is not a party to this litigation and Trustmark has made no showing that WEB would be affected by its outcome. Moreover, even if WEB did anticipate litigation, it well could have expected to be sued by Trustmark, as WEB secured the TIG business for Trustmark in the first place. Thus, no relevant common legal interest between WEB and Trustmark ever existed.[4]

Trustmark also cannot satisfy its burden of establishing a common legal interest between itself and Transamerica, WEB's replacement, because Transamerica also is not a party to this litigation and also will be unaffected by its outcome. *Id.* Because there is no cognizable

---

[4] Trustmark asserts that a common interest exists between it and Robin Ekwall of WEB because Ekwall was acting for Trustmark pursuant to a litigation consulting agreement. Trustmark's opposition brief makes clear, however, that Ekwall was not acting in this capacity at the time he received document 318. According to Trustmark, document 318 dates back to December 2, 1999. Trustmark's Mem. of Law in Opp'n at 3. However, Ekwall did not sign a consulting agreement with Trustmark until June 9, 2000, almost six months later. *Id.*, Ex. C.

6

common interest between Trustmark and WEB or Transamerica, documents 318 and 282 should be produced.

### B. Documents 263, 264, 266, 267, 289, 311, 314, 366 and 367 should be produced because Trustmark has not demonstrated a common legal interest between itself and U.S. Life.

For the first time in its opposition brief, Trustmark attempts to describe the alleged common legal interest between itself and U.S. Life in connection with disputes other than this one. This information was not detailed in Trustmark's privilege log and not otherwise provided to Security previously. Moreover, Trustmark offers only conclusory assertions that it and U.S. Life have a common legal interest in ongoing litigation and does not describe this alleged interest in any detail. For example, regarding document 266, Trustmark asserts that the common legal interest involves an "English dispute" but does not describe the parties involved in the "dispute" or whether this "dispute" is likely to end in litigation. Therefore, Security respectfully submits that, at the very least, the Court should examine the documents at issue *in camera* (specifically, entries 263, 264, 266, 267, 289, 311, 314, 366 and 367 on Trustmark's privilege log) to determine if there is a common legal interest regarding ongoing or contemplated litigation.[5]

---

[5] Trustmark argues that Security has waived its challenge to Trustmark's invocation of work product with respect to these documents. However, by challenging Trustmark's assertion that a common interest exists between it and the non-parties who received the documents, Security also impliedly challenged Trustmark's assertion of work product. *Lugosch*, 219 F.R.D. at 240 ("As to the work product doctrine, the legal theorems of the joint defense privilege are applicable as well."); *Ricoh Co., Ltd. v. Aeroflex Inc.*, 219 F.R.D. 66, 70 (S.D.N.Y. 2003) (finding that defendants could not assert work product protection over their communications with non-party IBM because "[n]othing in the record before me suggests that IBM and the Defendants share a common interest, such that the Defendants could reasonably expect that information revealed to IBM would not be disclosed to their adversary").

7

    **C.**    **Trustmark cannot assert either work product or the attorney-client privilege with respect to certain documents because it has not established that the documents were prepared for litigation rather than ordinary business purposes.**

To claim either the attorney-client or the work product privilege, Trustmark must show that documents were prepared for litigation rather than business purposes. *Gulf Islands Leasing, Inc. v. Bombardier Capital, Inc.*, 215 F.R.D. 466, 472, 474-75 (S.D.N.Y. 2003) (holding that "federal case law has repeatedly held that communications regarding business matters – even where litigation is pending or imminent – do not qualify for protection from discovery under the common interest rule," and work product protection "is not afforded to documents that are prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of the litigation"). However, several of the documents for which Trustmark purports to claim either attorney-client or work product protection were not prepared by attorneys at all.[6] Indeed, documents 298, 299, 300, 301, 307, 308, 309, and 316 were all prepared by the same non-attorney author, sent to the same non-attorney recipients, and sent to only one attorney. On the basis of the limited information provided by Trustmark, it is likely that these documents (or at least portions of them) were prepared in the ordinary course of business rather than for litigation purposes. Security respectfully submits that the Court should conduct an *in camera* inspection to determine whether these documents are, in fact, privileged. *See, e.g., Gulf Islands*, 215 F.R.D. at 472 (*in camera* inspection revealed that documents were not privileged because "[n]o apparent legal strategies were discussed").

---

[6] Documents 263, 264, 267, 282, 298, 299, 300, 301, 307, 308, 309, 311, 316, and 318 were not prepared by attorneys.

## CONCLUSION

For the foregoing reasons, Security respectfully submits that the Court should (1) authorize Security to conduct discovery regarding Trustmark's settlement agreements with CNA and Syndicate 9027; and (2) order Trustmark to produce documents 263, 264, 266, 267, 282, 289, 298, 299, 300, 301, 307, 308, 309, 311, 314, 316, 318, 366, and 367 identified on its Second Supplemental Privilege Log.

Dated: New York, New York
      July 26, 2004

      GIBSON, DUNN & CRUTCHER LLP

By: _____

Mark B. Holton (ct 21727)
Kathryn E. Nealon (ct 22754)
200 Park Avenue
New York, New York 10166
Tel. (212) 351-4000
Fax (212) 351-4035

DEWEY BALLANTINE LLP
David J. Grais (ct 23352)
Kathryn C. Ellsworth (ct 24988)
1301 Avenue of the Americas
New York, New York 10019
Tel: (212)259-8000

ROBINSON & COLE LLP
Frank F. Coulom, Jr. (ct 05230)
Marion B. Manzo (ct 22068)
280 Trumbull Street
Hartford, Connecticut 06103
Tel. (860) 275-8200
Fax (860) 275-8299
fcoulom@rc.com

Attorneys for Plaintiff Security Insurance Company of Hartford

## CERTIFICATION

This is to certify that a true and correct copy of the foregoing memorandum of law was served this 26th day of July, 2004, by facsimile and express mail, postage prepaid, upon counsel of record for Trustmark Insurance Company and TIG Insurance Company at the following addresses:

Everett J. Cygal, Esq.
Schiff Hardin & Waite
6600 Sears Tower
Chicago, Illinois 60606

David R. Schaefer, Esq.
Brenner, Saltzman & Wallman LLP
271 Whitney Avenue
New Haven, CT 06511

David A. Slossberg, Esq.
Hurwitz & Sagarin, LLC
147 N. Broad Street
Milford, CT 06560

Harry P. Cohen, Esq.
Cadwalader, Wickersham & Taft
100 Maiden Lane
New York, New York 10038

Kathryn E. Nealon