UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------x
SECURITY INSURANCE COMPANY OF
HARTFORD,

        Plaintiff,

    v.

TRUSTMARK INSURANCE COMPANY,

        Defendant.

---------------------------------x
TRUSTMARK INSURANCE COMPANY,

        Third Party Plaintiff,

    v.

TIG INSURANCE COMPANY,

        Third Party Defendant.

---------------------------------x

CIVIL NO. 301CV2198(PCD)

JUNE 22, 2004

### DECLARATION OF MARK B. HOLTON

MARK B. HOLTON, an attorney duly admitted to practice in the State of New York and admitted *pro hac vice* to this Court, hereby declares under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.    I am a partner at the firm of Gibson, Dunn & Crutcher LLP, co-counsel to plaintiff Security Insurance Company of Hartford. I submit this declaration in support of Security Insurance Company of Hartford's Motion To Compel Trustmark Insurance Company to Produce Documents and To Make Other Discovery.

2.  On February 5, 2003, this Court granted Security's motion to compel the production of documents related to, *inter alia*, the following:

> [Defendant's] failure to pay claims that it owes, may owe, or is claimed to owe to, or has been billed or invoiced by, CNA Reinsurace Company, Ltd. Requ. 1F.
>
> [Defendant's] failure to pay claims that it owes, may owe, is claimed to owe to, or has been billed or invoiced by, any other entity for which [defendant] has, may have, or previously provided reinsurance or retrocessional coverage at any time since January 1, 1997. Requ. 1G.
>
> [Defendant's] commutation, attempted commutation, modification, attempted modification, rescission, or attempted rescission, since January 1, 1997 (or any such actions taken on its behalf) of any reinsurance or retrocession agreement with which [defendant] is, was, may be, or may have been a reinsurer or retrocessionaire. Requ. 1H.
>
> All litigation or arbitrations relating to any of the matters described in items F, G, or H. Requ. I.

*See* Order at 3. Attached hereto as Exhibit 1 is a true and correct copy of the Court's February 5, 2003 order. The Court rejected Trustmark's objection that the information sought was not relevant, holding that "[a]lthough the presence of general disputes may not substantiate a pattern or practice under CUTPA, details of those disputes restricted in time to a period relatively contemporaneous with the allegations in the present case might substantiate such a pattern or practice and would thus be relevant and discoverable." *See id.* Two such disputes were Trustmark's then-pending arbitration with CNA and then-pending arbitration with Syndicate 9027.

3.  On July 15, 2003, Trustmark produced to Security the Settlement and Commutation Agreement dated July 14, 2003 between Peter Colin Matson, on his own behalf and on behalf of all members of Syndicate 9027, and Trustmark. Attached hereto as Exhibit 2 is a true and correct copy of the Syndicate 9027 settlement agreement.

4.  Also on July 15, 2003, Trustmark produced to Security the Settlement and Release Agreement dated May 30, 2003, between CNA and Trustmark. Attached hereto as Exhibit 3 is a true and correct copy of the CNA settlement agreement.

5.  On August 1, 2003, Security served a notice of deposition and request for production of documents on Trustmark. Attached hereto as Exhibit 4 is a true and correct copy of the notice of deposition and request for production of documents.

6.  Attached hereto as Exhibit 5 is a true and correct copy of the parties' August 1, 2003 joint report to the Court concerning the status of discovery and the filing of dispositive motions.

7.  Attached hereto as Exhibit 6 is a true and correct copy of Trustmark's Second Supplemental Privilege Log.

8.  Attached hereto as Exhibit 7 is a true and correct copy of my letter dated August 7, 2003 to Trustmark's counsel.

9.  On or about August 8, 2003, the Second Circuit Court of Appeals stayed this litigation pending determination of the appeal of third-party defendant TIG Insurance Company of this Court's order staying the arbitration between TIG and Security. On May 20, 2004, the Second Circuit vacated its stay of the litigation. Attached hereto as Exhibit 8 is a true and correct copy of the Second Circuit's order vacating the stay of litigation.

10.  By email dated May 25, 2004, I invited Trustmark to participate in one final attempt to resolve these discovery disputes. Attached hereto as Exhibit 9 is a true and correct copy of my May 25, 2004 email.

11.  Attached hereto as Exhibit 10 is a true and correct copy of a letter dated June 2, 2004 from Trustmark's counsel to me.

12. Attached hereto as Exhibit 11 is a true and correct copy of an email dated June 8, 2004 from me to counsel for Trustmark.

13. Notwithstanding the parties' substantial efforts to resolve these discovery disputes, the parties continue to disagree over whether documents 263-267, 282, 289, 298-301, 307-309, 311, 314, 316, 318, 353, 366, and 367 should be produced. In addition, the parties disagree over whether additional discovery concerning Trustmark's settlements with CNA and Syndicate 9027 is appropriate.

Dated: New York, New York
June 22, 2004

Mark B. Holton

## CERTIFICATION

This is to certify that a true and correct copy of the foregoing declaration was served this 22nd day of June, 2004, by facsimile (without exhibits) and express mail (with exhibits), postage prepaid, upon counsel of record for Trustmark Insurance Company and TIG Insurance Company at the following addresses:

Everett J. Cygal, Esq.
Schiff Hardin & Waite
6600 Sears Tower
Chicago, Illinois 60606

Jeffrey Hellman, Esq.
Zeisler & Zeisler, P.C.
558 Clinton Ave.
P.O. Box 3186
Bridgeport, CT 06605

David A. Slossberg, Esq.
Hurwitz & Sagarin, LLC
147 N. Broad Street
Milford, CT 06560

Harry P. Cohen, Esq.
Cadwalader, Wickersham & Taft
100 Maiden Lane
New York, New York 10038

_____
Mark B. Holton