# Exhibit 5

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITY INSURANCE COMPANY OF HARTFORD,<br><br>                    Plaintiff,<br><br>-against-<br><br>TRUSTMARK INSURANCE COMPANY,<br><br>                    Defendant. | CIVIL NO. 3:01-CV-02198 (PCD) |
| TRUSTMARK INSURANCE COMPANY,<br><br>                    Third-Party Plaintiff,<br><br>-against-<br><br>TIG INSURANCE COMPANY,<br><br>                    Third-Party Defendant. | August 1, 2003 |

**THE PARTIES' JOINT REPORT CONCERNING THE STATUS
OF EXPERT DISCOVERY AND THE FILING OF DISPOSITIVE
MOTIONS AND SEPARATE STATEMENTS DISCUSSING
SCHEDULING ISSUES RELATING TO THE COMPLETION OF
<u>DISCOVERY AND THE FILING OF DISPOSITIVE MOTIONS</u>**

Plaintiff Security Insurance Company of Hartford ("Security"), Defendant and Third Party Plaintiff Trustmark Insurance Company ("Trustmark") and Third Party Defendant TIG Insurance Company ("TIG") submit: (i) a joint report concerning the status of expert discovery and the filing of dispositive motions; and (ii) separate statements discussing the scheduling issues relating to the completion of discovery and the filing of dispositive motions.

I. **THE PARTIES' JOINT REPORT CONCERNING THE STATUS OF EXPERT DISCOVERY AND THE FILING OF DISPOSITIVE MOTIONS**

1. Under the prior schedule in this matter, the depositions of experts named by the parties with the burden of proof were to be completed by July 8, 2003. Trustmark named three such experts, two of whom have been fully deposed.

2. The deposition of one of Trustmark's experts, Mr. Richard Jessel, proceeded on July 2, 2003, but was terminated before completion because Mr. Jessel was suffering from kidney stones. At that time, counsel for Trustmark assured counsel for Security and TIG that, in light of the fact that TIG and Security were unable to complete their deposition of Mr. Jessel, Trustmark would agree to any reasonable adjustment to the deadlines imposed by the schedule.

3. In mid-July, the parties agreed that: (a) Mr. Jessel's deposition would be completed on August 5, 2003 in New York; and (b) Security and TIG would submit their expert reports on August 12, 2003. The parties had also agreed to the completion of the depositions of TIG's and Security's experts by September 12, 2003.[1]

4. As a result, Security and TIG filed the Motion for a Limited Extension of Deadlines for Discovery and the Filing of Dispositive Motions (the "July 24th Motion") in order

---

[1] Security maintained that its agreement was subject to the condition that it would have the right to obtain certain additional discovery, as discussed in paragraph 5 of Security's and TIG's July 24, 2003 Motion for a Limited Extension of Deadlines for Discovery and the Filing of Dispositive Motions (the "July 24th Motion"). Trustmark notes that it does not agree to that condition, although it is Trustmark's position that the issue is not before the Court for the purpose of this submission. Trustmark and Security address the question of such additional discovery in their separate submissions below.

to confirm with the Court deadlines that had been agreed by the parties. On July 29, 2003, the Court granted Security's and TIG's July 24th Motion, modifying the schedule in this proceeding.

5. On July 29, 2003, counsel for Trustmark advised counsel for TIG and Security that Mr. Jessel, who resides in England, had not been cleared by his doctor to travel to the United States during the week of August 4, 2003 and, thus his deposition could not be completed on August 5, 2003 as previously agreed. (He is recuperating after general anesthesia and surgery.) Counsel for Trustmark therefore proposed three alternatives for the continuation of Mr. Jessel's deposition: (a) August 7 and 8, for two hours each day, in London (where Mr. Jessel resides), (b) August 14 and 15, for two hours each day, in New York, or (c) August 16 and 17, for two hours each day, in New York.

6. By e-mail dated July 29, 2003, counsel for TIG advised counsel for Trustmark and Security that, because the TIG/Security arbitration is scheduled to take place during the weeks of August 11 and 18, 2003, it would be unable to continue with Mr. Jessel's deposition either on August 7-8 (in London) or on August 14-15 (in New York), but that it would agree to complete Mr. Jessel's deposition on Saturday, August 16, or Sunday, August 17, 2003, subject to the following conditions: (a) if the TIG/Security arbitration hearing concludes during the week of August 11, Mr. Jessel's deposition would proceed early during the week of August 18, rather than over the weekend; (b) the deadline for Security and TIG to submit their expert reports be extended to August 22; (c) the deadline for the completion of expert depositions be extended to September 19, 2003; and (d) the deadline for TIG to file its summary judgment

motion be extended to August 22, 2003. To date, neither Trustmark nor Security have agreed to this proposal.

