# Exhibit 7

# GIBSON, DUNN & CRUTCHER LLP

LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

200 Park Avenue  New York, New York 10166-0193
(212) 351-4000
www.gibsondunn.com

mholton@gibsondunn.com

August 7, 2003

Direct Dial                                                                                                          Client No.
(212) 351-3891                                                                                                  T 89462-00001
Fax No.
(212) 351-5230

VIA FAX

Everett J. Cygal, Esq.
Schiff Hardin & Waite
6600 Sears Tower
Chicago, Illinois 60606

Re: *Security Insurance Company of Hartford v. Trustmark Insurance Company v. TIG Insurance Company*, No. 3:01CV2198 (PCD)

Dear Everett:

We have reviewed Trustmark's Second Supplemental Privilege Log and respond as follows:

1. The log provides no basis for withholding documents 261, 262, 268, 271, 282, 290, 305, and 318, which are communications between non-attorneys. As you know, the common interest and joint defense doctrines do not create independent privileges but merely provide exceptions to the waiver of privilege that otherwise would occur as a result of disclosure to third parties. Because of the nature of the communications at issue, the doctrines do not apply. Please produce these documents immediately.

2. It appears that documents 298, 299, 300, 301, 307, 308, 309, and 316 are non-privileged communications that Trustmark has attempted to "shelter" by including an in-house attorney as the recipient of a copy. Please produce these documents immediately. For similar reasons, document 322 also should be produced.

3. Document 311 should be produced. Mr. Lester is not counsel for U.S. Life. Thus, the attorney-client privilege does not apply. The description of the document does not suggest that it was a privileged communication within U.S. Life, so disclosure of the document

## GIBSON, DUNN & CRUTCHER LLP

Everett J. Cygal, Esq.
August 7, 2003
Page 2

to Trustmark cannot shield the document from production under the common interest or joint defense doctrines. For similar reasons, document 319 also should be produced.

    4.    The underlying letter from Mr. Lester to Mr. Welch described in entry 326 must be produced. The same is true with respect to the report described in entry 332, the letter described in entry 354, and the letter described in entry 360. Further, the log reveals no basis for the assertion of any privilege with respect to documents 361 and 364.

    5.    Please identify the party that David McDowell (listed as the recipient of documents 366 and 367) represents.

Given the lateness of Trustmark's production of the second supplemental log, we ask that you respond to this letter immediately.

Sincerely,

Mark B. Holton

MBH/cc

cc:    David J. Grais, Esq. (via fax)
        Harry Cohen, Esq. (via fax)