# Exhibit 10

# SCHIFF HARDIN LLP

A Limited Liability Partnership Including Professional Corporations

Paula J. Morency
(312) 258-5549
Email: pmorency@schiffhardin.com

6600 Sears Tower
Chicago, Illinois 60606

312.258.5500
312.258.5600

www.schiffhardin.com

June 2, 2004

**VIA FAX AND U.S. MAIL**

Mark B. Holton, Esq.
Gibson, Dunn & Crutcher
200 Park Avenue
New York, New York 10166

Re:  **Trustmark Insurance Company's Second Supplemental Privilege Log**

Dear Mark:

We write in response to your letter dated August 7, 2003, which we received just before the stay was imposed. For our mutual convenience, each numbered paragraph responds to the numbered inquiries in your letter.

1. We agree that common interest and joint defense provide an exception to the waiver of privilege. The documents listed on our privilege log as entries **261, 262, 271, 282, 290, 305,** and **318** fall within those well-settled exceptions. Communications between parties, each having an interest in litigation, are protected when: (1) one party seeks confidential information from the other on behalf of an attorney; (2) one party relays confidential information to the other on behalf of an attorney; or (3) the parties are communicating work product that is related to litigation. These documents fall within one or more of those protected categories and, as such, were properly withheld from production.

We concur that document **268** is not privileged on common interest or joint defense grounds, but note that it is protected from disclosure by the work product and attorney-client privileges. Our privilege log reflects that this documents is designated as privileged because it was prepared at counsel's request, in anticipation of litigation. Both the author and the recipients are members of Trustmark's control group, and the document contains the specific mental thoughts and impressions of counsel, as well as references to communications with counsel. Accordingly, work product and attorney client privileges apply.

2. Documents **298, 299, 300, 301, 307, 308, 309,** and **316** are subject to the attorney client and work product privileges as well. Each of these documents was prepared at counsel's request, in anticipation of litigation. As the log reflects, members of Trustmark's control group are listed as the author and the other three recipients of the documents, including the Vice President and Actuary (Michael Hawksworth), Senior Vice President (Brinke Marcuccilli), Executive Vice President (Mark Schmidt), and Vice President (Bert Cole).



Mark B. Holton
June 2, 2004
Page 2

      We disagree with your conclusion that Document **322** is "sheltering" other materials from production. The underlying document was previously produced as TM/R 043283-84, leaving as privileged only what is listed on the log: a fax cover sheet and transmittal report for a document sent to Ray Lester, Trustmark's Associate General Counsel, and David Spector of our firm.

      3. Document **311** is a communication between parties to a joint defense agreement; it is from one party, to another party's lawyer and to the other party, which falls squarely within the joint defense privilege. That Mr. Lester is not counsel for U.S. Life does not change the nature of the communication, or its entitlement to protection.

      Document **319** is also a communication between parties to a joint defense agreement. That an attorney was not a participant in the communication does not change the nature of the document or its protection from disclosure. As noted above, the document will be protected when: (1) one party seeks confidential information from the other on behalf of an attorney; (2) one party relays confidential information to the other on behalf of an attorney; or (3) the parties are communicating work product that is related to litigation. Documents **311** and **319** were properly listed on our privilege log.

      4. With regard to documents **332** and **360**, Trustmark previously produced the underlying documents. The log refers only to the fax cover sheets and transmittal reports. The underlying letter from Mr. Lester to Mr. Welch, document **326**, was previously produced.

      The underlying letter from document **354** is independently protected against disclosure by the attorney-client and work product privileges. As noted in our privilege log, the letter was sent by Mr. Lester with a copy reflected to Mr. Spector.

      Documents **361** and **364** are drafts that reflect privileged communications between Mr. Hawksworth and Mr. Lester, and also include Mr. Lester's thoughts and mental impressions, in the form of Mr. Hawksworth's handwritten marginalia and interlineations. Documents **361** and **364** therefore are not subject to disclosure.

      5. In answer to your question, David McDowell, the recipient of documents **366** and **367**, represents American General / All American / U.S. Life.



Mark B. Holton
June 2, 2004
Page 3

      We trust that this addresses the matters raised in your August 7, 2003 letter. Please let me know if you have any further questions.

      Very truly yours,

      Paula J. Morency

cc:   David Grais, Esq.
      Harry Cohen, Esq.