**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| SECURITY INSURANCE COMPANY OF HARTFORD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TRUSTMARK INSURANCE COMPANY, )<br>)<br>Defendant. )<br>_____) | <br><br><br><br><br><br><br><br><br><br>Civil No. 3:01CV2198(PCD) |
| TRUSTMARK INSURANCE COMPANY, )<br>)<br>Third Party Plaintiff, )<br>)<br>v. )<br>)<br>TIG INSURANCE COMPANY, )<br>)<br>Third Party Defendant. ) | <br><br><br><br><br><br><br>AUGUST 11, 2004 |

**TRUSTMARK'S MEMORANDUM OF LAW IN OPPOSITION
TO SECURITY'S MOTION FOR RECONSIDERATION
OF THE COURT'S ORDER OF JULY 21, 2003
<u>DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

Defendant Trustmark Insurance Company ("Trustmark") respectfully submits its opposition to Plaintiff Security Insurance Company of Hartford's ("Security") Motion for Reconsideration of the Court's Order of July 21, 2003 Denying Plaintiff's Motion for Partial Summary Judgment (doc. #287). Security's motion for reconsideration should be denied for two primary reasons. First, Security improperly quibbles with the Court's considered analysis of the issues and does little more than reargue issues that have already been decided. Second, Security makes a new and alternative request that the Court should make certain findings of "undisputed fact" to confirm sweeping conclusions like "Security never misled Trustmark in any way."

(Security's Mem. In Support Of Motion For Reconsideration ("Mem. In Supp.") at 2). Although Security purports to invoke Federal Rule of Civil Procedure 56(d), that rule was never designed as a back-door route to revive a failed summary judgment request. Where summary judgment is denied, Rule 56(d) allows a court to streamline a trial by ascertaining facts that appear to be accepted by the parties, "without substantial controversy." While Security nowhere specifies the facts it now asks the Court to declare, it apparently seeks broad and disputed conclusions, raised inappropriately on a motion to reconsider the Court's initial ruling.

Trustmark therefore respectfully urges that Security's motion for reconsideration be denied, in all respects.

## DISCUSSION

As this Court has noted, the standard for reconsideration is "strict." Acequip Ltd. v. AM. Eng'g Corp., 218 F.R.D. 364, 365 (D. Conn. 2003) (Dorsey, S.J.); see also Connecticut State Dep't of Social Services v. Thompson, No. Civ.A. 399CV2020SRU, 2003 WL 21011133, *1 (D. Conn. Feb. 20, 2003) (citation omitted) (same). "The standard for granting a motion for reconsideration is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court. A motion for reconsideration should not serve as a vehicle for relitigating issues already decided." Metropolitan Entertainment Co. v. Koplik, 25 F. Supp. 2d 367, 368 (D. Conn. 1998) (citations omitted).[1] "[N]or may such a motion 'be used to plug gaps in an original argument or to argue in the alternative once a decision has been made.'" St. George v. Inline Plastics Corp., No. 3:98CV1820 (JCH), 2000 WL 303260, *1 (D. Conn. Feb. 14, 2000) (quoting Philbrick v. University of Conn., 51 F. Supp. 2d 164 (D. Conn. 1999)).

---

[1] See also Gold v. Dalkon Shield Claimants Trust, No. 5:82-CV-383 (EBB), 1998 WL 4229000, *4 (D. Conn. July 16, 1998) ("'Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge.'") (internal quotations omitted).

Accordingly, there are only three permissible grounds on which to seek a motion for reconsideration: "(1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error [of law] or prevent manifest injustice." Metropolitan Entertainment, 25 F. Supp. 2d at 368 (citation omitted). Here, Security has not cited to any change in controlling law, nor did it submit any newly discovered evidence. Finally, Security has not identified any clear error or manifest injustice by this Court. Security now faces its day in court. Its motion for reconsideration is ill-founded, and should be denied.

