

**"Morency, Paula J."**
**<pmorency@schiffhar**
**din.com>**

To: "Brian O'Sullivan (E-mail)" <Brian.osullivan@cwt.com>
cc: "Bannon, John A." <jbannon@schiffhardin.com>, "Cygal, Everett"
<ecygal@schiffhardin.com>

Subject: TIG Discovery Issues

**Office:**

08/25/2004 07:13 PM

Dear Brian,

I received your message returning my call, and hope your other matter went well. After our Monday afternoon discussion, we were able to determine the answers to several of the questions you posed in your August 20, 2004 e-mail and by telephone.

First, your e-mail suggested a "disconnect between the parties' positions" concerning Trustmark's compliance with the Court's February 5, 2003, March 14, 2003 and June 10, 2003 Orders. In particular, you asked whether we distinguished between Trustmark paper and U.S. Life or All American paper in producing responsive materials. You will recall that Trustmark objected to production of material regarding business on All American paper, and TIG did not move to compel its production. It was and is our interpretation that the Order called for production of materials on risks that WEB wrote as a representative of Trustmark or Security. Attached please find the April 29, 2003 letter that Bill Meyer of our office sent to Harry, describing and listing the books of business that Trustmark determined to fall in the categories set forth in the Court's order.

In response to other aspects of the Court's orders, we produced the Superior National and FCIC materials as well, which were transactions involving WEB but written on U.S. Life paper. (You will recall that the Court denied Security's motion to compel the production of documents regarding the non-Superior U.S. Life arbitrations. See June 10, 2003 Order, pp. 10-11.) As set forth in Bill Meyer's letter, we believe that Trustmark has responded completely and in good faith to the obligations set forth in the Court's Orders.

Second, your e-mail asked that Trustmark undertake to search WEB's LAN server to make sure that U.S. Life/TransAmerica made complete electronic copies of the WEB files when those files were copied onto CDs in 2000. Your letter notes that WEB identified the relevant files for U.S. Life, and assured Mr. Stone that they were complete. We understand that U.S. Life produced those CDs to TIG last spring in the course of the arbitration proceeding, and produced paper copies of most of the contents to TIG at an earlier date. We received copies of the CDs shortly before the TIG/U.S. Life arbitration, when counsel for U.S. Life and Mr. Stone located them. It is our understanding that the electronic version of the TIG files we received was the same version produced to TIG in the arbitration.

We decline your suggestion that Trustmark should now seek access to WEB's LAN to challenge Mr. Ekwall's representation that he identified all relevant files for U.S. Life four years ago when the CDs were created. As you and I discussed on Monday, TIG has no reason to doubt Mr. Ekwall's representation, nor do we. We understand that U.S. Life produced the documents to you

in paper and electronic form. TIG has no reason to believe that anything is wrong with the U.S. Life disks, nor do we. Because U.S. Life had copied and produced the materials, both in this lawsuit and in the arbitration proceeding, we advised counsel for TIG more than a year ago that we would not attempt to produce documents that U.S. Life had already obtained and tendered. TIG never objected to that position. Trustmark therefore had no legal or practical duty to undertake to access, copy and search the LAN in the course of discovery. On a further practical level, it is unclear to us how one would physically (and reasonably) undertake to compare U.S. Life's year 2000 disks and paper production to a LAN that was used thereafter.

Finally, with respect to the portion of the Court's August 10, 2004 Order that deals with Mr. Ekwall's hard drive, we will be asking the Court for additional time in which to comply with its requirement that we create and produce a directory and properties. As you and I discussed, we have been meeting with vendors to determine as quickly as possible how we can cross-reference the paper production to the Encase® image of the hard drive and thus access the properties for the documents that were reviewed and produced in paper form. To confirm my request to you last Monday, I understand that the process might be less cumbersome if TIG were able to tell us if there are particular documents for which it seeks the properties (Excel spreadsheets, for example). I understand that you are discussing that issue internally, and look forward to hearing from you. Meanwhile, please let me know if you have any questions about the items addressed above.

&lt;&lt;~max0002.PDF&gt;&gt;                                 Best regards, Paula


Paula J. Morency
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606
(312)258-5549


------------------------------------------------------------------
This message and any attachments may contain confidential
information protected by the attorney-client or other privilege.
If you believe that it has been sent to you in error,
please reply to the sender that you received the message in
error. Then delete it. Thank you.

