UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITY INSURANCE COMPANY OF HARTFORD,<br><br>       Plaintiff,<br><br>v.<br><br>TRUSTMARK INSURANCE COMPANY<br><br>       Defendant.<br><br>TRUSTMARK INSURANCE COMPANY,<br><br>       Third Party Plaintiff,<br><br>v.<br><br>TIG INSURANCE COMPANY,<br><br>       Third Party Defendant. | Civil No. 301CV2198(PCD) |

**TRUSTMARK INSURANCE COMPANY'S RESPONSE AND OBJECTIONS TO TIG INSURANCE COMPANY'S REQUEST TO PRODUCE**

Defendant, Third-Party Plaintiff Trustmark Insurance Company ("Trustmark"), by it attorneys, responds and objects to Third-Party Defendant TIG Insurance Company's Request to Produce (the "Request") as follows:

**GENERAL RESPONSES AND OBJECTIONS**

1. Trustmark objects to the Request to the extent any request seeks documents subject to the attorney/client privilege, the work product privilege, or any other applicable privilege.

2. Trustmark objects to the wording of any specific request to the extent it assumes legal conclusions or facts not proven or not true.

3. Trustmark objects to the Request insofar as it seeks to impose obligations on Trustmark that are greater than the obligations imposed by the Federal Rules of Civil Procedure.

4. Trustmark objects to the extent that the Request seeks the production of documents already produced in the case styled as: *Security Insurance Company of Hartford v. Trustmark Insurance Company*, 300CV1247 ("*Security v. Trustmark I*").

5. Trustmark objects to the Request to the extent that it seeks information relating to the separate and distinct contract entered into between United States Life Insurance Company ("USL") and TIG (the "USL/TIG Contract"). The USL/TIG Contract relates to a different underwriting year, is between different parties and is not the subject of this dispute and, therefore, is neither relevant to the claims or defenses of any party or the subject matter involved in the pending action, nor is it reasonably calculated to lead to the discovery of admissible evidence.

6. Trustmark objects to the Request to the extent that it seeks information relating to the agreement between Trustmark and All American Life Insurance Company of New York ("AAL") and its affiliates (the "Trustmark/AAL Agreement"). The Trustmark/AAL Agreement is a separate and distinct contract that is not the subject of this dispute and, therefore, is neither relevant to the claims or defenses of any party or the subject matter involved in the pending action, nor is it reasonably calculated to lead to the discovery of admissible evidence.

7. Trustmark objects to the Request to the extent that it is overly broad in time or scope, unduly burdensome or oppressive.

8. Trustmark objects to the Request to the extent that it seeks the production of documents and information that is not relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

9.  Trustmark objects to the Request to the extent that it is vague, ambiguous and lacking sufficient precision to allow Trustmark to formulate an appropriate response or produce particular documents.

10. Trustmark objects to the Request to the extent that it seeks the production of documents that pertain to reinsurance or retrocession contracts not at issue in this litigation.

11. Trustmark objects to the Request to the extent that it seeks the production of documents that contain or reflect non-public, confidential trade or business data or other non-public, confidential information which is proprietary to Trustmark.

## **REQUESTS FOR PRODUCTION**

1. All documents relating to or in connection with <u>Security Insurance Company of Hartford v. Trustmark Insurance Company</u>, Civ. No. 300CV1247(PCD) ("<u>Security I</u>"), including, but not limited to:

    a.  all documents produced by Trustmark, Security or any third party in connection with <u>Security I</u>, other than documents TIG0001-12588, TIG/T0001-25425 and AON0001-11507;

    b.  all transcripts of depositions taken in <u>Security I</u> (including minuscripts, videotapes and ASCII disks);

    c.  all document requests, responses and objections to such requests, subpoenas, responses and objections to such subpoenas, and correspondence between or among Security, Trustmark, and/or any third party, concerning party or third-party discovery in <u>Security I</u>;

    d.  all pleadings, motions, briefs, correspondence and other documents served, filed, sent or submitted to one or more of the parties, to the Court or to Para-Judicial Officer John Crosskey; and

    e.  all privileged [sic] logs prepared by Security, Trustmark or any third party in <u>Security I</u>.

