UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITY INSURANCE COMPANY OF HARTFORD,<br><br>                                          Plaintiff,<br><br>                    -against-<br><br>TRUSTMARK INSURANCE COMPANY,<br><br>                                          Defendant. | CIVIL NO. 3:01-CV-02198 (PCD) |
| TRUSTMARK INSURANCE COMPANY,<br><br>                                   Third-Party Plaintiff,<br><br>                    -against-<br><br>TIG INSURANCE COMPANY,<br><br>                                   Third-Party Defendant. | SEPTEMBER 10, 2004 |

### TIG INSURANCE COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO TRUSTMARK'S MOTION FOR CLARIFICATION OF ORDER GRANTING IN PART TIG'S MOTION FOR PROTECTIVE ORDER

Third Party Defendant TIG Insurance Company ("TIG"), through its counsel, submits this memorandum of law in opposition to the motion by Trustmark Insurance Company ("Trustmark") for clarification of that portion of the Court's August 4, 2004 Rulings on Prior Pending Discovery Motions (the "Order") which granted in part TIG's motion for protective order with respect to documents relating to due diligence of TIG conducted by Fairfax Financial Holdings Ltd. ("Fairfax").

## BACKGROUND

In the Order, the Court granted in part TIG's motion for a protective order with respect to documents relating to Fairfax's due diligence of TIG. Specifically, the Court ruled that "as a review of the third-party complaint reveals that timely and accurate reporting is the only apparent relevant basis for th[is] discovery, Defendant shall limit its requests to due diligence material that reflects TIG's ability to report losses in a timely manner or in the alternative any failures to provide loss reporting in a timely manner." Order at 7-8.

Trustmark, purportedly to "avoid any confusion in the Canadian proceedings" (Trustmark Motion at 5), now asks the Court to "clarify" the Order to provide that Fairfax must produce "among the documents regarding the Fairfax due diligence and eventual purchase of TIG:" (i) "all documents related to TIG's workers' compensation business;" (ii) "all documents that bear upon the overall value of TIG with and without the workers' compensation business[;]" and (iii) "all documents regarding TIG's ability or inability to report losses in a timely manner." Trustmark Motion at 5.

As discussed below, Trustmark's request for a "clarification" is either wholly unnecessary or otherwise amounts to an improper attempt to broaden the scope of discovery beyond that which Trustmark itself previously requested and which the Court has already, clearly and unambiguously, authorized.

## ARGUMENT

The Court should deny Trustmark's motion for clarification for the following reasons.

First, Trustmark's requested clarification purports retroactively to greatly broaden the scope of the Letters Rogatory which Trustmark itself drafted and which the Court issued more than a year-and-a-half ago. The Letters Rogatory called for the production of documents and/or correspondence relating to Fairfax's due diligence of TIG. Significantly, the Letters Rogatory did **not** require (as Trustmark's purported clarification would) production of documents relating to the "eventual purchase of TIG" (a request which is, in any event, extremely broad and, at best, utterly amorphous). Trustmark Motion at 5. Trustmark should not be allowed to use a motion to clarify the Order as a pretext to attempt to broaden the scope of the Letters Rogatory the Court signed and issued 18 months earlier.

Second, Trustmark's proposed clarification to require production of "all documents related to TIG's workers' compensation business" is clearly unnecessary. Trustmark Motion at 5. There has never been any dispute about Fairfax's obligation (or willingness) to produce due diligence documents relating to TIG's workers compensation business. Indeed, as explained in TIG's June 16, 2003 motion for a protective order at 7, Fairfax has already produced (in May 2003) "all documents relating to its due diligence for the purchase of TIG that also related to TIG's workers compensation business." There is no need to clarify the Order to state that Fairfax is required to produce that which it has already produced.

Similarly, the Order is crystal clear with respect to Trustmark's entitlement to due diligence documents concerning "TIG's ability or inability to report losses in a timely manner." Trustmark Motion at 5. Indeed, the Order expressly provides that "[Trustmark] shall limit its

requests to due diligence material that reflects TIG's ability to report losses in a timely manner or in the alternative any failures to provide loss reporting in a timely manner." Order at 8. Again, there is no need to clarify what is already clear and unambiguous on its face. In this respect, we believe that it is significant to note that Trustmark has made no effort to discuss the interpretation of the Order with either TIG or Fairfax.

