UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITY INSURANCE COMPANY OF HARTFORD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TRUSTMARK INSURANCE COMPANY, )<br>)<br>Defendant. )<br>_____ )<br>)<br>TRUSTMARK INSURANCE COMPANY, )<br>)<br>Third Party Plaintiff, )<br>)<br>v. )<br>)<br>TIG INSURANCE COMPANY, )<br>)<br>Third Party Defendant. ) | Civil No. 301CV2198(PCD)<br><br><br><br><br><br>September 20, 2004 |

**TRUSTMARK'S MEMORANDUM OF LAW IN OPPOSITION
TO TIG'S MOTION FOR PARTIAL RECONSIDERATION OF THE
<u>COURT'S AUGUST 4, 2004 RULINGS ON PRIOR PENDING DISCOVERY MOTIONS</u>**

Defendant Trustmark respectfully submits its opposition to TIG's Motion for Partial Reconsideration of the Court's August 4, 2004 Rulings on prior pending discovery motions. TIG's Motion merely reiterates arguments TIG has presented to this Court – and which this Court has now ruled upon – on three prior occasions. Accordingly, Trustmark respectfully requests that TIG's motion for reconsideration be denied in its entirety.

The documents which TIG again seeks in its Motion for Partial Reconsideration have been the subject of three prior motions filed by TIG: (i) its original motion to compel (dated December 4, 2002 [Docket Nos. 126-127]), which was resolved by this Court's February 5, 2003 Order; (ii) its Motion for Clarification of the February 5 Order [Docket Nos. 157-158], which

was resolved by the Court's March 14 Order; and again in (iii) TIG's Motion to Compel (filed June 18, 2003 [Docket Nos. 256-257]), which was resolved by the Court's recent August 4 Order. Here again, TIG has essentially presented its motion to compel to this Court for a third time, trying yet again to obtain a different ruling. Yet, the arguments set forth in the instant Motion to Reconsider are merely the same arguments repackaged, and often quoted verbatim, from TIG's prior motion and briefs. TIG has presented no justification for this Court to reconsider or revise its August 4 Order.

## DISCUSSION

The standard for reconsideration is "strict," as has been previously recognized by this Court. Acequip Ltd. v. AM. Eng'g Corp., 218 F.R.D. 364, 365 (D. Conn. 2003) (Dorsey, S.J.); see also Connecticut State Dep't of Social Services v. Thompson, No. Civ.A. 399CV2020SRU, 2003 WL 21011133, *1 (D. Conn. Feb. 20, 2003) (citation omitted) (same). This is so "in order to dissuade repetitive arguments on issues that have already been considered fully by the Court," and a motion for reconsideration "should not serve as a vehicle for relitigating issues already decided." Metropolitan Entertainment Co. v. Koplik, 25 F. Supp. 2d 367, 368 (D. Conn. 1998) (citations omitted).[1]

Accordingly, a motion for reconsideration should be granted only "if there is an intervening change of controlling law, new evidence becomes available, or if there is a need to correct a clear error or prevent manifest injustice." See Virgin Atlantic Airways v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992); Metropolitan Entertainment, 25 F. Supp. 2d at 368 (citation omitted). Here, TIG has failed to present any legal or factual basis justifying

---

[1] See also Gold v. Dalkon Shield Claimants Trust, No. 5:82-CV-383 (EBB), 1998 WL 4229000, *4 (D. Conn. July 16, 1998) (Rule 59(e) is not intended "to give an unhappy litigant one additional chance to sway the judge") (internal quotations omitted).

reconsideration of the Court's August 4 Order. Its motion for reconsideration is simply TIG's attempt to reargue the same issues – now for the fourth time – and should be denied.

TIG's Motion seeks this Court to again direct Trustmark to produce documents which this Court has repeatedly ruled need not be produced and which fall outside the scope of the Court's February 5, 2003 and March 14, 2003 Orders, or documents which Trustmark has repeatedly advised TIG simply do not exist. These documents include: (i) WEB underwriting memoranda provided to Trustmark, including a brand new request for WEB underwriting documents for business written on US Life paper; and (ii) documents requested during Robin Ekwall's deposition.

### A. TIG Seeks WEB Underwriting Memoranda Which This Court Has Already Ruled Trustmark Need Not Produce.

In its earlier rulings on TIG's motion to compel, the Court granted TIG's motion with respect to a category of "agency documents," but limited the scope of discovery into the categories of "underwriting documents" and "retrocessional documents." (Court's Order of February 5, 2003, at 6-8.) The underwriting memoranda TIG seeks (in addition to the memoranda already produced) fall clearly within the category of "Underwriting Documents" and are governed by the Court's ruling pertaining to those documents. TIG does not dispute this. In the instant Motion, however, TIG claims that it is entitled to additional WEB underwriting memoranda because, TIG argues, such documents also fall under the label of "agency documents." (TIG Mem. at 3-4.) However, TIG presents no justification for why this Court should now find that these "underwriting" documents somehow should also be deemed "agency" documents.

