11/04/2002 21:09 FAX @003/012

AO 88 (Rev. 11/91) Subpoena in a Civil

# United States District Court

SOUTHERN DISTRICT OF NEW YORK

SECURITY INSURANCE COMPANY OF HARTFORD,
    Plaintiff,

v.

TRUSTMARK INSURANCE COMPANY,
    Defendant.

TRUSTMARK INSURANCE COMPANY,
    Third-Party Plaintiff,

v.

TIG INSURANCE COMPANY,
    Third-Party Defendant.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 3 01 CV 2198 (PCD)

(Pending in the United States District Court for the District of Connecticut)

TO:  CUSTODIAN OF RECORDS
THE UNITED STATES LIFE INSURANCE CO.
IN THE CITY OF NEW YORK
3600 ROUTE 66
NEPTUNE, NEW JERSEY 07754-1580

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| CADWALADER, WICKERSHAM & TAFT<br>100 Maiden Lane<br>New York, New York 10038 | November 25, 2002<br>at 10:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| CADWALADER, WICKERSHAM & TAFT<br>100 Maiden Lane<br>New York, New York 10038 | November 15, 2002<br>at 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Brian J. O'Sullivan  Counsel for Third-Party Defendant | October 31, 2002 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Brian J. O'Sullivan, Esq., 100 Maiden Lane, New York, New York 10038

# Exhibit A

## DEFINITIONS

1. "WEB" means WEB Management LLC, its principals, employees, attorneys, agents and affiliates.

2. "Security" means Security Insurance Company of Hartford, its employees, attorneys, agents and affiliates, including without limitation, Alternative Risk Transfer Strategies, Inc. (or ARTIS).

3. "Trustmark" means Trustmark Insurance Company, its employees, attorneys, agents and affiliates.

4. "TIG" means TIG Insurance Company, its employees, attorneys, agents and affiliates.

5. "U.S. Life" means United States Life Insurance Company in the City of New York, its employees, attorneys, agents and affiliates.

6. "1998 Treaty" means the Workers Compensation First Excess of Loss Carve Out Reinsurance Agreement that was entered into effective April 1, 1998 between TIG (as cedent) and WEB on behalf of U.S. Life (as reinsurer).

7. "1999 Treaty" means the Workers Compensation Underlying Excess of Loss Reinsurance Agreement that was entered into effective January 1, 1999 between TIG (as cedent) and WEB on behalf of Security (as reinsurer).

CWT\NYLIB2\174218.1

8.  "1998 Retrocession Contract" means the retrocessional agreement that WEB entered into on behalf of U.S. Life (as retrocedent), pursuant to which all or part of the liability assumed by U.S. Life under the 1998 Treaty was retroceded (directly or indirectly) to Trustmark.

9.  "1999 Retrocession Contract" means the retrocessional agreement that WEB entered into on behalf of Security (as retrocedent) and Trustmark (as retrocessionaire) reinsuring 100% of the liability assumed by Security under the 1999 Treaty subject to certain immaterial exclusions.

10. "Document(s)" means the original and any identical or non-identical copy or draft, regardless of origin or location, of any writing or record of any type (including email). For example, the term "Documents" would include any copy of a letter, memorandum, telegram, telex, report, record, study, handwritten or other note, working paper, chart, paper, graph, index, tape disc, data sheet or data processing card, correspondence, table, analysis, or electronic computer file, diskette, or compact disc.

11. "Communication" means the transmission or expression of any thought, word, statement, fact, opinion, idea, document, instruction, demand, or question whether written or oral, whether made in person, by telephone, in the context of a meeting, transmitted electronically or telegraphically or transmitted in any other fashion.

12. "Relating to" or "relates to" means relating in any way to, referring to, mentioning, discussing, describing, reflecting, concerning, memorializing, supporting, dealing with, consisting of, constituting, evidencing, comprising, recording, or in any

other way pertaining to the subject, either in whole or in part whether directly or indirectly.

13. "Including" means including without limitation.

### INSTRUCTIONS

1. Unless otherwise specified, all documents are to be produced as they are kept in the usual course of business or affairs so that the requesting party may ascertain the file in which the documents were located, the relative order in such files, and how such files are maintained.

