**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| SECURITY INSURANCE COMPANY OF HARTFORD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TRUSTMARK INSURANCE COMPANY, )<br>)<br>Defendant. )<br>_____)<br>)<br>TRUSTMARK INSURANCE COMPANY, )<br>)<br>Third Party Plaintiff, )<br>)<br>v. )<br>)<br>TIG INSURANCE COMPANY, )<br>)<br>Third Party Defendant. ) | Civil No. 3:01CV2198(PCD)<br><br><br><br><br><br>September 23, 2004 |

**TRUSTMARK'S REPLY IN SUPPORT OF
ITS MOTION FOR CLARIFICATION
OF ORDER GRANTING IN PART
TIG'S MOTION FOR PROTECTIVE ORDER**

Through its Motion for Clarification (doc. #354), Trustmark does <u>not</u> seek to broaden the scope of the letters rogatory issued by this Court. Trustmark seeks what it has always sought: evidence of what TIG was telling its potential purchaser, Fairfax, about its workers compensation business, at the same time as TIG was defrauding and telling a different story to its reinsurers. To that end, Trustmark requested, and this Court granted, discovery of Fairfax with respect to its due diligence for the purchase of TIG. (Letters Rogatory, attached as Exhibit 1.) In other words, Trustmark sought to discover what Fairfax knew when it decided to purchase TIG.

Fairfax (in active concert with TIG's counsel) has resisted Trustmark's discovery at every turn. Among other things, Fairfax has quibbled with the scope of the letters rogatory, presented an unprepared and inadequate deponent, and destroyed directly responsive documents and files. As a result, Fairfax's conduct is being scrutinized in connection with a motion for contempt filed by Trustmark in the Canadian courts. Trustmark fully expects Fairfax and TIG will attempt to limit the scope of this Court's order in the Canadian action. Accordingly, Trustmark requests the Court clarify its order, so that pending Canadian proceedings to compel deposition responses and documents can move forward with a full understanding of the Court's ruling.

Trustmark's motion for clarification should be granted for the following reasons:[1] First, TIG apparently concedes that Fairfax is obliged to produce due diligence documents relating to TIG's workers compensation business. (TIG's Mem. in Opp. at 3.) TIG argues, however, that a clarification of the Court's order is "unnecessary" because Fairfax has already produced "all documents relating to its due diligence for the purchase of TIG that also relate to TIG's workers compensation business." Whether Fairfax has in fact met its discovery obligations, however, is the precise subject of Trustmark's contempt motion in the Canadian court.

Fairfax has produced some documents concerning its due diligence—but Fairfax's counsel has prevented Trustmark from inquiring as to what kind of search for documents was performed. (See, e.g., Deposition of Brian O'Sullivan ("O'Sullivan Dep."), attached as Exhibit 2, at 31-36, 66 (questions regarding Fairfax's search for documents), 63-64, 82 (questions regarding the search for electronic documents).)

---

[1] Trustmark and TIG agree that no clarification is necessary with respect to Trustmark's entitlement to documents concerning TIG's ability or inability to report losses in a timely manner—whether in connection with its workers compensation business or not. (TIG Mem. In Opp. at 3-4.)

Indeed, it has been established that Fairfax has destroyed responsive documents that it should have preserved, but again Fairfax has so far prevented inquiry as to the circumstances of that destruction. (See, e.g., Ex. 2, O'Sullivan Dep. at 7-10 (questions concerning Fairfax's knowledge of the TIG litigation), 14-19, 23-25 (questions concerning Fairfax's awareness of document requests directed to TIG), 66-69 (questions concerning TIG's awareness of the destruction of documents by Fairfax), 70-73 (questions concerning the disclosure to Trustmark that documents had been destroyed).)

These issues of Fairfax's compliance, with others, will be resolved by the Canadian court, but it is vitally important that the Canadian court be advised of the precise scope of Fairfax's obligations under the letters rogatory. Accordingly, Trustmark requests that this Court clarify that TIG's parent company Fairfax must produce, among the documents regarding the Fairfax due diligence and eventual purchase of TIG, all documents related to TIG's workers compensation business.

