JUN.24.2003    9:35AM                                          NO.917    P.2/8

2003 FEB 28  P 4:44

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITY INSURANCE COMPANY OF HARTFORD, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| TRUSTMARK INSURANCE COMPANY | ) ) |
| Defendant. | ) ) Civil No. 301CV2198(PCD) |
| TRUSTMARK INSURANCE COMPANY, | ) ) |
| Third Party Plaintiff, | ) ) |
| v. | ) ) |
| TIG INSURANCE COMPANY, | ) ) |
| Third Party Defendant. | ) |

### LETTERS ROGATORY

The United States District Court, District of Connecticut, United States of America, to the Ontario Superior Court of Justice, 393 University Avenue, in the City of Toronto, Province of Ontario, Canada.

GREETINGS:

WHEREAS a certain action is pending in the United States District Court for the District of Connecticut, at the City of New Haven, County of New Haven, State of Connecticut, United

States of America, in which Security Insurance Company of Hartford is Plaintiff, Trustmark Insurance Company is Defendant and Third Party Plaintiff, and TIG Insurance Company is Third Party Defendant.

**AND WHEREAS** it having been made known to us the testimony of a representative of the following corporation of the Province of Ontario, Canada, to wit, Fairfax Financial Holdings Limited of 95 Wellington Street West, Suite 800, Toronto, Ontario, Canada, M5J 2N7 is necessary for use at the trial of issues in the said action and without which justice cannot be completely done among the parties;

**AND WHEREAS** documentary production is required from the said witness in order to permit complete justice to be done in this action:

**WE, THEREFORE, REQUEST** that in furtherance of justice, you will cause a representative of Fairfax Financial Holdings Limited of 95 Wellington Street West, Suite 800, Toronto, Ontario, Canada, M5J 2N7 to appear before a person authorized to administer oaths at the offices of Victory Verbatim Reporting Services Inc., Ernst & Young Tower, Suite 900, 222 Bay Street, Toronto, Ontario, Canada at a precise time and place to be fixed by you, and there, pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Evidence, to answer the questions and interrogatories to be propounded by counsel for the respective parties as to the matters set forth in the pleadings in this action and to bring and produce documents and things listed in Rider A to these Letters Rogatory and also to answer questions relating to such documents, and the said questions and answers to be committed and reduced to writing, and

2

ZEISLER & ZEISLER, P.C. • ATTORNEYS AT LAW
558 CLINTON AVENUE • P.O. BOX 3186 • BRIDGEPORT, CONNECTICUT 06605-0186 • (203) 368-4234 • JURIS NO. 69625

thereafter signed by the said witness under oath or affirmation, and thereafter return the said deposition under cover, duly closed and sealed, together with any documents or things to Trustmark Insurance Company, c/o Amy Rubenstein, Schiff Hardin & Waite, 6600 Sears Tower, Chicago, Illinois, 60606, United States of America. The reasonable fees and costs will be borne by Trustmark Insurance Company.

And we shall be ready and willing to do the same for you in a similar case when required.

WITNESS the Honorable Peter C. Dorsey, United States District Judge of the United States District Court for the District of Connecticut, at the City of New Haven, County of New Haven, State of Connecticut, United States of America on the 28th day of February, 2003.

*/s/ Peter C. Dorsey*
The Honorable Peter C. Dorsey
United States District Judge
United States District Court
District of Connecticut
141 Church Street
New Haven, Connecticut 06510
Telephone: (203) 773-2427

## RIDER A

### DEFINITIONS AND INSTRUCTIONS

1. As used herein, the term "document" shall mean all things produceable under Fed. R. Civ. P. 34, and all tangible things including, without limitation, examination reports, correspondence, memoranda, notes, diaries, desk calendars, appointment books, statistical records, letters, electronic mail, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, brochures, books, publications, inter-office communications, papers, notations or tape recordings of any sort of conversations, telephone calls, meetings, interviews, conferences or other communications, bulletins, computer printouts, teletypes, telefax, telex messages, lists, tabulations, invoices, worksheets, analyses, evaluations, data processing input and output, announcements, advertisements, manuals, graphics or oral records or representations of any kind, (including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotapes, recordings, motion pictures), and any electronic, mechanical, or electric records or representations or any kind (including, without limitation, tapes, cassettes, discs, recordings, and computer memories). Any copy contained therein, or attached thereto, all drafts, alterations, modifications, changes, amendments, non-identical copies (whether different from the originals by reason of any notation made on such copies or otherwise), or other materials not included in the documents referred to in the preceding sentence, shall be deemed a separate document within the foregoing definition.

