UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITY INSURANCE COMPANY OF HARTFORD,<br><br>Plaintiff,<br><br>-against-<br><br>TRUSTMARK INSURANCE COMPANY,<br><br>Defendant.<br><br>TRUSTMARK INSURANCE COMPANY,<br><br>Third Party Plaintiff,<br><br>-against-<br><br>TIG INSURANCE COMPANY,<br><br>Third Party Defendant. | CIVIL NO. 3:01-CV-02198 (PCD)<br><br><br><br>SEPTEMBER 24, 2004 |

**MOTION FOR LEAVE TO AMEND ANSWER OF THIRD-PARTY DEFENDANT
TIG INSURANCE COMPANY TO THE THIRD-PARTY COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 15 (a), Third-Party Defendant, TIG Insurance Company ("TIG"), hereby moves for leave to amend its answer to the third-party complaint. A copy of the proposed Amended Answer has been attached hereto as Exhibit A.

The purpose of this amendment is to assert affirmative defenses of collateral estoppel and comparative/contributory negligence, which is necessary to conform the pleadings to the expected evidence and issues in this matter.

As set forth in the accompanying memorandum of law, granting leave to amend would not be prejudicial to any party as the conduct underlying this action and this defense has been at issue since the commencement of this litigation. Moreover, the delay between the filing of the

original answer and this proposed amendment is of no moment here, as it is attributable to the lengthy stay of litigation in favor of arbitration that has only recently been lifted in this matter.

This is TIG's first request for leave to amend.

Counsel for TIG has been unable to ascertain the position of Defendant/Third-Party Plaintiff, Trustmark Insurance Company, and Plaintiff, Security Insurance Company of Hartford.

WHEREFORE, TIG respectfully requests that the Court grant leave to file the attached Amended Answer and that, upon the granting of this motion, the Amended Answer shall be deemed filed on the Court docket.

        THIRD PARTY DEFENDANT
        TIG INSURANCE COMPANY

By: _____
    J. Daniel Sagarin   CT04289
    David Slossberg CT 113116
    Brian C. Fournier CT16272
    HURWITZ, SAGARIN & SLOSSBERG, LLC
    147 North Broad Street
    Milford, Connecticut 06460-0112
    Tel.: (203) 877-8000
    Fax: (203) 878-9800

    -and-

    Larry I. Brandes CT 23789
    Harry P. Cohen CT 20446
    Brian J. O'Sullivan CT 23790
    CADWALADER, WICKERSHAM & TAFT, LLP
    100 Maiden Lane
    New York, NY 10038
    Tel: (212) 504-6000
    Fax: (212) 504-6666

    Attorneys for Third-Party Defendant
    TIG Insurance Company

## CERTIFICATE OF SERVICE

This is to certify that on September 24, 2004, a true and correct copy of the foregoing was sent via facsimile and mailed, postage prepaid, first class mail, to:

Frank F. Coulom, Jr., Esq.
Marion B. Manzo, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

Attorneys for Plaintiff

Alia L. Smith
Christine Y. Wong, Esq.
Mark B. Holton, Esq.
James L. Hallowell, Esq.
Kathryn E. Nealon, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, NY 10166-0193

Attorneys for Plaintiff

David J. Grais, Esq.
Erick M. Sandler, Esq.
Robert J. Morrow, Esq.
Kathryn C. Ellsworth, Esq.
Dewey Ballantine LLP
1301 Ave of the Americas
New York, NY 10019-6092

Attorneys for Plaintiff

David R. Schaefer, Esq.
Rowena A. Moffett, Esq.
Brenner, Saltzman & Wallman
271 Whitney Avenue
P.O. Box 1746
New Haven, CT 06511-1746

Attorneys for Defendant,
Third Party Plaintiff

David M. Spector, Esq.
Everett J. Cygal, Esq.
Ronald S. Safer, Esq.
Amy M. Rubenstein, Esq.
Michael Mullins, Esq.
Paula J. Morency, Esq.
William E. Meyer, Jr., Esq.
Dennis G. LaGory, Esq.
Sharon A. Doherty, Esq.
Schiff Hardin & Waite
6600 Sears Tower
Chicago, IL 60606-6473

Attorneys for Defendant,
Third Party Plaintiff

_____
David A. Slossberg

a

Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITY INSURANCE COMPANY OF HARTFORD,<br><br>Plaintiff,<br><br>-against-<br><br>TRUSTMARK INSURANCE COMPANY,<br><br>Defendant.<br><br>TRUSTMARK INSURANCE COMPANY,<br><br>Third Party Plaintiff,<br><br>-against-<br><br>TIG INSURANCE COMPANY,<br><br>Third Party Defendant. | CIVIL NO. 3:01-CV-02198 (PCD)<br><br><br><br><br><br><br><br><br><br><br>SEPTEMBER 24, 2004 |

**AMENDED ANSWER OF THIRD-PARTY DEFENDANT
TIG INSURANCE COMPANY TO THE THIRD-PARTY COMPLAINT**

Third-Party Defendant TIG Insurance Company ("TIG"), by its undersigned attorneys, answers the Third-Party Complaint of Third-Party Plaintiff Trustmark Insurance Company ("Trustmark") as follows:

1. Denies the allegations contained in paragraph 1 thereof, except admits that Third-Party Plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

2. Denies the allegations contained in paragraph 2 thereof, except admits that Third-Party Plaintiff purports to invoke the venue of this Court as set forth therein.

