## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITY INSURANCE COMPANY OF HARTFORD, <br><br> Plaintiff, <br><br> -against- <br><br> TRUSTMARK INSURANCE COMPANY, <br><br> Defendant. | CIVIL NO. 3:01-CV-02198 (PCD) |
| TRUSTMARK INSURANCE COMPANY, <br><br> Third Party Plaintiff, <br><br> -against- <br><br> TIG INSURANCE COMPANY, <br><br> Third Party Defendant. | SEPTEMBER 24, 2004 |



## MEMORANDUM OF LAW IN SUPPORT OF THIRD PARTY DEFENDANT TIG INSURANCE COMPANY'S MOTION FOR LEAVE TO AMEND ITS ANSWER

Third Party Defendant TIG Insurance Company ("TIG"), through its counsel, respectfully submits this memorandum of law in support of its motion pursuant to Federal Rule of Civil Procedure 15 for leave to amend its answer to assert the affirmative defenses of collateral estoppel and comparative/contributory negligence.

## BACKGROUND

This action arises out of a series of reinsurance contracts entered into effective January 1, 1999, pursuant to which: (i) Security Insurance Company of Hartford ("Security") reinsured TIG for certain workers' compensation risks (the "Reinsurance Agreement"), and (ii) Trustmark Insurance Company ("Trustmark") reinsured Security for 100% of the risk assumed by Security (subject to certain immaterial exclusions) under the Reinsurance Agreement (the "Retrocession Contract").

On May 3, 2002, Trustmark commenced this third party action against TIG alleging that Security's and Trustmark's common agent, WEB Management LLC ("WEB"), had been fraudulently induced by TIG into entering into both the Reinsurance Agreement and the Retrocession Contract. On June 28, 2002, TIG moved to stay this action pending resolution of an arbitration between TIG and Security Insurance Company of Hartford (the "Security Arbitration") on the ground that the Security Arbitration was likely to resolve some, or all, of the issues in this action. On August 16, 2002, the Court denied TIG's motion to stay.

On July 8, 2002, TIG filed its Answer to the Third Party Complaint. In its Answer, TIG asserted various affirmative defenses, including that "[t]he third party claims are barred because they will be resolved by the pending arbitration between TIG and Security."

On October 1, 2002, TIG demanded arbitration (the "US Life Arbitration") against United States Life Insurance Company ("US Life") under the reinsurance contract which immediately preceded the Reinsurance Agreement ("the 1998 Treaty"). The 1998 Treaty was also entered into on US Life's behalf by WEB -- the same managing general agent that entered into the Reinsurance Agreement on Security's behalf and the Retrocession Contract on behalf of both Security and Trustmark -- pursuant to a "partnership" arrangement between US Life and

-2-

Trustmark under which US Life and Trustmark agreed to share equally the economic results of all business written by WEB, including the 1998 Treaty.[1]

During discovery in this litigation, TIG deposed Robin Ekwall, the individual at WEB who underwrote the 1998 Treaty and the Reinsurance Agreement, on February 6, 2003 and May 2, 2003. (Trustmark has also agreed to produce Mr. Ekwall for an additional four hours of deposition following resolution of issues relating to the production of the WEB hard drive.) During this deposition, TIG examined Mr. Ekwall at length concerning the manner in which he underwrote the 1998 Treaty and the Reinsurance Agreement.

In the US Life Arbitration, US Life asserted many of the exact same fraud and negligent misrepresentation/allegations that form the basis of Trustmark's third party claims in this action. These allegations were the subject of extensive discovery, pre-hearing briefing and evidentiary hearings that were conducted before a panel of arbitrators in New York, New York on April 12-15 and 26-28, 2004. In particular, Mr. Ekwall provided detailed testimony concerning the manner in which he underwrote the 1998 Treaty and the Reinsurance Agreement. On May 5, 2004, the panel in the US Life Arbitration issued an Interim Final Award rejecting all of those allegations.[2] On May 17, 2004, the US Life Arbitration panel issued a Final Award which, *inter alia*, incorporated by reference the findings and award set forth in the Interim Final Award (the "Award").

On June 28, 2004, TIG filed a petition to confirm the Award in the Supreme Court of the State of New York in New York County.

---

[1]  US Life apparently terminated its WEB as its managing general agent effective December 31, 1998 and did not share in any of WEB business bound after that date, including the Reinsurance Agreement.

[2]  The US Life Arbitration panel granted US Life some relief on one issue that is not present in this litigation.

## ARGUMENT

### UNDER FEDERAL RULE OF CIVIL PROCEDURE 15, TIG IS ENTITLED TO AMEND ITS ANSWER

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend a party's pleading "shall be freely given when justice so requires." Fed.R.Civ.P. 15. Rule 15 "reflects two of the most important principles behind the Federal Rules: pleadings are to serve the limited role of providing the opposing party with notice of the claim or defenses to be litigated, and 'mere technicalities' should not prevent cases from being decided on the merits." *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000) (citations omitted). Thus, according to the Second Circuit, "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility, Rule 15's mandate *must* be obeyed." *Id.* (emphasis added).

