**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

SECURITY INSURANCE COMPANY OF HARTFORD, )
Plaintiff, )
v. )
TRUSTMARK INSURANCE COMPANY, )
Defendant. ) Civil No. 301 CV 2198(PCD)

TRUSTMARK INSURANCE COMPANY, )
Third Party Plaintiff, )
v. )
TIG INSURANCE COMPANY, ) October 18, 2004
Third Party Defendant. )

**TRUSTMARK'S RESPONSE TO**
**TIG'S MOTION TO AMEND ITS ANSWER**

Defendant Trustmark Insurance Company ("Trustmark") respectfully submits this response to TIG's Motion For Leave To Amend Its Answer.[1]

---

[1] Trustmark learned late today, October 18, 2004, that TIG has filed its Motion for Leave to Amend with the Court, along with a "Notice of Filing of TIG's Motion for Leave to Amend." TIG's filing of its motion does not conform with this Court's Supplemental Order because TIG did not file Trustmark's response along with its motion. TIG's actions appear based on a miscalculation of the time permitted Trustmark for filing its Response. (See TIG Notice of Filing, at 1 ("Trustmark has failed to respond within the time provided").) Rather, because TIG served its initial Motion on September 24, 2004 by facsimile, Trustmark's response was not due until today, October 18, 2004, pursuant to Local Rule 7 and Fed. R. Civ. P. 6(e). In light of the fact that TIG has already submitted its Motion to the Court, by necessity, Trustmark will serve its Response upon counsel of record today, and file it with the Court as soon as it can on Tuesday, October 19, 2004.

Trustmark recognizes the liberal standard for allowing amendments in Federal Rule of Civil Procedure 15 in the absence of undue prejudice to the opposing party. Trustmark notes that TIG has tendered its proposed amendment after general fact discovery has closed. Trustmark therefore requests that, if the Court grants TIG's motion for leave to amend, the Court also grant leave to Trustmark to conduct additional limited discovery into TIG's grounds for these new defenses, including interrogatories and, if necessary, follow-up depositions. See Lo v. Armstrong & Sauer Ltd, Inc., No. 91 Civ. 4389 (PKL), 1992 WL 233874 at *2 (S.D.N.Y. 1992) (conditioning leave to amend on allowing opposing party to take additional discovery). Should the Court permit the amendment, Trustmark expressly reserves its right to file a motion to strike these newly-added affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f).

TIG's new affirmative defense of collateral estoppel based upon an arbitration between TIG and US Life is puzzling on its face. First, US Life defeated TIG in that arbitration, evidenced by the ruling of the Panel that TIG's agent AON had made false and misleading statements in connection with the placement of the TIG 1998 reinsurance agreement. See In re TIG Ins. Co. v. US Life Ins. Co, Interim Final Award dated May 5, 2004, at 1 ("AON's representation was false and misleading.[. . .] Under standards and criteria for rescission . . . AON's misrepresentation warrants rescission of the Virginia Surety segment of the Reinsurance Agreement.") (attached as **Exhibit 1**); In re TIG Ins. Co. v. US Life Ins. Co, Final Award dated May 17, 2004 (incorporating interim findings) (attached as **Exhibit 2**).

Those misrepresentations concerned the book of business for which TIG sought reinsurance in 1998. When TIG sought to renew its coverage in 1999, its earlier misrepresentations tainted the renewal placement, and were compounded by additional misrepresentations regarding the performance of the book. The fraud/negligent

misrepresentations by TIG and its agent therefore had a continuing effect on Trustmark. Collateral estoppel therefore would apply against TIG with respect to the fraud and misrepresentation claims now pending before this Court.

We further note that Trustmark was not a party to that arbitration and, indeed, was TIG informed Trustmark that it objected to Trustmark being present as an observer in the hearing room during the testimony of witnesses and the arguments of counsel made in those proceedings. Collateral estoppel would therefore not apply to Trustmark's detriment, but instead could apply only against TIG as a result of the arbitration results.

In its pending motion, TIG nowhere sets forth exactly what issue preclusion it plans to assert against Trustmark. While these details may not be required in the amended pleading, they are material to Trustmark's defense, and may well provide grounds for a dispositive motion on TIG's intended collateral estoppel claim. Similarly, with respect to TIG's comparative negligence defense, TIG has not disclosed how it contends Trustmark's agent was negligent, or the effect of that alleged negligence on Trustmark's third-party claims. In order properly to prepare its defense against TIG's new theories, Trustmark seeks leave from this Court to serve interrogatories, and to conduct any appropriate follow-up discovery, if the Court permits TIG's new proposed amendment.

