UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITY INSURANCE COMPANY OF HARTFORD,<br><br>Plaintiff,<br><br>-against-<br><br>TRUSTMARK INSURANCE COMPANY,<br><br>Defendant. | **CIVIL NO. 3:01-CV-2198 (PCD)** |
| TRUSTMARK INSURANCE COMPANY,<br><br>Third Party Plaintiff,<br><br>-against-<br><br>TIG INSURANCE COMPANY,<br><br>Third Party Defendant. | October 27, 2004 |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
THIRD PARTY DEFENDANT TIG INSURANCE
COMPANY'S MOTION FOR LEAVE TO AMEND ITS ANSWER**

Third Party Defendant TIG Insurance Company ("TIG"), through its counsel, respectfully submits this reply memorandum of law in further support of its motion pursuant to Federal Rule of Civil Procedure 15 for leave to amend its answer to assert the affirmative defenses of collateral estoppel and comparative/contributory negligence.

## ARGUMENT

### UNDER FEDERAL RULE OF CIVIL PROCEDURE 15, TIG IS ENTITLED TO AMEND ITS ANSWER

Neither Security nor Trustmark opposes TIG's motion to amend its answer to assert the affirmative defenses of collateral estoppel and comparative/contributory negligence. Rather, Security and Trustmark purport to impose conditions on their consent. Security asks that "the amendment will not delay the completion of discovery" (Security Mem. at 1-2), while Trustmark seeks "leave to … conduct additional limited discovery into TIG's grounds for these new defenses" (Trustmark Mem at 2).[1]

While the propriety of imposing such conditions is open to question, the issue is moot since neither condition is problematic or objectionable to TIG.[2] The parties have filed with the Court a Joint Report Concerning the Status of Discovery and Dispositive Motions and Separate Statements Concerning Scheduling setting forth their respective views regarding the time needed to complete discovery (ranging from a January 7, 2005 deadline to a March 18, 2005 deadline). Based on those proposals, whatever schedule the Court decides on will provide ample time to conduct discovery relating to TIG's affirmative defenses. In sum, TIG's motion to amend is essentially unopposed and, accordingly, should be granted.

Finally, Trustmark makes numerous arguments as to why it believes that TIG will not be able to sustain its burden of proof on its affirmative defense of collateral estoppel.

---

[1] Trustmark's assertion that it timely served its response to TIG's Motion to Amend on October 18, 2004 (Trustmark Mem. at 1 n.1) is mistaken. Under Rule 7(a) of the Local Rules of Civil Procedure for the District of Connecticut, a party's time to respond to a motion is triggered by the date of filing, not date of service. Rule 6(e) of the Federal Rules of Civil Procedure is therefore irrelevant to this issue. Accordingly, Trustmark's opposition to TIG's motion to compel was due on October 15, 2004, *i.e.*, 21 days after TIG's motion to compel would have been filed but for the Court's standing order.

[2] TIG, of course, reserves the right to object based upon the specifics of Trustmark's discovery requests concerning its affirmative defenses.

-3-

Trustmark's arguments are, of course, premature, and thus completely irrelevant to the issue of whether the Court should grant TIG's motion to amend. That being said, in light of Trustmark's assertions, TIG feels compelled to note that, as Trustmark knows full well and as TIG will demonstrate more fully at the appropriate time (a) in the US Life Arbitration, US Life (Trustmark's "partner" in the WEB Facility) asserted many of the exact same fraud and negligent misrepresentation allegations that form the basis of Trustmark's third party claims in this action; and (b) the panel in the US Life Arbitration expressly rejected those allegations.

## CONCLUSION

For the reasons set forth above and in TIG's Initial Memorandum of Law in Support of Its Motion to Amend, TIG respectfully requests that this Court grant TIG leave to amend its answer to assert the affirmative defenses of collateral estoppel and comparative/contributory negligence.

                                                  THIRD PARTY DEFENDANT

                                                  By: _____
                                                  J. Daniel Sagarin CT 04289
                                                  David Slossberg CT 113116
                                                  Hurwitz, Sagarin & Slossberg, LLC
                                                  147 North Broad Street
                                                  Milford, Connecticut 06460-0112
                                                  Tel.: (203) 877-8000
                                                  Fax: (203) 878-9800

                                                  -and-

                                                  Harry P. Cohen, CT 20446
                                                  Brian J. O'Sullivan CT 23790
                                                  Cadwalader, Wickersham & Taft
                                                  100 Maiden Lane
                                                  New York, NY  10038
                                                  Telephone:  212-504-6000
                                                  Facsimile:  212-504-6666

                                                  Attorneys for Third-Party Defendant
                                                  TIG Insurance Company

## CERTIFICATE OF SERVICE

This is to certify that on October 27, 2004, a true and correct copy of the foregoing was sent via facsimile and mailed, postage prepaid, first class mail, to:

Frank F. Coulom, Jr., Esq.
Marion B. Manzo, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

Attorneys for Plaintiff

Alia L. Smith
Christine Y. Wong, Esq.
Mark B. Holton, Esq.
James L. Hallowell, Esq.
Kathryn E. Nealon, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, NY 10166-0193

Attorneys for Plaintiff

David J. Grais, Esq.
Erick M. Sandler, Esq.
Robert J. Morrow, Esq.
Kathryn C. Ellsworth, Esq.
Dewey Ballantine LLP
1301 Ave of the Americas
New York, NY 10019-6092

Attorneys for Plaintiff

David R. Schaefer, Esq.
Rowena A. Moffett, Esq.
Brenner, Saltzman & Wallman
271 Whitney Avenue
P.O. Box 1746
New Haven, CT 06511-1746

Attorneys for Defendant,
Third Party Plaintiff

David M. Spector, Esq.
Everett J. Cygal, Esq.
Ronald S. Safer, Esq.
Amy M. Rubenstein, Esq.
Michael Mullins, Esq.
Paula J. Morency, Esq.
William E. Meyer, Jr., Esq.
Dennis G. LaGory, Esq.
Sharon A. Doherty, Esq.
Schiff Hardin & Waite
6600 Sears Tower
Chicago, IL 60606-6473

Attorneys for Defendant,
Third Party Plaintiff

_____
David A. Slossberg