UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITY INSURANCE COMPANY OF HARTFORD,<br><br>                                        Plaintiff,<br><br>                                 -against-<br><br>TRUSTMARK INSURANCE COMPANY,<br><br>                                        Defendant. | Civil No. 3:01CV2198 (PCD) |
| TRUSTMARK INSURANCE COMPANY,<br><br>                                        Plaintiff,<br><br>v.<br><br>TIG INSURANCE COMPANY,<br><br>                                   Third Party Defendant. | October __, 2004 |

**THIRD-PARTY DEFENDANT TIG INSURANCE COMPANY'S
SECOND SET OF INTERROGATORIES TO THIRD
PARTY PLAINTIFF TRUSTMARK INSURANCE COMPANY**

      PLEASE TAKE NOTICE that pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the local rules of this court, third-party defendant TIG Insurance Company ("TIG") hereby requests that defendant and third-party plaintiff Trustmark Insurance Company to answer the following interrogatories under oath, on or before November 29, 2004, unless otherwise ordered by the Court.

**DEFINITIONS**

    1.    "WEB" means WEB Management LLC, its principals, employees, attorneys, agents and affiliates.

2. "Trustmark" means Trustmark Insurance Company, its employees, attorneys, and agents.

3. "All American" means All American Life Insurance Company, its employees, attorneys, and agents.

4. "U.S. Life" means United States Life Insurance Company in the City of New York, its employees, attorneys, agents and affiliates.

5. The "*All American* Litigation" means the action commenced by Trustmark against All American Life Insurance Company, n/k/a American General Life Insurance Company, on September 1, 2004 in the Northern District of Illinois.

## INSTRUCTIONS

1. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these requests shall be deemed continuing so as to require supplementary answers if you obtain or discover additional information between the time your answers are served and the conclusion of the proceedings herein.

2. If an interrogatory cannot be answered in full after due diligence is exercised to secure the necessary information, answer to the extent possible, specifying the reasons for your inability to answer the remainder, and state whatever information, knowledge or belief you have concerning the unanswered portion.

3. If you claim any ambiguity in interpreting these interrogatories, any definition or instruction applicable to any interrogatory, you may not use that claim as a

basis for refusing to respond to the interrogatories, but shall respond to the interrogatory applying the broadest possible interpretation.

4. Whenever an interrogatory calls for the identification of a person, the identification shall include (a) the person's name, (b) current residential and business addresses, and (c) current residential and business telephone numbers.

5. Whenever an interrogatory calls for the identification of a document, the identification shall include:  (a) the title of the document; (b) the location of the document, (c) the name and title of the person in charge of the custody or maintenance of the document; (d) the date of the document; (e) the author of the document; (f) the length of the document; (g) a synopsis of the contents of the document; (h) the identification of every addressee and every recipient of the document or copies of the document.

When identifying documents in accordance with this instruction, in lieu of responding, in accordance with Fed. R. Civ. P. 33(c), you may produce the document so identified, which should be labeled to show which interrogatory the document is in response to.

6. If any interrogatory requests information for which a claim of privilege is asserted, provide the nature of the privilege, the basis for assertion of the privilege, and sufficient information concerning the nature of the material sought so that the propriety of the claim of privilege may be brought before the court for determination.

7. If Trustmark maintains that any document which refers to or relates to anything requested by these interrogatories has been destroyed, lost or misplaced, set forth the content of said document, the location of any copies of said document, the date

the document was destroyed, lost or misplaced, and the name of the person who authorized such destruction.

## **INTERROGATORIES**

1.  State the basis for the allegations contained in ¶ 42 of Trustmark's complaint in the *All American* Litigation that US Life and/or All American breached its "partnership duties" by, among other things, (a) "the failure to obtain reinsurance" (¶ 42(a)), (b) "obtaining reinsurance of poor quality that has provided no protection to the partnership" (¶ 42(b)), (c) "the loss of reinsurance due to the misconduct of All American and its agents," (¶ 42(c)), (d) "the failure to advise or consult with Trustmark with respect to arbitrations and litigations" (¶ 42(d)), (e) "the unilateral agreement to settlements that are not in the best interests of the partnership" (¶ 42(e)), and (f) "the failure to pursue retrocessional recoveries" (¶ 42(n)).

