UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITY INSURANCE COMPANY OF HARTFORD,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>　　　　-against-<br><br>TRUSTMARK INSURANCE COMPANY,<br><br>　　　　　　　　　　　　　Defendant. | CIVIL NO. 3:01-CV-02198 (PCD) |
| TRUSTMARK INSURANCE COMPANY,<br><br>　　　　　　　　　　　Third-Party Plaintiff,<br><br>　　　　-against-<br><br>TIG INSURANCE COMPANY,<br><br>　　　　　　　　　　　Third-Party Defendant. | November 1, 2004 |

**THIRD-PARTY DEFENDANT TIG INSURANCE COMPANY'S
REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
ITS MOTION TO COMPEL TRUSTMARK AND WEB TO PRODUCE
DOCUMENTS AND OTHER DATA FROM THE WEB LAN SERVER**

　　　　Third Party Defendant TIG Insurance Company ("TIG"), through its counsel, submits this memorandum of law in further support of its motion to compel Trustmark Insurance Company ("Trustmark") and WEB Management LLC ("WEB") to produce documents and other data located on WEB's local access network server.[1]

---

[1] TIG adopts herein the same abbreviations and conventions it used in its initial memorandum of law in support of the instant motion.

# ARGUMENT

## THE COURT SHOULD COMPEL TRUSTMARK AND WEB TO PRODUCE ALL RELEVANT INFORMATION FROM THE WEB LAN SERVER

Trustmark's opposition to TIG's motion to compel is premised on numerous irrelevant and inaccurate arguments.[2] However, before TIG responds to those arguments, it is significant to note that Trustmark does not dispute any of the following facts on which TIG's motion is premised:

- pursuant to the Settlement Agreement (O'Sullivan Decl., Ex. A at 2, ¶ 2(b)(i)), Trustmark has custody and control (indeed, "ownership") of the information on the WEB LAN server;

- in mid-2000, Trustmark was provided by US Life three CD-ROM, which, according to WEB, contained all of the electronic data files relating to the WEB business written on behalf of US Life and/or Trustmark;

- pursuant to TIG's document requests and the Court's earlier discovery rulings, Trustmark was required to produce documents and information located on the WEB LAN server;

- Trustmark did not produce <u>any</u> documents or information from the WEB LAN server, or the three CDs that were provided to it in mid-2000; and

- even as of today, Trustmark has made no independent effort to determine whether any relevant information files/documents reside on the LAN server, instead relying on a much narrower search done by WEB under materially different circumstances (where the stringent discovery obligations under the Federal Rules did not apply).

---

[2] In its opposition memorandum, Trustmark states that it is not submitting a response on behalf of WEB. Trustmark Mem. at 1 n.1. Significantly, however, Trustmark does not deny that Schiff Hardin LLP, its counsel in this action, represented WEB in connection with the document subpoena TIG served on WEB in this action, or that TIG's motion to compel was properly served on Schiff Hardin. *See* O'Sullivan Decl., Ex. D. Accordingly, WEB has defaulted on TIG's motion.

Furthermore, Trustmark's opposition to TIG's motion, which it served on October 18, 2004, is itself untimely. Under Rule 7(a) of the Local Rules of Civil Procedure for the District of Connecticut, a party's time to respond to a motion is triggered by the date of filing, not date of service. Accordingly, Trustmark's opposition to TIG's motion to compel was due on October 15, 2004, *i.e.*, 21 days after TIG's motion to compel would have been filed but for the Court's standing order.

In light of the above, there can be no doubt that Trustmark's efforts to comply with its discovery obligations and its prior production of documents were both woefully inadequate.

Trustmark argues that an order directing it to produce information from the LAN server is unnecessary because "TIG <u>already</u> has electronic copies of all relevant electronic data files that were found on WEB's [LAN] Server." (Trustmark Mem. at 1 (emphasis in original).) However, this argument is premised on a falsehood. As we previously explained to Trustmark's counsel (*see* O'Sullivan Decl., Ex. I), US Life produced in the Arbitration only the data files for the 1998 and 1999 Treaties, which undoubtedly is a small subset of the information located on the three CDs. Trustmark's discovery obligations in this litigation are unquestionably broader than that since, pursuant to the Court's prior discovery rulings, Trustmark is required to produce, for example, documents relating to its oversight and supervision of WEB, as well as its underwriting and retrocessional documents to the extent that they relate to one of three criteria set forth in the Court's February 5, 2003 Ruling. Because US Life produced none of this information to TIG, Trustmark cannot rely on US Life's production in the Arbitration to satisfy its discovery obligations in this litigation.

In any event, the Court should not limit Trustmark's discovery obligations merely to responsive information on the three CDs since, as discussed above, it is undisputed that Trustmark has custody and control (indeed, "ownership") of the WEB LAN server. In light of the substantial relief that Trustmark is seeking in this litigation, Trustmark should be required to search the LAN server itself for documents and other information responsive to TIG's document requests and/or the Court's prior discovery rulings. The fact that WEB "attested" more than four years ago, under completely different circumstances, that the CDs contained all relevant information is, of course, irrelevant to Trustmark's obligation to produce documents in

accordance with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(b)(1), 34(a) (a party is required to produce all relevant information within its "possession, custody, or control").