## II. THE PARTIES' STATEMENTS CONCERNING SCHEDULING ISSUES RELATING TO DISCOVERY AND DISPOSITIVE MOTIONS

### A. TIG's Statement

7. TIG submits that the above described circumstances warrant modifying the schedule by changing the deadlines for the completion of expert discovery and the filing of dispositive motions as follows: (a) Security and TIG to submit their expert reports by August 22, 2003 (within one week following the completion of Mr. Jessels's deposition); (b) TIG's motion for summary judgment to be filed on August 22, 2003 (again, within one week of the completion of Mr. Jessel's deposition); and (c) the completion of the depositions of TIG's and Security's experts by September 19, 2003.

8. Obviously, Mr. Jessel's health situation could not have been anticipated by anyone and the consequences of the delay resulting from the situation cannot therefore be laid at anyone's doorstep.

9. Moreover, Trustmark has already agreed to adjust the expert and summary judgment deadlines because of Mr. Jessel's unavailability. And, by joining in the July 24th motion, Security has likewise agreed that TIG should not be required to submit its expert reports and summary judgment motion until after the completion of Mr. Jessel's deposition.

10. Most importantly, TIG would be prejudiced if the schedule is not modified. Otherwise, TIG would be required to submit its expert reports (which will, at least in

part, respond to Trustmark's expert reports) before it has even completed the deposition of one of Trustmark's experts. Moreover, TIG would be required to complete its summary judgment reply brief prior to completing Mr. Jessel's deposition even though Trustmark relies extensively on Mr. Jessel, referring to his expert report no less than 13 times in its opposition brief to TIG's motion for summary judgment.

11. Likewise, TIG would be prejudiced if it was required to fly to London next week to complete Mr. Jessel's deposition over the course of both Thursday and Friday, when we are scheduled to begin a two week arbitration hearing the following Monday. In this regard, the prejudice to TIG would be particularly severe since (a) the opinions offered in Mr. Jessel's report relate solely to Trustmark's third party claims against TIG and (b) Harry Cohen, who was the attorney questioning Mr. Jessel at the time his deposition was terminated, is lead trial counsel in the arbitration.

12. In sum, the requested modifications are modest, involving in effect only a two-week extension. Given the magnitude and complexities of this case, the logistical difficulties involved, and the clear prejudice to TIG, the requested modification is reasonable and appropriate.

B.  **Security's Statement**

13. Security's primary goal is to ensure that this matter proceeds to trial as quickly as possible. Security has no objection to TIG's proposal provided that it will not delay the Court's consideration of the dispositive motions or issuance of a Trial Preparation Order. If TIG's proposal will have that effect, then Security believes that Mr. Jessel's deposition should go

forward on August 7 and 8 in London (the earliest available dates). Security faces the same arbitration schedule as TIG but strongly disagrees with TIG that the arbitration should have any bearing on the schedule in this case. TIG has insisted repeatedly that the arbitration hearing not be moved, and it should bear the consequences of that position.

14. If TIG's proposal threatens to slow the Court's consideration of the dispositive motions or cause a delay in the issuance of a Trial Preparation Order, to minimize those delays, Security proposes the following schedule for the completion of all discovery:

   A. Completion of Mr. Jessel's deposition on August 8, 2003;

   B. Submission of TIG's reply brief in support of its motion for summary judgment by August 13, 2003;

   C. Submission of the expert reports of TIG and Security by August 15, 2003; and

   D. Completion of all expert and fact discovery by September 12, 2003.

15. In addition, whatever deadline the Court imposes for the completion of discovery, Security requests that it be permitted to conduct discovery within that time into the negotiations surrounding settlement agreements that Trustmark recently entered into with two of its ceding companies and which Trustmark intends to use in its defense of Security's claims under CUTPA and CUIPA. Those agreements were produced to Security on July 15, 2003. Trustmark having put the agreements in issue, Security certainly is entitled to discovery concerning the circumstances surrounding the agreements, particularly in view of the extremely unusual provisions contained in the agreements. The discovery Security seeks on these matters has nothing to do with any expert issues. Security only seeks this discovery now because it obviously could not have conducted the discovery previously given the recent production of the

agreements by Trustmark. Security has today served upon Trustmark the limited discovery that it intends to conduct of Trustmark on these issues. Security asks the Court to direct, that, if the parties cannot reach agreement about this discovery, Trustmark should file a motion for protective order by Friday, August 8, with Security's opposition brief due by Wednesday, August 13, and Trustmark's reply by Friday, August 15. In addition, Security requests that, in the meantime, Trustmark be ordered to cooperate with Security in scheduling the discovery in the event Trustmark's motion is denied.