**I.   THE COURT PROPERLY DENIED SECURITY'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Security moved for partial summary judgment on one count of its complaint well before the close of discovery.[2] That count sought a declaratory judgment that Trustmark "had no basis whatsoever" to rescind the subject reinsurance agreement. In its motion papers, Security selected four of the grounds for rescission that had been asserted by Trustmark, claimed to have refuted them, and requested judgment on the entirety of its declaratory judgment count.[3] In essence, Security improperly sought prematurely to foreclose Trustmark from asserting the full grounds for rescission available to it.

This Court properly denied Security's motion. As articulated by the Court, Security's motion was procedurally defective in that it sought to foreclose all of Trustmark's potential grounds for rescission on the basis of certain grounds asserted early in the case (Order at 5-6).

---

[2] Even now, fact and expert discovery efforts are ongoing, including the continuing pursuit of records maintained in Canada by TIG's parent company, Fairfax, review of the results of arbitration proceedings that took place during the stay period, the conclusion of depositions of lay witnesses as well as one of Trustmark's experts, and the future disclosure of experts and reports by TIG and Security.

[3] While Security's motion for summary judgment initially addressed only one such ground for rescission—misrepresentation—it now claims to have refuted three additional grounds in its reply memorandum. (Mem. In Supp. at 3.) As set forth herein, however, Security has not adequately refuted any potential ground for rescission.

Furthermore, as the Court and the record in this case make clear, Security failed to adequately refute <u>any</u> of Trustmark's grounds for rescission.

### A. The Court Properly Ruled That Security's Summary Judgment Motion Was Procedurally Defective

As this Court recognized, it would have been inappropriate to grant summary judgment on Security's claim Trustmark "has no valid basis to rescind the agreement." (Order at 4-5.) Although Security alleged that it had refuted some of the potential grounds for rescission, in the category of fraud, Trustmark was and is entitled to assert alternate grounds for rescission that were not addressed by Security. (<u>See</u> Order at 6 (Security "may not now limit its motion to one of many potential grounds and disregard the remaining alternative grounds").) Furthermore, granting judgment on only one or some of the potential grounds for rescission would not resolve Security's entire claim. In the absence of any authority that allows summary judgment on less than a single claim under these circumstances (Order at 5 (citing cases)), the Court properly ruled that Security's motion was procedurally defective. As the Court observed, "[t]he only conceivable basis on which summary judgment could be granted is if the universe of conceivable grounds were limited to fraud, which is clearly not the case." (Order at 5.)

Security's procedural defect was of its own making. (<u>See</u> Order at 6.) Security chose to make a broad claim that Trustmark "has no valid basis to rescind the agreement" and that it is entitled to a declaration that Trustmark has "no right to rescind." Complaint, ¶ 19. In its answer, Trustmark put Security on notice that it disputed Security's claim that Trustmark had "no valid basis" for rescission. As the Court pointed out, had Security elected to claim a declaratory judgment on narrower grounds, Trustmark may have been obliged to raise responsive alternative grounds. (Order at 6.) Because Security pleaded the declaratory judgment claim so broadly, however, Trustmark was entitled to deny it without undertaking to plead all of its grounds for rescission.

Security fails to meet the strict standard for reconsideration. In its motion for reconsideration, Security disagrees with the Court's Order and asserts that it was "required to address only those grounds for rescission that Trustmark has actually advanced" (Mem. in Supp. at 6) and that, in order to prevail on its motion for summary judgment, it should not be required to "negate all possible grounds for rescission, whether Trustmark advances them or not." (Mem. In Supp. at 5.) While Security attempts to reargue the merits of the Court's decision, it fails to respond to the key points underlying the Court's analysis.

As an initial matter, Security presents no authority contrary to the Court's conclusion that summary judgment cannot be granted with respect to only part of a claim. Accordingly, as the Court noted, it would be improper to grant summary judgment with respect to just one ground for rescission when there are other potential grounds. (Order at 6 ("It would therefore be an academic exercise to address one of several potential grounds for rescission.").)