------------------------------------------------------------- ~max0002.PDF

**SCHIFF HARDIN & WAITE**
A Partnership Including Professional Corporations

6600 Sears Tower. Chicago. Illinois 60606-6473
Telephone (312) 258-5500   Facsimile (312) 258-5700

Chicago
Washington
New York
Merrillville
Dublin
Lake Forest

William E. Meyer, Jr.
(312) 258-5526
Email: wmeyer@schiffhardin.com

April 29, 2003

**VIA FACSIMILE AND U.S. MAIL**

Harry Cohen
Cadwalader, Wickersham and Taft
100 Maiden Lane
New York, New York 10038

Re:   Security v. Trustmark/Trustmark v. TIG

Dear Mr. Cohen:

As a courtesy to you, and to assure our compliance with the Court's order of February 5 (as clarified by the order of March 14), we have undertaken an extensive analysis of documents produced in this case to identify for you:

> ... those agreements involving (1) reporting deficiencies of the nature
> but not necessarily the magnitude alleged in the third-party complaint.
> (2) overall profitability less than or equal to the TIG insurance at issue in
> this action, and (3) pricing or reserving problems in blocks of insurance
> reinsured.

Consistent with the Court's orders, we are identifying for you which agreements and related documents fit any one of the three criteria. As to the profitability criteria, we have identified agreements and related documents encompassing both actual and anticipated profitability less than or equal to that of the arrangement with TIG.

Our analysis indicates that various prior document productions, among them the Transamerica documents that you have possessed for weeks, contain all responsive documents except for those involving one agreement – Republic Western-Bridgefield Employers. Immediately below I set forth (by category) for you the identity of each agreement, and where you can find it and related documents, including (where applicable) the Transamerica production box number.



SCHIFF HARDIN & WAITE

Harry Cohen
April 29, 2003
Page 2

*. . . agreements involving (1) reporting deficiencies of the nature but not*
*necessarily the magnitude alleged in the third-party complaint . . .*

| AGREEMENT | LOCATION OF DOCUMENTS |
|---|---|
| John Hancock Mutual Life Insurance Company | Prior Trustmark Production; also Transamerica Boxes 11, 13 |
| Lloyd's Syndicate No. 1003/2003/1004 SJ Catlin | Prior Trustmark Production; also Transamerica Boxes 6, 7 |

*. . . agreements involving . . . (2) overall profitability less than or equal*
*to the TIG insurance at issue in this action . . .*

| AGREEMENT | LOCATION OF DOCUMENTS |
|---|---|
| Reliance National Insurance Company | Transamerica Boxes 14, 15 |
| Republic Western-Bridgefield Employers | TO BE PRODUCED |
| Lloyd's Syndicate No. 702 RE Brown | Transamerica Boxes 7, 6 |
| Swiss Reassurance Company | Transamerica Box 5 |
| John Hancock Mutual Life Insurance Company | Transamerica Boxes 11, 13 |
| Reliance Insurance Company | Transamerica Box 15 |
| CNA Reinsurance Company Ltd. | Prior Trustmark Production; also Transamerica Boxes 1, 4 |
| Lloyd's Syndicate No. 702 RE Brown | Transamerica Boxes 6, 7, 13 |
| Security Insurance Company of Hartford-First Reinsurance Company | Transamerica Boxes 1, 4 |
| Clarendon National Insurance Company ( Big I) | Prior Trustmark Production; also Transamerica Boxes 1, 4, 13 |
| Lloyd's Syndicate No. 53 I.M. Crane | Prior Trustmark Production; also Transamerica Boxes 1, 4, 13 |
| Lloyd's Syndicate No. 991 AE Grant | Transamerica Boxes 11 |
| Lloyd's Syndicate No. 1239 M Warrington | Transamerica Boxes 12, 13 |
| Clarendon National Insurance Company | Prior Trustmark Production; also Transamerica Boxes 1, 4, 13 |
| Cigna Insurance Company of Europe | Prior Trustmark Production; also Transamerica Boxes 1, 4, 7 |
| Clarendon National Insurance/American Fidelity/KCS | Transamerica Boxes 1, 4, 13 |
| Lloyd's Syndicate No. 1242 PAC Armstrong | Transamerica Boxes 6, 7 |
| Lloyd's Syndicate No. 9027 RJ Blunt | Prior Trustmark Production; also Transamerica Boxes 6, 7, 13 |
| Clarendon American Insurance Company/ Melex | Transamerica Boxes 1, 4 |