3

**RESPONSE:**  Subject to the foregoing General Objections, Trustmark has agreed to make available to TIG any and all documents that are in its possession relating to *Security I*. Trustmark objects to the remaining sub-parts to the extent that they seek the production of documents that are obtainable from one or more other sources, including the Clerk of the District Court, that are more convenient, less burdensome or less expensive. Regarding deposition transcripts, Trustmark will provide TIG with a list of court reports so that TIG can order copies of the depositions taken in that case. Trustmark objects to the extent that the sub-parts of this request seek communications with PJO Crosskey, which are protected communications made in the course of settlement discussions.

2. All documents relating to or in connection with Security Insurance Company of Hartford v. Trustmark Insurance Company, Civ. No. 301CV2198(PCD) ("Security II"), including, but not limited to:

   a. all documents produced by Trustmark, Security or any third party in connection with Security II, other than documents SRA001 - 0644 and SPRe0001 - 0545.

   b. all transcripts of deposition taken in Security II (including minuscripts, videotapes and ASCII disks);

   c. all document requests, responses and objections to such requests, subpoenas, responses and objections to such subpoenas, and correspondence between or among Security, Trustmark, and/or any third party, concerning party or third-party discovery in Security II;

   d. all pleadings, motions, correspondence and other documents served, filed, sent or submitted to one or more of the parties, to the Court or to Para-Judicial Officer John Crosskey; and

   e. all privileged [sic] logs prepared by Security, Trustmark or any third party in Security II.

**RESPONSE:**  Subject to the foregoing General Objections, Trustmark has agreed to make available to TIG any and all documents that are in its possession relating to

4

*Security II*. Trustmark is unaware of any documents with the Bates labels identified in sub-part (a). Trustmark objects to the remaining sub-parts to the extent that they seek the production of documents that are obtainable from one or more other sources, including the Clerk of the District Court, that are more convenient, less burdensome or less expensive. Regarding deposition transcripts, Trustmark will provide TIG with a list of court reports so that TIG can order copies of the depositions taken in that case. Trustmark objects to the extent that the sub-parts of this request seek communications with PJO Crosskey, which are protected communications made in the course of settlement discussions.

> 3. All documents relating to the 1998 Treaty, the 1998 Retrocession Contract, the 1999 Treaty and/or the 1999 Retrocession Agreement, including, but not limited to, treaty, contract, underwriting, correspondence, placement, accounting and other files, and any minutes or other documents reflecting a discussion of these subject matters at board of directors or other committee meeting(s).

**RESPONSE:** Subject to the foregoing General Objections, Trustmark has previously produced non-privileged responsive documents relating to the 1998 and 1999 Treaty and the 1999 Retrocession Contract. To the extent that Trustmark has not already produced documents relating to the 1998 Treaty, non-privileged responsive documents, if any, will be produced. Trustmark objects to the production of documents relating to the "1998 Retrocession Contract" on the grounds that, among other things, this request seeks the production of documents and information that is not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

4. All documents relating to or reflecting communications between Security and Trustmark concerning WEB and/or its principals, TIG, TIG's workers compensation business, the 1998 Treaty, the 1998 Retrocession Contract, the 1999 Treaty and/or the 1999 Retrocession Agreement.

**RESPONSE:** Subject to the foregoing General Objections, Trustmark has previously produced non-privileged responsive documents relating to the 1998 and 1999 Treaty and the 1999 Retrocession Contract. To the extent that Trustmark has not already produced documents relating to the 1998 Treaty, non-privileged responsive documents, if any, will be produced. Trustmark objects to the production of documents relating to the "1998 Retrocession Contract" on that grounds that, among other things, this request seeks the production of documents and information that is not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Trustmark further objects to the extent that this request seeks the production of documents relating to other business transactions between Trustmark and Security and its affiliates, which are not the subject of this dispute.