Finally, Trustmark's request that the Court "clarify" the Order to permit it to conduct discovery of Fairfax concerning "the overall value of TIG with and without the workers' compensation business" is yet another pretext designed impermissibly to broaden the scope of discovery authorized by the Court. Trustmark Motion at 5. As a preliminary matter, Trustmark's proposed clarification would only confuse matters, since the phrase "overall value of TIG with and without the workers' compensation business" is so overly broad and amorphous that it would potentially include all of the documents that the Court previously ruled were irrelevant to this litigation. More importantly, however, contrary to Trustmark's assertions, there have never been any arguments asserted, nor evidence adduced, regarding "the effect [TIG's alleged] misrepresentations . . . had on TIG's overall value." Trustmark Motion at 4. In truth:

- Trustmark's Third-Party Complaint is devoid of any allegations concerning "the overall value of TIG with and without the workers' compensation business" (O'Sullivan Decl., Ex. A);

- Trustmark's supplemental responses to TIG's interrogatories -- which were intended to elicit the details underlying the allegations in Trustmark's third party complaint -- do not refer or allude in any way to "the overall value of TIG with and without the workers' compensation business" (*id.*, Ex. B);

- Trustmark's document request to TIG did not seek any documents relating to "the overall value of TIG with and without the workers' compensation business" (*id.*, Ex. C);

- • the three expert reports that Trustmark submitted in this case do not refer or allude in any way to the "the overall value of TIG with and without the workers' compensation business" (*id.*, Ex. D, E & F); and

- • in none of the papers Trustmark submitted in support of its efforts to conduct discovery of Fairfax did Trustmark argue that discovery of Fairfax was necessary so that it could determine "the overall value of TIG with and without the workers' compensation business" (*e.g.*, *id.*, Ex. G).

In short, "the overall value of TIG with and without the workers' compensation business" is not and has never been an issue in this case.[1]

In sum, there is nothing unclear or ambiguous about the Order, and Trustmark's transparent attempt to circumvent and broaden the scope of the Order under the guise of clarification should be rejected by the Court.

---

[1]    Similarly, Trustmark's assertion that discovery on this "issue" is "essential to put in context TIG's nondisclosures and misrepresentations, and to illustrate what TIG as a company stood to gain by dressing up this book of business for reinsurance" is baseless. Trustmark Motion at 4. Indeed, in its third party complaint, Trustmark has already alleged the context in which TIG's misrepresentations and nondisclosures allegedly took place and what TIG as a company stood to gain from the reinsurance. "This case is about TIG's attempt to knowingly defraud the reinsurance marketplace so that it could pass on to its reinsurers hundreds of millions of dollars of poorly performing workers' compensation business." O'Sullivan Decl., Ex. A, ¶ 3. In any event, Trustmark's newly adopted position is belied by the fact that, during the more than two years this action was pending, Trustmark *never* sought any discovery whatsoever regarding "TIG's overall value." Trustmark Motion at 2.

## CONCLUSION

For the reasons set forth above, TIG respectfully requests that the Court deny Trustmark's motion for clarification of the Order.

Dated:      September 10, 2004

THIRD-PARTY DEFENDANT

By: _David Alossberg_

J. Daniel Sagarin  CT 04289
David A. Slossberg  CT 113116
Hurwitz, Sagarin & Slossberg, LLC
147 North Broad Street
Milford, Connecticut 06460-0112
Tel.: (203) 877-8000
Fax: (203) 878-9800

Harry P. Cohen CT 20446
Brian O'Sullivan CT 23790
Cadwalader, Wickersham & Taft, LLP
100 Maiden Lanen Lane
New York, NY 10038
Tel: (212) 504-6000
Fax: (212) 504-6666

Attorneys for Third-Party Defendant
TIG Insurance Company

## CERTIFICATE OF SERVICE

This is to certify that on September 10, 2004, a true and correct copy of the foregoing was sent via facsimile and mailed, postage prepaid, first class mail, to:

Frank F. Coulom, Jr., Esq.
Marion B. Manzo, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT  06103-3597

Attorneys for Plaintiff

Alia L. Smith
Christine Y. Wong, Esq.
Mark B. Holton, Esq.
James L. Hallowell, Esq.
Kathryn E. Nealon, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, NY  10166-0193

Attorneys for Plaintiff

David J. Grais, Esq.
Erick M. Sandler, Esq.
Robert J. Morrow, Esq.
Kathryn C. Ellsworth, Esq.
Dewey Ballantine LLP
1301 Ave of the Americas
New York, NY  10019-6092

Attorneys for Plaintiff

David R. Schaefer, Esq.
Rowena A. Moffett, Esq.
Brenner, Saltzman & Wallman
271 Whitney Avenue
P.O. Box 1746
New Haven, CT  06511-1746

Attorneys for Defendant,
Third Party Plaintiff

David M. Spector, Esq.
Everett J. Cygal, Esq.
Ronald S. Safer, Esq.
Amy M. Rubenstein, Esq.
Michael Mullins, Esq.
Paula J. Morency, Esq.
William E. Meyer, Jr., Esq.
Dennis G. LaGory, Esq.
Sharon A. Doherty, Esq.
Schiff Hardin & Waite
6600 Sears Tower
Chicago, IL  60606-6473

Attorneys for Defendant,
Third Party Plaintiff

David A. Slossberg

Clerk's Office
USDC – New Haven
141 Church Street
New Haven, CT  06510

Harry P. Cohen, Esq.
Brian J. O'Sullivan, Esq.
Cadwalader, Wickersham & Taft
100 Maiden Lane
New York, NY  10038
Telephone:  212-504-6000
Facsimile:  212-504-6666