TIG presented the same argument in support of its June 18 Motion to Compel (see TIG Mem. (filed June 18, 2003 [Docket No. 257]) at 5-6, and TIG's Reply Mem. (filed June 30, 2003

[Docket No. 270]) at 2-4), an argument which this Court has already considered and rejected. Trustmark responds here, as it did then, that TIG's exception swallows the rule. TIG's expansive view of "agency" documents would render the Court's limitations on the scope of production of the underwriting documents meaningless – all of WEB's underwriting documents relating to all of Trustmark's and WEB's transactions, rather than the subset determined by the Court, would be called for. This expansive result could not have been intended by the Court.[2]

Indeed, TIG erroneously asserts that Trustmark has "conceded" that it has not produced all "agency documents," (TIG Mem. at 4.) As ordered by the Court, Trustmark has produced all "agency documents" as it naturally understood the Court's order to require. Trustmark, however, has consistently maintained that "underwriting memoranda" fall within the "underwriting documents" category—not the "agency documents" category. Trustmark has produced all such memoranda that meet the requirements set forth by the Court in its February 5 and March 14 Orders.

TIG erroneously implies that this Court previously ruled that all underwriting memoranda also constituted "agency" documents (see TIG Mem. at 5). The Court's March 14, 2003, while granting TIG's motion to compel, ruled on specific discovery issues but nowhere held that underwriting memoranda were subject to production as "agency documents," even though they were otherwise properly excluded under the "underwriting documents" criteria.

---

[2] Specifically, the Court noted that while "some discovery into these other transactions is appropriate," it "[did] not justify *carte blanche* production[.]" (See February 5 Order at 8 (initial emphasis added).) The Court then narrowed the field of documents to be produced to

> those agreements involving (1) reporting deficiencies of the nature but not necessarily the magnitude alleged in the third-party complaint, (2) overall profitability less than or equal to the TIG insurance at issue in this action, and (3) pricing or reserving problems in blocks of insurance reinsured.

(February 5 Order at 8.)

### B. TIG's Belated Request for WEB Underwriting Memoranda for US Life Business Must Be Rejected.

TIG attempts to injects a new document request into its motion for reconsideration: the production of all WEB underwriting memoranda that related to business written on US Life paper. (TIG Mem. at 6-7.) This new request was not the subject of any of TIG's prior motions to compel and is improperly raised for the first time on a motion for reconsideration. See St. George v. Inline Plastics Corp., No. 3:98CV1820 (JCH), 2000 WL 303260, *1 (D. Conn. Feb. 14, 2000) (motion to reconsider cannot be used to raise new issue or argue in the alternative once a decision has been made).

Contrary to TIG's representation that Trustmark advised it only recently "for the first time" that it had not produced documents for WEB business written on US Life Paper (TIG Mem. at 6), TIG was well aware of those contracts for which Trustmark had produced underwriting materials. (See O'Sullivan Decl., Ex. F (attaching Letter from W. Meyer to H. Cohen dated April 29, 2003, wherein Trustmark identified all contracts for which documents were being produced.) TIG knew which documents it had received, knew which contracts Trustmark has identified as responsive to the Court's February 5 and March 14 Orders, and knew that all of those contracts were business written on Trustmark's own paper.

Further, TIG has never sought to compel the production of such documents for business written on US Life paper.[3] Indeed, in its original motion to compel, TIG sought only "discovery of other reinsurance contracts that WEB underwrote on behalf of Trustmark." (TIG's December 4, 2002, Mem. In Support of Its Motion To Compel [Docket No. 127] at 10.) Similarly, the

---

[3] TIG did, however, seek these documents directly from US Life. (Subpoena, dated October 31, 2002, attached as **Exhibit 1**, Requests 9-11.)

Court found that, with certain limitations, transactions in which WEB "represented plaintiff [Security] and defendant [Trustmark] may be relevant . . . ." (February 5 Order at 7-8.)

Accordingly, TIG improperly seeks to assert its new request within the context of the Court's prior discovery rulings – even though the Court's prior discovery orders do not require the production of those documents.[4] The request should be denied.

### C. This Court Properly Ruled That Trustmark Is Not Required To Produce Documents Which Do Not Exist and Over Which It Has No Control.