2. The following rules of construction should be applied to the Request for Production below:

    a. All/Each: The terms "all" and "each" shall be construed as all and each;

    b. And/Or: The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope;

    c. Number: The use of the singular form of any word includes the plural and vice versa.

3. If any Document sought herein has been lost, discarded, or destroyed, the Document so lost, discarded, or destroyed shall be identified as completely as possible, including the following information: author, date, and subject matter, content of document, date of disposal, manner of disposal, reason for disposal, person authorizing disposal, and person disposing of the Document.

4. If any request is deemed to call for the disclosure of privileged materials, and such privilege is asserted, a list is to be furnished identifying the allegedly privileged material so withheld together with the following information:

    a. the reason for withholding;

    b. a statement of facts constituting the basis for any claim of privilege, work product, or other ground of non-disclosure;

    c. a brief description of the allegedly privileged matter, including;

        i. the date of the Document, conversation, or other manner;

        ii. the name(s) of the Document's author(s), as well as the name of each person who was sent or shown copies, including blind or carbon copies; and

        iii. the subject matter of the Document and, in the case of any Document relating in any way to a meeting or conversation, identification of such meeting or conversation.

5. These requests are deemed to be continuing and you shall supplement your production to the full extent required by law.

-4-

## REQUEST FOR PRODUCTION

1. All documents relating to the 1998 Treaty, including, but not limited to, any treaty, underwriting, correspondence, retrocessional and accounting files relating to that contract.

2. All documents relating to the 1999 Treaty, including, but not limited to, any treaty, underwriting, correspondence, retrocessional and accounting files relating to that contract.

3. All documents relating to the 1998 Retrocession Contract, including, but not limited to, any treaty, underwriting, correspondence, retrocessional and accounting files relating to that contract.

4. All documents relating to the 1999 Retrocession Contract, including, but not limited to, any treaty, underwriting, correspondence, retrocessional and accounting files relating to that contract.

5. All documents relating to or reflecting any communications that U.S. Life had with Trustmark concerning WEB, the 1998 Treaty, the 1998 Retrocession Contract, the 1999 Treaty, the 1999 Retrocession Contract and/or the business subject to those contracts.

6. All documents relating to or reflecting any communications that U.S. Life had with Security concerning WEB, the 1998 Treaty, the 1998 Retrocession Contract, the 1999 Treaty, the 1999 Retrocession Contract and/or the business subject to those contracts.

-5-

7.   All documents and/or its principals relating to or reflecting any communications that U.S. Life had with WEB concerning Trustmark, Security, TIG, the 1998 Treaty, the 1998 Retrocession Contract, the 1999 Treaty, the 1999 Retrocession Contract and/or the business subject to those contracts.

8.   All documents relating to the agency relationship between U.S. Life and WEB, including, but not limited to, the decision to enter into such relationship, due diligence or any other review or investigation of WEB or its principals, the drafting and negotiation of any agency or other agreement(s) between U.S. Life and WEB and/or its principals, the parties' performance under such agency or other agreement(s), and the termination of any such agency or other agreement(s).

9.   All documents relating to WEB's underwriting and/or business practices or operations, including, but not limited to, underwriting or business guidelines, plans, policies, directives, methodologies, systems, projections, estimates or goals.

10.  All documents relating to any business solicited, offered, assumed, placed, underwritten, bound or administered by WEB including, but not limited to, treaty, contract, underwriting, correspondence, placement, accounting and other files.

11.  All documents relating to reinsurance or retrocession protections requested, offered, placed, sought to be placed, considered or contemplated with respect to business written by WEB and/or classes and categories of business which included business written by WEB, including, but not limited to any dispute, discussion or communication relating to the existence, validity, enforceability, scope or application of such reinsurance or retrocession protections.

12. All documents concerning any actuarial, underwriting or other review, study or analysis performed by Security, Trustmark or WEB regarding TIG business that was subject to the 1998 Treaty, the 1998 Retrocession Contract, the 1999 Treaty and/or the 1999 Retrocession Contract.

13. All documents relating to any audit of TIG and/or the business subject to the 1998 Treaty and/or the 1999 Treaty conducted by, or on behalf of, WEB, Security, Trustmark and/or U.S. Life.