Secondly, TIG protests that Trustmark should be denied discovery of Fairfax's consideration of the overall value of TIG with, and without, the workers' compensation business. This inquiry, however, is directly relevant to Trustmark's contention that TIG had a motive to misrepresent its workers compensation business in obtaining this extremely favorable reinsurance. TIG argues that it is "unnecessary" for the Court to clarify Trustmark's entitlement to discovery on Fairfax's due diligence for its eventual purchase of TIG, which relates directly to the workers compensation business. But Fairfax's overall valuation of TIG, and the extent to which that value depended upon favorable reinsurance, is important discovery that Trustmark has sought all along. Clarification from this Court is necessary to prevent the hair-splitting that Fairfax and TIG are using to deny that discovery to Trustmark. If Fairfax and TIG are allowed

to conceal the due diligence information that is not stamped "workers compensation," then Trustmark will be deprived of important evidence that would ultimately show, to this Court and the jury, the importance of the workers' compensation and reinsurance issues in the context of this overall acquisition.

Trustmark therefore asks that the Court clarify that its August 4 order is not designed to deprive Trustmark of all documents that bear upon the overall value of TIG with and without the workers' compensation business. Contrary to TIG's assertions, there is nothing "new" about Trustmark's position. TIG's references to Trustmark's prior discovery responses are inapposite. This matter concerns discovery of Fairfax regarding matters that are clearly relevant to Trustmark's case and have been in issue all along. As this Court has noted, "[T]he scope of discovery under Fed. R. Civ. P. 26(b) is very broad, encompassing any matter that bears on, or reasonably could lead to other matter that could bear on, any issue that is or may be in the case." (Order of August 4, 2004 at 2, quoting Maresco v. Evans Chemetics Div. of W.R. Grace & Co., 964 F.2d 106, 114 (2d Cir. 1992) (internal quotations omitted).) Trustmark's discovery of Fairfax is an essential exploration of TIG's misrepresentations to its reinsurers, and are necessary, in full context, to illustrate what TIG as a company stood to gain by dressing up its book of business for reinsurance purposes. Far from being "baseless," this discovery of Fairfax is central to Trustmark's case.

## CONCLUSION

For all the foregoing reasons, in order to avoid any confusion in the Canadian proceedings, Trustmark respectfully requests its motion for clarification be granted.

Respectfully submitted,

TRUSTMARK INSURANCE COMPANY


   /s/ Rowena A. Moffett_____
Counsel for
Trustmark Insurance Company

David R. Schaefer CT 04334
Rowena A. Moffett CT 19811
Brenner, Saltzman & Wallman LLP
271 Whitney Avenue
New Haven, Connecticut 06511

David M. Spector CT 21679
Paula J. Morency CT 24740
John A. Bannon
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, Illinois 60606-6473

**CERTIFICATE OF SERVICE**

This is to certify that on this 23rd day of September, 2004, a copy of the foregoing was sent, via facsimile and by overnight mail to the following counsel and pro se parties of record:

>Mark B. Holton, Esq.
>Kate Nealon, Esq.
>Gibson Dunn & Crutcher
>200 Park Avenue, Floor 48
>New York, New York 10166
>
>David Grais, Esq.
>Kay Ellsworth, Esq.
>Dewey Ballantine LLP
>1301 Avenue of the Americas
>New York, NY 10019-6092
>
>Frank F. Coulom, Jr., Esq.
>Robinson & Cole LLP
>280 Trumbull Street
>Hartford, CT 06103-3597
>
>David A. Slossberg, Esq.
>Hurwitz & Sagarin
>147 North Broad Street
>Milford, CT 06460-0112
>
>Harry P. Cohen, Esq.
>Brian O'Sullivan, Esq.
>Cadwalader, Wickersham & Taft
>100 Maiden Lane
>New York, NY 10038

        __/s/ Rowena A. Moffett___
        Rowena A. Moffett, Esq. (ct19811)