2. "Correspondence" is used in the broadest sense and means any verbal, written, electronic, or other transmission, communication, disclosure, or exchange of words, thoughts,

ideas, or images between or among persons or groups of persons, whether in person, by letter, by telephone, by electronic mail, or by any other means.

3. "Relating to" means constituting, concerning, in connection with, consisting of, embodying, mentioning, describing, memorializing, stating, setting forth, discussing, analyzing, used in considering or evaluating, having any logical or factual connection with, or regarding.

4. The word "and" and the word "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of any request herein any document or tangible thing that might otherwise be construed to be outside its scope.

5. "Trustmark" means Trustmark Insurance Company, its employees, attorneys, and agents, including without limitation WEB Management LLC.

6. "TIG" means TIG Insurance Company, its employees, attorneys, agents, and affiliates.

7. Wherever appropriate, the singular form of a word should be interpreted in the plural, and the plural form of a word should be interpreted in the singular.

8. The documents requested herein should be produced in a manner consistent with Fed. R. Civ. P. 34 or in a manner that indicates to which request or requests each document being produced is responsive.

9. If any document requested herein is withheld on the ground that it is privileged or upon any other ground that it is not subject to discovery, indicate in writing, with respect to each such document: (a) the factual and legal bases for claiming the privilege or other ground relied upon; (b) the name, address, and position of each person who prepared the document and each

2

ZEISLER & ZEISLER, P.C. • ATTORNEYS AT LAW
558 CLINTON AVENUE • P.O. BOX 3186 • BRIDGEPORT, CONNECTICUT 06605-0186 • (203) 368-4234 • JURIS NO. 68625

person (if any) who signed it; (c) the name, address, and position of each to whom the document was directed, circulated, or distributed; (d) the date of the document; (e) the subject matter of the document; and (f) the name, address, and position of each person now in possession of the document.

10.     If any document requested herein has been destroyed or discarded, state as to each such document: (i) the nature of the document; (ii) the identity of the person or persons who destroyed or discarded it; (iii) the full circumstances of its destruction or discarding; and (iv) the reason or reasons why the document was destroyed or discarded. Produce all documents that concern the destruction of each such document.

11.     In responding to these requests, furnish such documents as are available to you, not merely such documents as you have in your personal possession. This means for you to furnish documents in the possession of any person you control.

## DOCUMENT REQUESTS

1.      All documents relating to the due diligence for the purchase of TIG.

2.      All correspondence relating to the due diligence for the purchase of TIG.

3

ZEISLER & ZEISLER, P.C. • ATTORNEYS AT LAW
555 CLINTON AVENUE • P.O. BOX 3186 • BRIDGEPORT, CONNECTICUT 06605-0186 • (203) 368-4234 • JURIS NO. 69625

## CERTIFICATE OF SERVICE

I, Jeffrey Hellman, do certify that a true and correct copy of the foregoing document has been sent by facsimile and United States mail February 28, 2003 addressed to:

Frank F. Coulom, Jr., Esq.
Marion Manzo
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103

David J. Grais, Esq.
Mark B. Holton, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166-0193

David A. Slossberg, Esq.
Hurwitz & Sagarin
147 North Broad Street
Milford, CT 06460-0112

Harry P. Cohen, Esq.
Brian J. O'Sullivan, Esq.
Cadwalader, Wickersham & Taft
100 Maiden Lane
New York, NY 10038

_____
Jeffrey Hellman