3.  Denies the allegations contained in Paragraph 3 thereof.

4.  Denies the allegations contained in Paragraph 4 thereof.

5.  Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 thereof, and therefore denies the allegations contained therein.

6.  Admits the allegations contained in Paragraph 6 thereof, except denies that TIG currently provides reinsurance to other property and casualty companies that write workers' compensation insurance.

7.  Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 thereof, and therefore denies the allegations contained therein.

8.  Admits that WEB is not a party to this litigation, except lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 thereof, and therefore denies the remaining allegations contained therein.

9.  Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 thereof, and therefore denies the allegations contained therein.

10. Admits the allegations contained in Paragraph 10 thereof, except lacks knowledge or information regarding the intended meaning of Third-Party Plaintiff's characterization of TIG's workers' compensation portfolio as "significant," and therefore denies that allegation.

11. Admits that, during certain time periods, TIG provided 100% reinsurance for workers' compensation insurance policies written by Virginia Security Insurance Company, and otherwise denies the remaining allegations contained in Paragraph 11 thereof.

12. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 thereof, and therefore denies the allegations contained therein.

13. Admits that TIG periodically entered into excess of loss reinsurance agreements with attachment points typically starting at $1,000,000 per occurrence, that, in that event, TIG was required to pay the first $1,000,000 of each and every claim prior to seeking reimbursement from its reinsurers, that such an amount is commonly referred to in the insurance industry as a "retention," that the point at which TIG is entitled to such reimbursement from its reinsurers is commonly referred to in the insurance industry as an "attachment point," and otherwise denies the remaining allegations contained in Paragraph 13 thereof.

14. Admits that, effective April 1, 1998, TIG entered into a three-year excess of loss agreement (the "TIG/USL Agreement") with United States Life Insurance Company ("USL"), except lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 thereof, and therefore denies the remaining allegations contained therein.

15. Admits that, by letter dated September 11, 1998, TIG provided USL with a provisional notice of cancellation of the TIG/USL Agreement, except lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 thereof, and therefore denies the remaining allegations contained therein.

16. Admits that, as a general proposition, underwriters for reinsurance companies review and rely upon placement material in order to evaluate the risk, price the reinsurance and decide whether to offer any reinsurance on the risk in the first instance, except lacks knowledge or information sufficient to form a belief as to whether Trustmark or its agents did so with respect to the contracts at issue in this action, and therefore denies any such allegations to the extent contained in Paragraph 16 thereof.

17. Respectfully refers the Court to the placement materials prepared by Aon for the contents thereof, and otherwise denies the allegations contained in Paragraph 17 thereof.

18. Admits that the quoted language is contained in the placement materials prepared by Aon.

19. Admits that Aon prepared a draft of the placement materials and that the final version of the placement materials prepared by Aon was provided to WEB by letter dated November 11, 1998, except lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 thereof, and therefore denies the remaining allegations contained therein.

20. Admits that TIG conducted an audit of Muirfield Underwriters on May 5–8, 1998, and otherwise denies the remaining allegations contained in Paragraph 20 thereof.

21.  Admits that the audit report contains the quoted language (but not the emphasis added), and otherwise denies the remaining allegations contained in Paragraph 21 thereof.

22.  Denies the allegations contained in Paragraph 22 thereof.

23.  Admits that the audit report contains the quoted language (but not the emphasis added), and otherwise denies the remaining allegations contained in Paragraph 23 thereof.

24.  Denies the allegations contained in Paragraph 24 thereof.

25.  Denies the allegations contained in Paragraph 25 thereof.

26.  Denies the allegations contained in Paragraph 26 thereof.

27.  Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 thereof, and therefore denies the allegations contained therein.

28.  Admits that, effective January 1, 1999, TIG and Security Insurance Company of Hartford ("Security") entered into Workers Compensation Underlying First, Second, and Third Excess of Loss Reinsurance Agreement ("TIG/Security Reinsurance Agreement"), and otherwise denies the remaining allegations contained in Paragraph 28 thereof.

29.  Respectfully refers the Court to the TIG/Security Reinsurance Agreement for the contents thereof, and otherwise denies the allegations contained in Paragraph 29 thereof.

30.  Respectfully refers the Court to the TIG/Security Reinsurance Agreement for the contents thereof, and otherwise denies the allegations contained in Paragraph 30 thereof.

31. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 thereof, and therefore denies the allegations contained therein.

32. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 thereof, and therefore denies the allegations contained therein.

33. Denies the allegations contained in Paragraph 33 thereof.

34. Denies the allegations contained in Paragraph 34 thereof.

35. Denies the allegations contained in Paragraph 35 thereof.

36. Repeats and realleges its responses to Paragraphs 1 through 35 of the Third-Party Complaint, as if fully set forth herein.