Here, justice requires that TIG be permitted to amend its answer to assert affirmative defenses based upon collateral estoppel and comparative/contributory negligence since: (a) there was no undue delay, bad faith or dilatory notice on TIG's part; (b) Trustmark will not be unduly prejudiced by the amendment; and (c) those affirmative defenses are well-grounded in law and fact, and, thus, the amendment would not be futile. Indeed, the collateral estoppel affirmative defense is based upon the award in the US Life Arbitration that issued only in May 2004 (and which has not yet been confirmed). Obviously, TIG could not have asserted an affirmative defense based upon the US Life Arbitration award until after that award had been issued.

Likewise, permitting TIG to amend its answer to assert a comparable/contributory negligence defense is also appropriate under Rule 15(b) since significant evidence supporting the

-4-

NYLIB2 231452.1

defense has been developed during discovery. Fed.R.Civ.P. 15(b).[3] During his deposition in this

proceeding (which has not yet been completed), Robin Ekwall, the individual at WEB who

underwrote the 1998 Treaty and the Reinsurance Agreement, provided considerable testimony

from which a jury could conclude that WEB was negligent in underwriting the 1998 Treaty and

the Reinsurance Agreement. More recently, Mr. Ekwall offered additional testimony during the

US Life Arbitration from which a jury could conclude that WEB was negligent in underwriting

the 1998 Treaty and the Reinsurance Agreement. Finally, Trustmark will not be unduly

prejudiced by the amendment since it has been aware for quite some time that whether WEB was

negligent in underwriting the 1998 Treaty and the Reinsurance Agreement was an issue in this

case. Indeed, in June 2003, Trustmark submitted an expert report addressing the issue of

whether "WEB acted as a prudent underwriter with respect to the TIG workers' compensation

portfolio."

---

[3]    There is no question that comparable/contributory negligence is a viable defense to a negligent
misrepresentation claim, irrespective of whether Trustmark's claims are governed by Illinois or
Connecticut law. *See Greycas, Inc. v. Proud*, 826 F.2d 1560, 1565-66 (7th Cir. 1987); *Williams Ford,
Inc. v. The Hartford Courant Co.*, 232 Conn. 559, 586 (1995).

## CONCLUSION

For the reasons set forth above, TIG respectfully requests that this Court grant TIG leave to amend its Answer to assert the affirmative defenses of collateral estoppel and comparative/contributory negligence.

THIRD PARTY DEFENDANT
TIG INSURANCE COMPANY


By:_____
       J. Daniel Sagarin   CT04289
       David Slossberg CT 113116
       Brian C. Fournier CT16272
       HURWITZ, SAGARIN & SLOSSBERG, LLC
       147 North Broad Street
       Milford, Connecticut 06460-0112
       Tel.: (203) 877-8000
       Fax: (203) 878-9800

       -and-

       Larry I. Brandes CT 23789
       Harry P. Cohen CT 20446
       Brian J. O'Sullivan CT 23790
       CADWALADER, WICKERSHAM & TAFT, LLP
       100 Maiden Lane
       New York, NY 10038
       Tel: (212) 504-6000
       Fax: (212) 504-6666

       Attorneys for Third-Party Defendant
       TIG Insurance Company

NYLIB2 231452.1

# CERTIFICATE OF SERVICE

This is to certify that on September 24, 2004, a true and correct copy of the foregoing was sent via facsimile and mailed, postage prepaid, first class mail, to:

Frank F. Coulom, Jr., Esq.
Marion B. Manzo, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT  06103-3597

Attorneys for Plaintiff

Alia L. Smith
Christine Y. Wong, Esq.
Mark B. Holton, Esq.
James L. Hallowell, Esq.
Kathryn E. Nealon, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, NY  10166-0193

Attorneys for Plaintiff

David J. Grais, Esq.
Erick M. Sandler, Esq.
Robert J. Morrow, Esq.
Kathryn C. Ellsworth, Esq.
Dewey Ballantine LLP
1301 Ave of the Americas
New York, NY  10019-6092

Attorneys for Plaintiff

David R. Schaefer, Esq.
Rowena A. Moffett, Esq.
Brenner, Saltzman & Wallman
271 Whitney Avenue
P.O. Box 1746
New Haven, CT  06511-1746

Attorneys for Defendant,
Third Party Plaintiff

David M. Spector, Esq.
Everett J. Cygal, Esq.
Ronald S. Safer, Esq.
Amy M. Rubenstein, Esq.
Michael Mullins, Esq.
Paula J. Morency, Esq.
William E. Meyer, Jr., Esq.
Dennis G. LaGory, Esq.
Sharon A. Doherty, Esq.
Schiff Hardin & Waite
6600 Sears Tower
Chicago, IL  60606-6473

Attorneys for Defendant,
Third Party Plaintiff

David A. Slossberg

NYLIB2 231452.1