**CONCLUSION**

For all the foregoing reasons, Trustmark respectfully requests that, if the TIG's motion is granted, the Court enter an order allowing Trustmark to conduct discovery into the factual and legal basis for TIG's affirmative defenses.

Date: October 18, 2004

TRUSTMARK INSURANCE COMPANY

______________________________
Counsel for
Trustmark Insurance Company

David M. Spector CT 21679
Paula J. Morency CT 24740
John A. Bannon
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, Illinois 60606-6473

David R. Schaefer CT 04334
Brenner, Saltzman & Wallman LLP
271 Whitney Avenue
New Haven, Connecticut 06511

# EXHIBIT 1

-------------------------------------------------------------x

In the Matter of the Arbitration Between:

TIG INSURANCE COMPANY,

Petitioner,

-and-

UNITED STATES LIFE INSURANCE COMPANY,

Respondent.

-------------------------------------------------------------x

**BEFORE:**

James J. Phair, Umpire
Charles M. Foss, Arbitrator
Dennis C. Gentry, Arbitrator

**INTERIM FINAL AWARD**

The Panel having jurisdiction over the dispute between Petitioner, TIG Insurance Company ("TIG") and Respondent, United States Life Insurance Company ("US Life"), as respects the Workers Compensation First and Second Underlying Carve Out Reinsurance Agreement (the "Reinsurance Agreement"), and having duly considered the prehearing briefs and exhibits and deposition testimony submitted by the parties with those briefs, and the testimony, evidence and arguments presented at the hearing held in New York, New York on April 12 to April 15 and April 26 to 28, 2004, and having deliberated at the conclusion of the hearing, hereby unanimously makes this INTERIM FINAL AWARD as follows:

FINDINGS

1. The TIG.exe file on the "Claim" diskette sent to WEB on May 5, 1998 by AON, as agent for TIG, did not contain Virginia Surety loss data.
2. AON, as agent for TIG, represented in its May 5, 1998 placement submission that the TIG.exe file included, *inter alia*, Virginia Surety loss data.
3. AON's representation was false and misleading.
4. Under the standards and criteria for rescission presented by both TIG and US Life, AON's misrepresentation, as agent for TIG, warrants rescission of the Virginia Surety segment of the Reinsurance Agreement.

AWARD

1. The Virginia Surety segment of the Reinsurance Agreement is RESCINDED from inception and is void ab initio.
2. The TIG and MCI segments of the Reinsurance Agreement remain valid and enforceable, and US Life is ordered to pay the TIG segment and MCI segment claim recoveries currently due TIG within 15 days of the date of this Award. US Life is further ordered to pay in accordance with contract terms all future TIG and MCI segment claim recoveries as they are billed.

3. All other requests by the parties, including requests for expenses, attorneys fees and punitive damages, are denied.

FURTHER INSTRUCTIONS

1. US Life is directed to re-calculate the Net Payment resulting from this Award (including interest on return net VSC premium and on return VSC claims) as set forth in Exhibit R144 at the page headed "Remove VSC/Re-Price TIG + MCI", with the following modifications: recoveries on TIG and MCI ceded paid claims will not be utilized in the re-calculation; interest will be calculated on the net VSC return premium owed TIG; and the TIG and MCI segments will not be re-priced, but will retain the current treaty rates of 8.763% for the TIG segment and 7.254% for the MCI segment. Except as modified above, interest shall be calculated in the manner set forth in R144.
2. The return VSC premium component of the Net Payment is to be deemed a return of net premium in accordance with standard accounting principles.
3. The Panel requests that the parties confirm that the stipulated return premium of $2,220,146.00 is independent of, and in addition to, the return net VSC premium component of the Net Payment re-calculation.
4. US Life is directed to present the re-calculation to the Panel and to TIG within five (5) business days from its receipt of this Interim Final Award. TIG shall thereafter have five (5) business days to submit to the Panel and US Life any corrections it may propose to the math used in the re-calculation, and US Life shall have five (5) business days to respond to TIG's corrections, if any.
5. Upon receipt of the re-calculation and the parties' comments thereon, the Panel will issue its Final Award incorporating the Findings and Award noted above and specifying the Net Payment due.