2.  State whether Trustmark is alleging that US Life and/or All American has breached its partnership duties concerning retrocessional protections (as alleged in paragraph 42(a), (b), (c) and (n) quoted above) with respect to any of the following inwards reinsurance or retrocessional contracts:

    a.  the quota share reinsurance treaty effective May 1, 1998 under which US Life reinsured Superior National Insurance Company, Superior Pacific Casualty Company, California Compensation Insurance Company, Commercial Compensation Insurance Company, Combined Benefits Company, Business Insurance Company and ZC Insurance Company (the "Superior National QS Treaty");

    b.  the reinsurance contract(s) effective February 1, 1998 (program number A98036) under which All American reinsured Superior National Insurance Company, Superior Pacific Casualty Company, and/or ZC Insurance Company (the "Pac Rim Treaty");

c.  the reinsurance contract effective January 1, 1998 (program number A98041) under which Trustmark reinsured Fire Casualty Insurance Company on workers compensation business written by Unicare Insurance Company (the "Unicare Contract");

d.  the reinsurance contract(s) effective December 1, 1998 (program number U98003) under which US Life and/or Trustmark reinsured Credit General Insurance Company (the "Credit General Treaty");

e.  the reinsurance contract(s) effective January 1, 1999 (program number T990008) under which Trustmark reinsured CIGNA Re Europe on behalf of CIGNA Insurance Company of Europe S.A. – N.V. (the "CIGNA Treaty");

f.  the reinsurance contracts effective January 1, 1998 (program number T98013) and January 1, 1999 (program number T99030) under which Trustmark and/or All American reinsured Clarendon American Insurance Company, Clarendon National Insurance Company, and/or Legion Insurance Company (the "Clarendon/Legion Agency Treaties");

g.  the reinsurance contracts, effective January 1, 1998 (program numbers T98010 and T98009), under which Trustmark and/or All American reinsured Clarendon National Insurance Company on Hallmark Reinsurance Company Limited business (collectively, the "Clarendon/Hallmark Treaties");

h.  the reinsurance contracts (program number R97001) under which Trustmark and/or All American reinsured the GAN Insurance Company (the "GAN Treaties");

i.  the excess of loss reinsurance contract effective May 1, 1998 (program number T98023) under which Trustmark and/or All American reinsured Superior National Insurance Company, Superior Pacific Casualty Company, California Compensation Insurance Company, Commercial Compensation Insurance Company, Combined Benefits Company, Business Insurance Company and/or ZC Insurance Company (the "Superior National XOL Treaty");

j.  The reinsurance contract effective March 1, 1997 under which Trustmark and/or All American reinsured Life Re on Unicover business (program number A97008) (the "Life Re/Unicover Treaty");

k.  the reinsurance contract(s) effective July 1, 1998 (program number T98026) under which Trustmark and/or All American reinsured

            Realm National Insurance Company as respects business written by B&S Underwriters Inc (the "Realm/B&S Treaty");

    l.    the reinsurance contract(s) effective July 1, 1997 (program number A97006) under which Trustmark and/or All American reinsured John Hancock Mutual Life Insurance Company as respects business written by B&S Underwriters (the "Hancock/B&S Treaty");

    m.    the reinsurance contract(s) effective October 1, 1997 (program number T97014) under which Trustmark and/or All American reinsured the Swiss Re/Westport workers compensation program (the "Swiss Re/Westport Contract"); and

    n.    the reinsurance contract(s) effective January 1, 1998 (program number T98025) under which Trustmark reinsured CNA Re (UK) Ltd. on business written by IGI Underwriting Agency Ltd (the "CNA/IGI Contract").