Moreover, there is nothing in the evidentiary record to suggest that Trustmark's production of the information on the LAN server would be burdensome as Trustmark suggests. Indeed, during the Arbitration, Mr. Ekwall testified that: (a) the WEB principals still have their computers, (b) he "believe[s] that all the raw data is on the computer," and (c) if they had been asked by US Life (Trustmark's "partner" in the WEB Facility), WEB would have provided US Life access to their computers, including the LAN server. O'Sullivan Reply Decl., Ex. K at 606:5-18, 628:10-14. Based upon this evidence, there is simply no reason to believe that the discovery TIG is seeking on this motion would be unduly burdensome for Trustmark (particularly when compared to the substantial relief that Trustmark is seeking in this litigation).

Finally, Trustmark once again devotes an inordinate amount of its opposition brief to *ad hominem* attacks against TIG and its parent company, Fairfax Financial Holdings Ltd. ("Fairfax") based upon Fairfax's production of documents in response to Letters Rogatory. Trustmark's assertions are, or course, irrelevant to the issues before the Court on the instant motion, and we will therefore ignore them here (other than to reiterate, as TIG has previously explained, that Trustmark's allegation that Fairfax improperly destroyed documents is completely baseless).[3]

---

[3] Following the Court's August 4, 2004 ruling granting in part TIG's motion for a protective order, Trustmark put the Ontario proceeding on hold, purportedly so that it could pursue its motion for "clarification" of that ruling. Of course, the "clarification" of the August 4th ruling that Trustmark seeks has nothing to do with its allegation that Fairfax improperly destroyed documents.

## **CONCLUSION**

For the reasons set forth above and in TIG's initial memorandum in support of this motion, TIG respectfully requests that the Court order Trustmark and WEB to: (i) produce all information that is located on the LAN server responsive to TIG's document requests and subpoena and/or the Court's prior discovery rulings; and (ii) to produce a printout of a directory reflecting the file properties of all relevant documents on the LAN server.

THIRD PARTY DEFENDANT

By: _____
J. Daniel Sagarin CT 04289
David Slossberg CT 13116
Brian C. Fournier CT 16272
Hurwitz, Sagarin & Slossberg, LLC
147 North Broad Street
Milford, Connecticut 06460-0112
Tel.: (203) 877-8000
Fax: (203) 878-9800

-and-

Lawrence I. Brandes, CT 23789
Harry P. Cohen, CT 20446
Brian J. O'Sullivan CT 23790
Cadwalader, Wickersham & Taft
100 Maiden Lane
New York, NY 10038
Telephone: 212-504-6000
Facsimile: 212-504-6666


Attorneys for Third-Party Defendant
TIG Insurance Company

## CERTIFICATE OF SERVICE

This is to certify that on November 1, 2004, a true and correct copy of the foregoing was sent via facsimile and mailed, postage prepaid, first class mail, to:

| | | |
|---|---|---|
| Frank F. Coulom, Jr., Esq.<br>Marion B. Manzo, Esq.<br>Robinson & Cole LLP<br>280 Trumbull Street<br>Hartford, CT 06103-3597<br><br>Attorneys for Plaintiff | Alia L. Smith<br>Christine Y. Wong, Esq.<br>Mark B. Holton, Esq.<br>James L. Hallowell, Esq.<br>Kathryn E. Nealon, Esq.<br>Gibson, Dunn & Crutcher LLP<br>200 Park Avenue, 47th Floor<br>New York, NY 10166-0193<br><br>Attorneys for Plaintiff | David J. Grais, Esq.<br>Erick M. Sandler, Esq.<br>Robert J. Morrow, Esq.<br>Kathryn C. Ellsworth, Esq.<br>Dewey Ballantine LLP<br>1301 Avenue of the Americas<br>New York, NY 10019-6092<br><br>Attorneys for Plaintiff |
| David R. Schaefer, Esq.<br>Rowena A. Moffett, Esq.<br>Brenner, Saltzman & Wallman<br>271 Whitney Avenue<br>P.O. Box 1746<br>New Haven, CT 06511-1746<br><br>Attorneys for Defendant,<br>Third Party Plaintiff | David M. Spector, Esq.<br>Everett J. Cygal, Esq.<br>Ronald S. Safer, Esq.<br>Amy M. Rubenstein, Esq.<br>Michael Mullins, Esq.<br>Paula J. Morency, Esq.<br>William E. Meyer, Jr., Esq.<br>Dennis G. LaGory, Esq.<br>Sharon A. Doherty, Esq.<br>Schiff Hardin & Waite<br>6600 Sears Tower<br>Chicago, IL 60606-6473<br><br>Attorneys for Defendant,<br>Third Party Plaintiff | |

Brian C. Fournier