C. **Trustmark's Statement**

16. Trustmark concurs with TIG's position, with the caveat that it does not yet know generally, and therefore cannot represent to the Court, that the proposed 28-day period for depositions of TIG and Security experts will be sufficient. Trustmark has not seen those expert reports, of course, but has been advised that there are likely to be six experts designated by TIG and Security. Depending on the complexity of their opinions and disclosures, Trustmark respectfully reserves the right to advise the Court, after conferring with all counsel, if it appears that additional time must be requested to conduct adequate discovery of those witnesses.

17. Because this is a status report, Trustmark also brings to the Court's attention certain ongoing fact discovery that is proceeding in light of the Court's prior rulings and certain agreements of the parties:

(a) The deposition of AON's principal representative will resume in August, following a ruling from the United States District Court for the Northern District of California;

(b)     Pursuant to the letters rogatory directed to Fairfax in Canada, Trustmark is continuing to pursue certain redacted documents and Fairfax testimony. In accordance with Canadian procedure, and after extensive negotiations, Trustmark is presenting a motion for contempt against Fairfax in Canada;

(c)     Following production of responsive documents from Mr. Ekwall's hard drive, his deposition will proceed for an additional 4 hours;

(d)     Trustmark has before the Court a motion for in camera inspection of the memorandum summarizing Kevin Ryan's investigative findings.

18.     With respect to Security's request above, that the Court direct Trustmark to file a motion for protective order (supra at p. 6), Trustmark respectfully submits that the request is an improper one. Until this afternoon, Security had not served a draft notice. It still has not complied with the conference requirements of Local Rule 37(a)(2) for what is essentially an anticipated motion to compel.

19.     The time for serving fact discovery requests closed on April 25, 2003. Since that time, Trustmark entered into settlements on May 30, 2003 and July 14, 2003, resolving certain disputes with CNA and Lloyd's Consortium No. 9027 on very favorable terms. Trustmark promptly produced those settlement agreements. Trustmark believes that there is no basis for reopening discovery, because the settlement terms have been disclosed and further reopening of discovery would not adduce admissible evidence. The settlement discussions would not be admissible, of course, under Federal Rule of Evidence 408.

20.   In any event, Trustmark notes that the discovery Security wishes is in fact unrelated to the expert opinion issue that prompts this filing, because Security has disclosed no experts on its CUTPA/CUIPA claim, on which it bears the burden of proof.

PLAINTIFF, SECURITY INSURANCE
COMPANY OF HARTFORD

By: *Mark Holton (dos)*
Mark B. Holton   CT 21727
Kathryn E. Nealon   CT 22754
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, New York 10166
Telephone: 212-351-4000
Facsimile: 212-351-4035

THIRD PARTY DEFENDANT,
TIG INSURANCE COMPANY

By: *David Slossberg*
David A. Slossberg, CT 13116
Hurwitz & Sagarin LLC
147 N. Broad Street
Milford, CT 06560
Telephone: 203-877-8000
Facsimile: 203-878-9800

DEFENDANT AND THIRD PARTY
PLAINTIFF TRUSTMARK INSURANCE
COMPANY

By: *Amy Rubenstein (pm)*
Paula Morency   CT 24740
Amy M. Rubenstein   CT 24387
Schiff Hardin & Waite
6600 Sears Tower
Chicago, IL 60606-6473
Telephone: 312-258-5500
Facsimile: 312-258-5700

## CERTIFICATE OF SERVICE

This is to certify that on August 1, 2003, a true and correct copy of the foregoing was sent via facsimile and mailed, postage prepaid, first class mail, to:

| | | |
|---|---|---|
| Frank F. Coulom, Jr., Esq.<br>Marion B. Manzo, Esq.<br>Robinson & Cole LLP<br>280 Trumbull Street<br>Hartford, CT 06103-3597<br><br>Attorneys for Plaintiff | Mark B. Holton, Esq.<br>James L. Hallowell, Esq.<br>Kathryn E. Nealon, Esq.<br>Gibson, Dunn & Crutcher LLP<br>200 Park Avenue, 47th Floor<br>New York, NY 10166-0193<br><br>Attorneys for Plaintiff | David J. Grais, Esq.<br>Erick M. Sandler, Esq.<br>Robert J. Morrow, Esq.<br>Kathryn C. Ellsworth, Esq.<br>Dewey Ballantine LLP<br>1301 Ave of the Americas<br>New York, NY 10019-6092<br><br>Attorneys for Plaintiff |
| Jeffrey Hellman, Esq.<br>Zeisler & Zeisler, PC<br>558 Clinton Avenue<br>PO Box 386<br>Bridgeport, CT 06605<br><br>Attorneys for Defendant,<br>Third Party Plaintiff | David M. Spector, Esq.<br>Everett J. Cygal, Esq.<br>Ronald S. Safer, Esq.<br>Schiff Hardin & Waite<br>6600 Sears Tower<br>Chicago, IL 60606-6473<br><br>Attorneys for Defendant,<br>Third Party Plaintiff | |

_____
David A. Slossberg