Secondly, Security assumes that at the time it filed its motion—well before the close of discovery—Trustmark had in fact asserted all of its possible bases for rescission. Not only does Security ignore the Court's implicit conclusion that Trustmark was not required to plead all of its bases (Order at 6), Security presents no authority that, at the time it filed its motion, Trustmark had been in any way required to have stated all of its bases for rescission. As this Court has recognized, Trustmark cannot be bound by the arbitrary limits that Security wishes to impose. (Order at 6 ("As plaintiff elected instead to allege that defendant had no basis upon which to rescind the Retrocession Agreement, it may not now limit its motion to one of the potential grounds and disregard the remaining alternative grounds.").) At the conclusion of fact and expert discovery, Trustmark is entitled to present all available evidence to support its rescission and should not be foreclosed from doing so by Security's premature motion for summary judgment.

Third, Security fails to respond to the Court's conclusion that "[p]laintiff is the master of its pleadings and alleged a broader claim than the one on which it now seeks summary judgment." (Order at 6.) Security should be held to its pleadings in this case. It pleaded a broad claim for relief and, in doing so, assumed a broad burden on its motion for summary judgment.

Security erroneously argues that the Court's order somehow relieves Trustmark of the burden to prove that Trustmark properly rescinded the Retrocession Agreement. That argument confuses the burden of proof at trial and the movant's burden in seeking summary judgment. The Court did not excuse Trustmark from establishing each of its grounds for rescission at trial. Security's burden on its own motion for summary judgment, however, is to establish that there are no issues of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). While Security appears to recognize its obligation to refute Trustmark's asserted grounds for rescission, it fails to understand that summary judgment is not proper unless Security can refute <u>all</u> of Trustmark's grounds for rescission.

Security asserts, though, that the Court's order would improperly require it to "prove a negative."[4] (Mem. In Supp. at 5.) Security overlooks, however, that in its claim for relief it pleaded a negative: that Trustmark had "no valid basis" for rescission. Accordingly, as this Court concluded, it cannot obtain summary judgment on its broad claim for relief by addressing only one or some of the potential grounds for rescission. (Order at 5-6.) Security must demonstrate that either there is an absence of evidence to support Trustmark's grounds for rescission or provide

---

[4] The cases cited by Security with regard to "proving a negative" do not support its position. (See Mem. In Supp. at 5-6.) Those cases make clear that the party moving for summary judgment on issues on which a non-movant would bear the burden at trial retains the initial burden to "point out to the district court that there is an absence of evidence to support the non-moving party's case" or alternatively, "the moving party may support its motion for summary judgment with affirmative evidence demonstrating that the non-moving party will be unable to prove its case at trial." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115-16 (11th Cir. 1993); see also Citizens Bank of Clearwater v. Hunt, 927 F.2d 707, 713 (2d Cir. 1991).

affirmative evidence demonstrating that Trustmark will be unable to prove its case at trial.  See Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115-16 (11th Cir. 1993).  Indeed, to hold otherwise would force Trustmark to assert all of its alternate grounds for rescission at the time of Security's premature motion—well before discovery had been concluded—or be foreclosed by summary judgment from asserting other grounds at trial.

In sum, this Court correctly ruled that Security's motion was procedurally defective.  The Court properly concluded that Trustmark should not be foreclosed from presenting all of its potential grounds for rescission by a premature adjudication of Security's broad claim that Trustmark has "no valid basis" for rescinding the deal with Security.

### B. Security Has Failed To Refute Any Of Trustmark's Alternate Grounds For Rescission

In its motion for reconsideration, Security asserts that it has "addressed and refuted each and every ground for rescission upon which Trustmark has ever relied." (Mem. In Supp. at 5.) Security is wrong.  Trustmark notes that Security failed, in its initial motion for partial summary judgment, to establish that there are no genuine issues of material fact with respect to the four grounds for rescission it claims to have addressed.[5]  Security offers no newly-discovered evidence now, and no change in the law, to justify a different conclusion upon reconsideration.