SCHIFF HARDIN & WAITE
Harry Cohen
April 29, 2003
Page 3

| AGREEMENT | LOCATION OF DOCUMENTS |
|---|---|
| Legion Insurance Company | Prior Trustmark Production; also Transamerica Boxes 8, 11, 13 |
| Chiyoda Fire & Marine Insurance Company | Transamerica Boxes 6, 7 |
| Security Insurance Co. Of Hartford/HPP Group | Prior Trustmark Production; also Transamerica Boxes 3, 5, 9, 10, 12, 14 |
| Cigna Insurance Company of Europe | Prior Trustmark Production; also Transamerica Box 12 |
| Cigna Insurance Company of Europe | Prior Trustmark Production; also Transamerica Boxes 6, 7 |
| Reliastar Reinsurance Group Limited | Transamerica Box 13 |
| Phoenix Home Life Mutual Insurance Company | Transamerica Boxes 11, 13 |
| Security Insurance Co. Of Hartford/USA | Transamerica Boxes 5, 14 |
| Fire & Casualty Insurance Company of Connecticut /Unicare | Prior Trustmark Production; also Transamerica Box 2 |
| Security Insurance Company of Hartford/Orion | Prior Trustmark Production; also Transamerica Box 13 |
| Security Insurance Company of Hartford/Orion | Prior Trustmark Production; also Transamerica Box 11 |
| Security Insurance Company of Hartford/Horizon | Prior Trustmark Production; also Transamerica Box 5, 14 |
| Clarendon National Insurance Company/Harbor | Prior Trustmark Production; also Transamerica Boxes 1, 7 |
| Clarendon National Insurance Company/Harbor | Transamerica Boxes 1, 7 |
| Security Insurance Company of Hartford/TIG Insurance Company | Transamerica Box 3 |
| Phoenix Home Life Mutual Insurance Company | Transamerica Box 11 |
| Clarendon National Insurance Company/ ULS&H | Prior Trustmark Production; also Transamerica Boxes 4, 12 |
| Lloyd's Travel Consortium No. 544 AA Pitt | Transamerica Boxes 4, 12 |
| Lloyd's Travel Consortium No. 205 CG Jago | Transamerica Boxes 4, 12 |
| Lloyd's Travel Consortium No. 1239 ME Warrington | Transamerica Boxes 4, 12 |
| Lloyd's Travel Consortium No. 702 RE Brown | Transamerica Boxes 4, 12 |
| Lloyd's Travel Consortium No. 959 RJ Busbridge | Transamerica Boxes 4, 12 |
| Security Insurance Company of Hartford/NHRE Cranccomp | Prior Trustmark Production; also Transamerica Boxes 5, 14 |

. . . *agreements involving . . . (3) pricing or reserving problems in blocks of insurance reinsured.*

**SCHIFF HARDIN & WAITE**

Harry Cohen
April 29, 2003
Page 4

| AGREEMENT | LOCATION OF DOCUMENTS |
|---|---|
| Fire & Casualty Insurance Company of Connecticut/Unicare | Prior Trustmark Production; also Transamerica Box 2 |
| Security Insurance Company of Hartford/Orion | Prior Trustmark Production; also Transamerica Boxes 8, 13 |

We will separately produce to you our copy of the Republic Western Ridgefield Employers documents, and our duplicate copies (where not already produced) of all the other agreements and related documents you previously received from Transamerica.

To the best of our knowledge, following our extensive and good faith examination of the documents, this should assure and confirm that you possess all agreements and related documents that fit any one of the three criteria ordered by the Court. Please call me if you have any questions.

Sincerely,

William E. Meyer, Jr.

CHI_DOCS2\699186.1

04/29/03  TUE 15:14 FAX 312 258 5600        SDW CHICAGO                                    ☒001

```
                              *********************
                              ***   TX REPORT   ***
                              *********************


          TRANSMISSION OK

          TX/RX NO                    4817
          CONNECTION TEL                    912125046666
          SUBADDRESS
          CONNECTION ID
          ST. TIME                    04/29 15:12
          USAGE T                     01'38
          PGS.                            5
          RESULT                      OK
```