5. All documents relating to or reflecting communications between Trustmark and WEB and/or its principals.

**RESPONSE:** Subject to the foregoing General Objections, Trustmark has previously produced non-privileged responsive documents relating to the 1998 and 1999 Treaty and the 1999 Retrocession Contract. Trustmark objects to the production of "all" communications between it and WEB that are unrelated to the 1998 and 1999 Treaties on the grounds that this request is overbroad, unduly burdensome and seeks the production of documents and information that is not relevant to the claim or defense of any party nor reasonably

calculated to lead to the discovery of admissible evidence.

      6.    All documents relating to the agency relationship between Trustmark and WEB, including, but not limited to, the decision to enter into such relationship, due diligence or any other review or investigation of WEB or its principals, the drafting and negotiation of any agency or other agreement(s) between Security and/or its principals, the parties' performance under such agency or other agreement(s), and the termination of any such agency or other agreement(s).

**RESPONSE:** Subject to the foregoing General Objections, Trustmark has previously produced the Managing General Underwriting Agreement and any amendments thereto. Trustmark objects to the remainder of this request on the grounds that it overbroad, unduly burdensome and seeks the production of documents and information that are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

      7.    All documents relating to Trustmark's review, monitoring, auditing and/or supervision of WEB and/or its principals.

**RESPONSE:** Trustmark objects to this request on the grounds that it is overbroad, unduly burdensome and seeks the production of documents and information that is not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing General and Specific Objections, Trustmark will produce all responsive non-privileged documents relating to the 1998 and 1999 Treaties, if any.

      8.    All documents relating to any claims against WEB and/or its principals asserted, considered, discussed or contemplated by Trustmark.

**RESPONSE:** Trustmark objects to this request on the grounds that it is overbroad, unduly burdensome and seeks the production of documents and

information that is not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

> 9. All communications between Security and Trustmark relating to: (a) Trustmark's assertion that Security is entitled to rescind the 1999 Treaty; (b) Trustmark's purported rescission of the 1999 Retrocession Contract; or (c) each of the allegations set forth in Trustmark's third-party complaint against TIG.

**RESPONSE:** Subject to the foregoing General and Specific Objections, Trustmark will produce all responsive non-privileged documents relating to the 1998 and 1999 Treaties, if any.

> 10. All documents relating to: (a) WEB and/or its principals; (b) Trustmark's assertion that Security is entitled to rescind the 1999 Treaty; (c) Trustmark's purported rescission of the 1999 Retrocession Contract; or (d) each of the allegations set forth in Trustmark's third-party complaint against TIG.

**RESPONSE:** Trustmark objects to this request on the grounds that sub-part (a) is overbroad, unduly burdensome and seeks the production of documents and information that is not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing General and Specific Objections, Trustmark will produce all responsive non-privileged documents relating to the 1998 and 1999 Treaties, if any.

> 11. All documents relating to Trustmark's underwriting and/or business practices or operations, including, but not limited to, underwriting or business guidelines, plans, policies, directives, methodologies, systems, projections, estimates or goals.

**RESPONSE:** Trustmark objects to this request on the grounds that it is overbroad, unduly burdensome and seeks the production of documents and information that is not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing General and Specific Objections, Trustmark will produce all

responsive non-privileged documents relating to the 1998 and 1999 Treaties, if any.

        12. All documents relating to WEB's underwriting and/or business practices or operations, including, but not limited to, underwriting or business guidelines, plans, policies, directives, methodologies, systems, projections, estimates or goals.

**RESPONSE:** Trustmark objects to this request on the grounds that it is overbroad, unduly burdensome and seeks the production of documents and information that is not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing General and Specific Objections, Trustmark will produce all responsive non-privileged documents relating to the 1998 and 1999 Treaties, if any.

        13. All documents relating to or reflecting Trustmark's knowledge and/or understanding of WEB's underwriting and/or business practices.

**RESPONSE:** Trustmark objects to this request on the grounds that it is overbroad, unduly burdensome and seeks the production of documents and information that is not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing General and Specific Objections, Trustmark will produce all responsive non-privileged documents relating to the 1998 and 1999 Treaties, if any.