TIG once more seeks this Court to order Trustmark to produce "documents requested at Robin Ekwall's February 6 deposition." (TIG Mem. at 7.) In its August 4 Order, this Court held that "[t]his Court will not order Defendant to produce documents over which it claims no control or custody or require it to obtain the production from WEB, a former agent." (August 4 Order at 5.) TIG presents no valid basis for reconsideration, but asserts that Trustmark "continues to have custody and control over WEB's documents" by virtue of a settlement agreement with WEB. (TIG Mem. at 7.) TIG's argument, however, misses the point. Whether Trustmark had control over certain of WEB's documents relating to its business with WEB does not mean it

---

[4] Although TIG argues that "Trustmark did not object to the production of documents relating to WEB business written on US Life paper" (TIG Mem. at 7, n.1), Trustmark has neither agreed, nor has been compelled, to produce such documents in the first place. Trustmark notes for the Court that it did object specifically in its written responses to TIG's requests to any information relating to the relationship between Trustmark and US Life (All American). (See O'Sullivan Decl., Ex. I at 2 (Trustmark's objections.) Trustmark has also consistently maintained during this litigation that it would not be producing documents for business written on US Life paper, unless otherwise ordered. (See, e.g., Trustmark's Mem. in Opp. to Security's Motion to Compel (filed May 16, 2003 [Docket No. 237]) at 2-6.) Moreover, TIG fails to offer any reason why WEB's deals written on US Life paper are at all relevant to this action. This Court has previously noted that US Life's other deals are not relevant when it entered an order ruling on a similar issue, in which it denied Security's request for discovery into all of U.S. Life's (a separate insurance company's) reinsurance disputes. (Order of June 10, 2003, at 10-11.)

controlled all of WEB's files, and it certainly does not mean that Trustmark has the ability to produce <u>documents which no longer exist</u>.

As Trustmark has previously advised TIG, all of the documents requested by TIG during Mr. Ekwall's deposition have either already been produced, or do not exist in Trustmark's possession, control or custody.[5] With respect to four of the five categories of documents sought by TIG – the "development factors database", documents prepared by Collins relating to WEB's proposed retrocessional structure, documents regarding Wakely's and/or Mark Crenshaw's work, and a "profitability analysis" performed by Steven Wright – Trustmark specifically advised TIG that it did not have these materials in its possession, that it had contacted WEB to inquire about these documents, and Trustmark learned that these materials do not exist or are no longer in WEB's possession. (<u>See</u> Ltr. from W. Meyer dated March 28, 2003, attached hereto as **Exhibit 2**; <u>see also</u> Trustmark's Mem. in Opp. to Motion to Compel (filed June 27, 2003 [Docket No. 268]) at 5-6.) Thus, it is not a question of whether Trustmark has "custody" or not in the legal sense, but that the documents simply no longer exist.

Finally, with respect to the final category of documents – the original WEB underwriting files – Trustmark explicitly stated in its response to TIG's motion to compel that these files had already been made available to TIG. (<u>See</u> Trustmark Mem. in Opp. to Motion to Compel (filed June 27, 2003 [Docket No. 268]) at 6.)

---

[5] These documents include, as set forth in the Court's August 4 Order: (i) a WEB "development factors database"; (ii) documents prepared by Collins Associates relating to WEB's proposed retrocessional structure; (iii) documents regarding Wakely's and/or Mark Crenshaw's work on behalf of WEB; (iv) WEB's original underwriting files for the 1998 and 1999 Treaties; and (vi) a "profitability analysis" performed by Steven Wright at WEB. (August 4 Order at 5; TIG Mem. in Support of Motion to Compel (filed June 18, 2003 [Docket No. 257]) at 8, and Exs. D and F thereto.)

## **CONCLUSION**

For all the foregoing reasons, Trustmark respectfully requests that TIG's Motion for Partial Reconsideration be denied.

                        TRUSTMARK INSURANCE COMPANY

                        _____/s/ Rowena A. Moffett, Esq.___
                        Counsel for
                        Trustmark Insurance Company

                        David R. Schaefer CT 04334
                        Rowena A. Moffett  CT 19811
                        Brenner, Saltzman & Wallman LLP
                        271 Whitney Avenue
                        New Haven, Connecticut 06511

                        David M. Spector CT 21679
                        Paula J. Morency CT 24740
                        John A. Bannon
                        SCHIFF HARDIN LLP
                        6600 Sears Tower
                        Chicago, Illinois 60606-6473

## **CERTIFICATE OF SERVICE**

This is to certify that on September 20, 2004, I caused a true and correct copy of *Trustmark's Memorandum of Law in Opposition to TIG's Motion for Partial Reconsideration of the Court's August 4, 2004 Rulings on Prior Pending Discovery Motions* to be sent by facsimile and by overnight mail, directed to:

Mark B. Holton, Esq.
Kate Nealon, Esq.
Gibson Dunn & Crutcher
200 Park Avenue, Floor 48
New York, New York 10166

David Grais, Esq.
Kay Ellsworth, Esq.
Dewey Ballantine LLP
1301 Avenue of the Americas
New York, NY 10019-6092

Frank F. Coulom, Jr., Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

David A. Slossberg, Esq.
Hurwitz & Sagarin
147 North Broad Street
Milford, CT 06460-0112

Harry P. Cohen, Esq.
Brian O'Sullivan, Esq.
Cadwalader, Wickersham & Taft
100 Maiden Lane
New York, NY 10038

                                                                                        /s/ Rowena A. Moffett, Esq.
                                                                                       Rowena A. Moffett, Esq. (ct19811)