37. Denies the allegations contained in Paragraph 37 thereof.

38. Denies the allegations contained in Paragraph 38 thereof, including the allegations contained in subparagraphs a through d set forth therein.

39. Denies the allegations contained in Paragraph 39 thereof.

40. Denies the allegations contained in Paragraph 40 thereof.

41. Admits that Trustmark has purported to rescind its agreement with Security and that Security has resisted that putative rescission and filed suit against Trustmark, and otherwise denies the remaining allegations contained in Paragraph 41 thereof.

42. Denies the allegations contained in Paragraph 42 thereof.

43. Denies the allegations contained in Paragraph 43 thereof.

44. Denies the allegations contained in Paragraph 44 thereof.

45. Repeats and realleges its responses to Paragraphs 1 through 35 of the Third-Party Complaint, as if fully set forth herein.

46. Denies the allegations contained in Paragraph 46 thereof.

47. Denies the allegations contained in Paragraph 47 thereof.

48. Denies the allegations contained in Paragraph 48 thereof.

49. Denies the allegations contained in Paragraph 49 thereof, including the allegations contained in subparagraphs a through d set forth therein.

50. Admits that Trustmark has purported to rescind its agreement with Security and that Security has resisted that putative rescission and filed suit against Trustmark, and otherwise denies the remaining allegations contained in Paragraph 50 thereof.

51. Denies the allegations contained in Paragraph 51 thereof.

52. Denies the allegations contained in Paragraph 52 thereof.

<b><u>AFFIRMATIVE DEFENSES</u></b>

<b><u>FIRST AFFIRMATIVE DEFENSE</u></b>

The third party claims are barred because they will be resolved by the pending arbitration between TIG and Security.

<b><u>SECOND AFFIRMATIVE DEFENSE</u></b>

The third party claims fail to state a cause of action upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

The third party claims are barred by the doctrines of waiver, estoppel, ratification, and laches.

### FOURTH AFFIRMATIVE DEFENSE

The third party claims are barred by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

The third party claims are not pleaded with the requisite particularity.

### SIXTH AFFIRMATIVE DEFENSE

The third party claims, insofar as they sound in or are predicated upon negligence, are barred by Trustmark's own negligence or Trustmark's recovery must be limited in proportion to its own degree of relative fault pursuant to the doctrines of contributory or comparative negligence.

### SEVENTH AFFIRMATIVE DEFENSE

The third party claims are barred by the doctrine of collateral estoppel based upon the award in the arbitration between TIG and United States Life Insurance Company.

WHEREFORE, TIG respectfully requests that judgment be entered in its favor: (a) dismissing the Third-Party Complaint in its entirety with prejudice, (b) awarding TIG its costs and reasonable disbursements incurred in the defense of this action to the maximum extent permitted by applicable law, and (c) granting TIG such other and further relief as the Court deems just and proper.

THIRD PARTY DEFENDANT
TIG INSURANCE COMPANY

By: /s/ David Slossberg
J. Daniel Sagarin  CT04289
David Slossberg CT 113116
Brian C. Fournier CT16272
HURWITZ, SAGARIN & SLOSSBERG, LLC
147 North Broad Street
Milford, Connecticut 06460-0112
Tel.: (203) 877-8000
Fax: (203) 878-9800

-and-

Larry I. Brandes CT 23789
Harry P. Cohen CT 20446
Brian J. O'Sullivan CT 23790
CADWALADER, WICKERSHAM & TAFT, LLP
100 Maiden Lane
New York, NY 10038
Tel: (212) 504-6000
Fax: (212) 504-6666

Attorneys for Third-Party Defendant
TIG Insurance Company

## CERTIFICATE OF SERVICE

This is to certify that on September 24, 2004, a true and correct copy of the foregoing was sent via facsimile and mailed, postage prepaid, first class mail, to:

Frank F. Coulom, Jr., Esq.
Marion B. Manzo, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

Attorneys for Plaintiff

Alia L. Smith
Christine Y. Wong, Esq.
Mark B. Holton, Esq.
James L. Hallowell, Esq.
Kathryn E. Nealon, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, NY 10166-0193

Attorneys for Plaintiff

David J. Grais, Esq.
Erick M. Sandler, Esq.
Robert J. Morrow, Esq.
Kathryn C. Ellsworth, Esq.
Dewey Ballantine LLP
1301 Ave of the Americas
New York, NY 10019-6092

Attorneys for Plaintiff

David R. Schaefer, Esq.
Rowena A. Moffett, Esq.
Brenner, Saltzman & Wallman
271 Whitney Avenue
P.O. Box 1746
New Haven, CT 06511-1746

Attorneys for Defendant,
Third Party Plaintiff

David M. Spector, Esq.
Everett J. Cygal, Esq.
Ronald S. Safer, Esq.
Amy M. Rubenstein, Esq.
Michael Mullins, Esq.
Paula J. Morency, Esq.
William E. Meyer, Jr., Esq.
Dennis G. LaGory, Esq.
Sharon A. Doherty, Esq.
Schiff Hardin & Waite
6600 Sears Tower
Chicago, IL 60606-6473

Attorneys for Defendant,
Third Party Plaintiff

_____
David A. Slossberg