Dated: May 5, 2004

Panel of Arbitrators:

James J. Phair, Umpire        Dennis C. Gentry, Arbitrator        Charles M. Foss, Arbitrator

# EXHIBIT 2

| | | |
|---|---|---|
| In the Matter of the Arbitration Between: | : | |
| TIG INSURANCE COMPANY, | : | **BEFORE:** |
| Petitioner, | : | James J. Phair, Umpire<br>Charles M. Foss, Arbitrator<br>Dennis C. Gentry, Arbitrator |
| -and- | : | |
| UNITED STATES LIFE INSURANCE COMPANY, | : | **FINAL AWARD** |
| Respondent. | : | |

The Panel having jurisdiction over the dispute between Petitioner, TIG Insurance Company ("TIG") and Respondent, United States Life Insurance Company ("US Life"), as respects the Workers Compensation First and Second Underlying Carve Out Reinsurance Agreement (the "Reinsurance Agreement"), and having duly considered the prehearing briefs and exhibits and deposition testimony submitted by the parties with those briefs, and the testimony, evidence and arguments presented at the hearing held in New York, New York on April 12 to April 15 and April 26 to 28, 2004, having deliberated at the conclusion of the hearing, and having issued its INTERIM FINAL AWARD on May 5, 2004 and having considered the parties' submissions in response thereto, hereby unanimously makes this FINAL AWARD as follows:

AWARD

1. The FINDINGS and AWARD from the Panel's May 5, 2004 INTERIM FINAL AWARD are incorporated herein by reference.
2. US Life is directed to pay TIG current TIG and MCI segment claim recoveries (plus interest) of $10,832,126.00 on or before May 21, 2004. This amount includes $10,290,219 in claim recoveries plus $541,907 of interest.
3. US Life is directed to pay TIG the stipulated return of Commercial Specialty premium of $2,220,146.00 within 15 days of the date of this Final Award.
4. US Life is directed to pay TIG, as a result of the rescission of the Virginia Surety segment of the Reinsurance Agreement, a net payment of $2,933,150.00 within 15 days of the date of this Final Award. This net payment constitutes return net VSC premium of $6,443,103 (plus $1,872,793 of interest) minus return VSC claims of $4,720,836 (plus $661,910 of interest).

5. Any amounts which are not paid by the date specified above shall accrue simple interest, until actually paid, at the annual rate of 5.0% pro-rated on a 365 day year.

Dated: May 17, 2004

Panel of Arbitrators:

James J. Phair, Umpire

Dennis C. Gentry, Arbitrator

Charles M. Foss, Arbitrator

5. Any amounts which are not paid by the date specified above shall accrue simple interest, until actually paid, at the annual rate of 5.0% pro-rated on a 365 day year.

Dated: May 17, 2004

Panel of Arbitrators:

| James J. Phair, Umpire | Dennis C. Gentry, Arbitrator | Charles M. Foss, Arbitrator |
|---|---|---|

ARBAW TIG-USL FINAL.DOC

5. Any amounts which are not paid by the date specified above shall accrue simple interest, until actually paid, at the annual rate of 5.0% pro-rated on a 365 day year.

Dated: May 17, 2004

Panel of Arbitrators:

| James J. Phair, Umpire | Dennis C. Gentry, Arbitrator | Charles M. Foss, Arbitrator |
|---|---|---|

**CERTIFICATE OF SERVICE**

I, Sharon Doherty, an attorney, certify that on October 18, 2004, I caused a true and correct copy of **Trustmark's Response to TIG's Motion to Amend Its Answer** to be served by facsimile and overnight delivery upon:

Harry P. Cohen, Esq.
Brian O'Sullivan, Esq.
Cadwalader, Wickersham & Taft
100 Maiden Lane
New York, NY 10038

Mark B. Holton, Esq.
Kate Nealon, Esq.
Gibson Dunn & Crutcher
200 Park Avenue, Floor 48
New York, New York 10166

David Grais, Esq.
Kay Ellsworth, Esq.
Dewey Ballantine LLP
1301 Avenue of the Americas
New York, NY 10019-6092

Frank F. Coulom, Jr., Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

David A. Slossberg, Esq.
Hurwitz & Sagarin
147 North Broad Street
Milford, CT 06460-0112

Sharon Doherty
Sharon Doherty

CH2\ 1152310.2