3.    State whether Trustmark, US Life and/or All American have been able to collect in full on the retrocession contracts covering the reinsurance contracts listed in Interrogatory Number 2 and, if not, the reason(s) why the retrocessionaires on those contracts have not paid the entire amount billed to them under those contracts.

4.    State whether Trustmark and/or WEB has alleged that Trustmark and/or WEB was defrauded into entering into the following reinsurance contracts:

    a.    The Superior National QS Treaty;

    b.    The Pac Rim Treaty;

    c.    The Unicare Contract;

    d.    The Credit General Treaty;

    e.    The CIGNA Treaty;

    f.    The Clarendon/Legion Agency Treaties;

    g.    The Clarendon Hallmark Treaties;

    h.    The GAN Treaties;

      i.      The Superior National XOL Treaty;

      j.      The Life Re/Unicover Treaty;

      k.      The Realm B&S Treaty;

      l.      The Hancock/B&S Treaty;

      m.      The Swiss Re/Westport Contract;

      n.      The CNA/IGI Contract.

5.    State whether Trustmark has reserved its rights and/or refused to pay its share of the amounts billed under any of the contracts listed in Interrogatory Number 4 and, if so, the basis for doing so.

THIRD PARTY DEFENDANT

By:_____
J. Daniel Sagarin CT 04289
David Slossberg CT 113116
Brian C. Fournier  CT 16272
Hurwitz, Sagarin & Slossberg, LLC
147 North Broad Street
Milford, Connecticut 06460-0112
Tel.: (203) 877-8000
Fax: (203) 878-9800

-and-

Lawrence I. Brandes, CT 23789
Harry P. Cohen, CT 20446
Brian J. O'Sullivan CT 23790
Cadwalader, Wickersham & Taft
100 Maiden Lane
New York, NY  10038
Telephone:  212-504-6000
Facsimile:  212-504-6666


Attorneys for Third-Party Defendant
TIG Insurance Company

## **CERTIFICATE OF SERVICE**

This is to certify that on October __, 2004, a true and correct copy of the foregoing was sent via facsimile and mailed, postage prepaid, first class mail, to:

| | | |
|---|---|---|
| Frank F. Coulom, Jr., Esq.<br>Marion B. Manzo, Esq.<br>Robinson & Cole LLP<br>280 Trumbull Street<br>Hartford, CT  06103-3597<br><br>Attorneys for Plaintiff | Alia L. Smith<br>Christine Y. Wong, Esq.<br>Mark B. Holton, Esq.<br>James L. Hallowell, Esq.<br>Kathryn E. Nealon, Esq.<br>Gibson, Dunn & Crutcher LLP<br>200 Park Avenue, 47th Floor<br>New York, NY  10166-0193<br><br>Attorneys for Plaintiff | David J. Grais, Esq.<br>Erick M. Sandler, Esq.<br>Robert J. Morrow, Esq.<br>Kathryn C. Ellsworth, Esq.<br>Dewey Ballantine LLP<br>1301 Ave of the Americas<br>New York, NY  10019-6092<br><br>Attorneys for Plaintiff |
| David R. Schaefer, Esq.<br>Rowena A. Moffett, Esq.<br>Brenner, Saltzman & Wallman<br>271 Whitney Avenue<br>P.O. Box 1746<br>New Haven, CT  06511-1746<br><br>Attorneys for Defendant,<br>Third Party Plaintiff | David M. Spector, Esq.<br>Everett J. Cygal, Esq.<br>Ronald S. Safer, Esq.<br>Amy M. Rubenstein, Esq.<br>Michael Mullins, Esq.<br>Paula J. Morency, Esq.<br>William E. Meyer, Jr., Esq.<br>Dennis G. LaGory, Esq.<br>Sharon A. Doherty, Esq.<br>Schiff Hardin & Waite<br>6600 Sears Tower<br>Chicago, IL  60606-6473<br><br>Attorneys for Defendant,<br>Third Party Plaintiff | |

_____
Brian C. Fournier