Further, Security plainly did not establish a basis for summary judgment on Trustmark's other grounds for rescission.  For example, Security's summary judgment filings failed to address

---

[5] Those grounds were (i) misrepresentation, (ii) mutual mistake, (iii) custom and practice, and (iv) breach of the duty of utmost good faith.  The Court acknowledged those grounds in its Order denying summary judgment.  See, e.g., Order at 5-6 (citing authority that rescission based on misrepresentation does not require a showing of fraud, but may be justified by an innocent misrepresentation or mistake); Order at 8 (finding "a genuine issue of material fact as to whether there was a mutual mistake as to the Retrocession Agreement).  In addition, Security itself essentially acknowledged the existence of factual disputes on the grounds for rescission based on custom and practice and breach of Security's duty of utmost good faith.  See, e.g., Security's Reply In Further Support of Motion for Partial Summary Judgment, at 9 (claiming expert conclusion was "based on wholly inaccurate facts") and Security's Reply at 21-22 (asserting Security's actions in response to Trustmark's assertions about the underlying book of business were undertaken in good faith).

the grounds for rescission that arose from Security's agreement to a novation of its reinsurance treaty with TIG without Trustmark's knowledge or consent. Security's actions resulted in a material change to the risk that Trustmark agreed to accept from Security, and entitled Trustmark to rescind. Trustmark raised this ground for rescission as an affirmative defense, which Security chose not to address. (<u>See</u> Trustmark's Answer and Affirmative Defenses, Third Affirmative Defense at 9.)

Similarly, Security failed to address grounds for rescission arising from its failure to rescind the underlying agreement with TIG, as well as from its unjustifiable interference with the administration of the TIG book of business. That interference was undertaken in bad faith, for the purpose of obtaining leverage over Trustmark in connection with other business relationships between Trustmark, Security and Security's sister company, FCIC.

This Court recognized that Trustmark is entitled to raise such grounds for rescission, as well as all other such grounds it can prove at trial, after the completion of discovery. Security's broad pleading – that Trustmark had "no valid basis" for rescission – precluded summary judgment on the record the parties submitted to the Court, and summary judgment was properly denied.

## II. SECURITY'S BELATED REQUEST THAT THE COURT DETERMINE FACTS FOR TRIAL, UNDER RULE 56(d), SHOULD ALSO BE DENIED

Security belatedly requests that the Court issue an order "narrowing the issues for trial," ostensibly pursuant to Federal Rule of Civil Procedure 56(d). Security overstates the mandate of Rule 56(d), as well as the record before the Court, and its request should be denied. Rule 56(d) applies when summary judgment is denied and a trial is necessary. It allows the Court "if practicable, to ascertain <u>what material facts exist without substantial controversy</u> and what material facts are actually and in good faith controverted." Fed. R. Civ. P. 56(d) (emphasis

added).⁶  Where certain facts are not truly in dispute, then a court may deem them "established" and proceed accordingly at trial.  Id.  As commentators have explained,

> According to Rule 56(d), if a court finds that summary judgment cannot be granted because there are genuine issues of material fact to be tried, it is empowered, when it would be practicable to save time and expense and to simplify the trial, to issue an order that specifies the facts that appear without substantial controversy.

C. Wright & A. Miller, 10B Federal Practice & Procedure § 2737.

Security's reliance on the procedure set forth in Rule 56(d) is inappropriate here, and ironic as well.  In the first place, the Court properly denied Security's motion because it was procedurally defective.  "Rule 56(d)'s issue-narrowing provision operates only in the wake of an unsuccessful (and proper) motion under Rule 56(a) or (b)."  Arado v. General Fire Extinguisher Corp., 626 F. Supp. 506, 509 (N.D. Ill. 1985).  Because Security's motion was not proper, Rule 56(d) is not implicated.

Further, Local Rule 56(a)(1) requires a party to set forth "a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried."  D. Conn. L. R. 56(a)(1).  Security's statement set forth only six "facts" essentially reciting the dates of certain communications between the parties.  Trustmark accepted that chronology within its own, more detailed, combined Rule 56(a)(1) and 56(a)(2) statement.  As this Court has found, in its 56(a)(2) statement, Security "frequently denie[d] the proposed undisputed facts of defendant but provide[d] only legal argument in support of the denial rather than a contrary statement of fact and citation to the record as required by D. Conn. L. Civ. R. 56(a)(2) and (a)(3)."  (Order at 2, n.1.)  Security thus failed to place facts before the Court to justify either partial summary

---

⁶ In quoting Rule 56(d), Security chose to omit this critical part of the rule—that the Court "shall, if practicable, ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted"—which spells out the Court's responsibilities.  See Mem. In Supp. at 6-7.

judgment or a narrowing of these factual issues by deeming Security's positions to be "material facts that exist without controversy."