14. All documents relating to any decision(s) or consideration(s) by Trustmark to limit, revoke and/or terminate WEB's authority to conduct business on its behalf, including, but not limited to, WEB's underwriting and claims handling authority.

**RESPONSE:** Trustmark objects to this request on the grounds that it is overbroad, unduly burdensome and seeks the production of documents and information that is not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

15. All documents relating to any business offered, solicited, placed, underwritten, bound or administered by WEB on behalf of Trustmark or any of WEB's other principals, including, but not limited to, treaty, contract, underwriting, correspondence, placement, accounting and other files.

**RESPONSE:** Trustmark objects to this request on the grounds that it is overbroad, unduly burdensome and seeks the production of documents and information that is not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

16. All documents relating to reinsurance or retrocession protections requested, offered, placed, sought to be placed, considered or contemplated with respect to business written by WEB and/or classes and categories of business which included business written by WEB, including, but not limited to any dispute, discussion or communication relating to the existence, validity, enforceability, scope or application of such reinsurance or retrocession protections.

**RESPONSE:** Trustmark objects to this request on the grounds that it is overbroad, unduly burdensome and seeks the production of documents and information that is not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

17. All agency, underwriting, employment, consulting, severance, cooperation, confidentiality, services or other agreements between or among and WEB and/or WEB's principals, and all documents relating to any such agreements.

**RESPONSE:** Trustmark objects to this request on the grounds that it is overbroad, unduly burdensome and seeks the production of documents and information that is not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing General and Specific Objections, Trustmark has produced responsive non-privileged documents in *Security I*, if any.

    18. All documents relating to any compensation paid by Trustmark to WEB and/or WEB's principals.

**RESPONSE:** Trustmark objects to this request on the grounds that it is overbroad, unduly burdensome and seeks the production of documents and information that is not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing General and Specific Objections, Trustmark has produced responsive non-privileged documents in *Security I*, if any.

    19. All documents concerning any audit of TIG and/or the business subject to the 1998 Treaty and/or the 1999 Treaty conducted by, or on behalf of, WEB, Security, Trustmark and/or U.S. Life.

**RESPONSE:** Subject to the foregoing General and Specific Objections, Trustmark has produced responsive non-privileged documents in *Security I*, if any.

20. All documents concerning any actuarial, underwriting or other review, study or analysis performed by Security, Trustmark or WEB regarding TIG business that was subject to the 1998 Treaty, the 1998 Retrocession Contract, the 1999 Treaty and/or the 1999 Retrocession Contract.

**RESPONSE:** Subject to the foregoing General and Specific Objections, Trustmark has produced responsive non-privileged documents in *Security I*, if any.

Dated: November 4, 2002

Signed as to objections only:

_____
One of the attorneys for Trustmark
Insurance Company

David M. Spector CT 21679
Ronald S. Safer CT 22766
Everett J. Cygal CT 22765
Schiff Hardin & Waite
6600 Sears Tower
Chicago, Illinois 60606-6473
312-258-5500
312-258-5722 (fax)

## CERTIFICATE OF SERVICE

      I, Everett J. Cygal, an attorney, certify that on November 4, 2002, I caused a true and correct copy of Trustmark Insurance Company's Response And Objections To TIG Insurance Company's Request To Produce to be served by U.S. Mail deposited at the Sears Tower, 233 South Wacker Drive, Chicago, Illinois, on:

Mark B. Holton, Esq.
Gibson Dunn & Crutcher
200 Park Avenue, Floor 48
New York, New York 10166

Frank F. Coulom, Jr., Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

David A. Slossberg, Esq.
Hurwitz & Sagarin
147 North Broad Street
Milford, CT 06460-0112

Harry P. Cohen, Esq.
Cadwalader, Wickersham & Taft
100 Maiden Lane
New York, NY 10038

                                        _____
                                              Everett J. Cygal

CHI_DOCS1\ 464837.1