For example, Security asks the Court to make the factual finding that "Security never misled Trustmark in any way." (Mem. In Supp. at 2.) Yet, Security failed to set forth facts in support of that sweeping conclusion in its Statement Of Facts required by Local Rule 56. Without such factual allegations, Trustmark made no factual response (although it certainly disagrees with the assertion, in light of the facts to be presented at trial).

Indeed, other than such conclusory references, Security's initial motion and its motion for reconsideration offer the Court no basis for deeming facts to be uncontroverted for trial. Accordingly, Trustmark prays that Security's alternative motion should be denied as well, and that the Court therefore reject Security's request to specify "the facts that appear without substantial controversy." On this record, that relief is not "practicable" within the meaning of Rule 56(d).

## **CONCLUSION**

For all the foregoing reasons, Trustmark respectfully requests that Security's Motion for Reconsideration (doc. #287) be denied.

DEFENDANT
TRUSTMARK INSURANCE COMPANY


      /s/ Rowena A. Moffett
David R. Schaefer (ct 04334)
Rowena A. Moffett (ct 19811)
BRENNER, SALTZMAN & WALLMAN LLP
271 Whitney Avenue
New Haven, Connecticut 06511
Telephone: (203)772-2600
Facsimile: (203)562-2098
E-Mail: dschaefer@bswlaw.com
E-Mail: rmoffett@bswlaw.com

David M. Spector (ct21679)
Paula J. Morency (ct24740)
Everett J. Cygal (ct22765)
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, Illinois 60606-6473
Telephone: (312) 258-5500
Facsimile:  (312) 258-5600

Attorneys for Trustmark Insurance Company

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing was served by United States first-class mail, postage prepaid, this 11th day of August, 2004 upon:

Frank F. Coulom, Jr., Esq.
Marion B. Manzo, Esq.
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103-3597

Mark B. Holton, Esq.
Kathryn E. Nealon, Esq.
Alia L. Smith, Esq.
Christine Y. Wong, Esq.
James L. Hallowell, Esq.
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, NY 10166-0193

David J. Grais, Esq.
Kathryn C. Ellsworth, Esq.
Erick M. Sandler, Esq.
Robert J. Morrow, Esq.
DEWEY BALLANTINE LLP
1301 Avenue of the Americas
New York, NY 10019-6092

**Counsel for Plaintiff Security Insurance Company of Hartford**

David A. Slossberg. Esq.
Brian C. Fournier, Esq.
HURWITZ, SAGARIN & SLOSSBERG, LLC
147 N. Broad Street
P.O. Box 112
Milford, CT 06460-0112

Harry P. Cohen, Esq.
Brian J. O'Sullivan, Esq.
Ivan J. Dominguez, Esq.
Lawrence I. Brandes, Esq.
Michael G. Dolan, Esq.
Seth R. Klein, Esq.
CADWALADER, WICKERSHAM & TAFT
100 Maiden Lane
New York, NY 10038

**Counsel for Third-Party Defendant TIG Insurance Company**


Jeffrey R. Hellman, Esq.
Jeffrey M. Sklarz, Esq.
ZEISLER & ZEISLER, PC
558 Clinton Avenue
P.O. Box 3186
Bridgeport, CT 06605-0186

David M. Spector, Esq.
Paula J. Morency, Esq.
William E. Meyer, Jr., Esq.
Everett J. Cygal, Esq.
Dennis G. LaGory, Esq.
Michael Mullins, Esq.
Ronald S. Safer, Esq.
SCHIFF HARDIN & WAITE
6600 Sears Tower
Chicago, Ill  60606-6473

**Co-Counsel for Defendant and Third-Party Plaintiff Trustmark Insurance Company**


                            /s/ Rowena A. Moffett
                            Rowena A. Moffett, Esq. (ct19811)