# EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITY INSURANCE COMPANY OF HARTFORD, <br>     Plaintiff, <br><br> -vs- <br><br> TRUSTMARK INSURANCE COMPANY, <br>     Defendant. | Case. No. 3:01cv2198 (PCD) |
| TRUSTMARK INSURANCE COMPANY <br>     Third-Party Plaintiff, <br><br> -vs- <br><br> TIG INSURANCE COMPANY <br>     Third-Party Defendant. | |

## RULING ON PENDING DISCOVERY MOTIONS

Third Party Defendant TIG Insurance Company ("TIG") moves to compel discovery from Defendant Trustmark Insurance Company ("Trustmark"), for Trustmark to produce documents and other data from the WEB Management ("WEB") local access network server ("LAN"), and for leave to serve additional interrogatories. Additionally, Trustmark moves to compel the production of documents and testimony from Messrs. Toothman, Lo, and Thirkill. For the reasons stated below, TIG's motion to compel discovery [Doc. No. 420] and for leave to serve interrogatories [Doc. No. 387] are **denied**. Its motion for production of documents and data [Doc. No. 389] is **granted** in part. Trustmark's motion to compel [Doc. No. 437] is **granted** in part.

1

**EXHIBIT A**

I. **BACKGROUND:**

Familiarity with the facts of this litigation and the Court's prior discovery rulings (of which there are many) is assumed. To the extent necessary, background facts will be addressed in relation to each of the motions addressed below.

II. **STANDARD OF REVIEW:**

"[T]he scope of discovery under Fed. R. Civ. P. 26(b) is very broad, 'encompass[ing] any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'" Maresco v. Evans Chemetics, Div. of W.R. Grace & Co., 964 F.2d 106, 114 (2d Cir. 1992), quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978). "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party .... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The scope of discovery, however, is not without bounds, and limitations are imposed where the discovery is "unreasonably cumulative or duplicative," overly "burdensome ... [or] expensive" or "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2). An order compelling discovery is rendered after consideration of the arguments of the parties, and such order may be tailored to the circumstances of the case. Gile v. United Airlines, Inc., 95 F.3d 492, 496 (7th Cir. 1996).

III. **DISCUSSION:**

A. Tig's Motion for Leave to File Interrogatories and Motion to Compel Discovery:

TIG seeks to compel discovery pertaining to its defense that WEB was a "net line

2

underwriter" such that when confronted with situations in which several of its significant contracts were no longer recoverable, thus leaving Trustmark "significant unreinsured liabilities" and eliminating the profit Trustmark expected to receive, Trustmark sought to shift responsibility to its cedents such as TIG by accusing them of fraud in order to avoid the negative consequences of its business strategy. TIG Mem. Supp. Mot. to Compel at 2. In order to prove its theory, TIG is seeking discovery into Trustmark's allegations that US Life breached its partnership duties by failing to obtain adequate retrocessional protections and by settling claims without Trustmark's consent. Id. at 7. TIG claims this is necessary to prove the existence of a practice on Trustmark's part and not rely simply on its own case. Id. at 8. Trustmark responds that the discovery sought is not relevant, cannot establish a practice of claiming fraud, and would be inadmissible as evidence pursuant to Fed. R. Evid. 411 and 403. Trustmark Mem. Opp. Mot. to Compel at 4-10.

Trustmark argues that if it has a valid cause of action, its motivation for bringing a claim is irrelevant. While it points to no case law standing for this proposition in the context of a motion to compel, see Mendell on behalf of Viacom, Inc. v. Gollust, 909 F.2d 724, 729 (2d Cir. 1990) (reviewing summary judgment ruling); Industrial Bank of Japan Trust Co. v. Haseotes, No. 92 Civ. 6074 (SWK), 1993 U.S. Dist. LEXIS 11568, *8 (S.D.N.Y. Aug. 19, 1993) (rule 56(f) motion for a continuance); Southern Music Publishing Co. v. Seeco Records, Inc., 200 F. Supp. 704, 705 (S.D.N.Y. 1960) (summary judgment ruling), the point is not without merit. If the defense would not negate the validity of the cause of action, what possible relevance could it have. TIG, however, contends that it is relevant to the question of materiality and reliance, both essential elements of Trustmark's claim against TIG. TIG Reply Br. at 3. While the argument is

3

less than clear, it would seem to be an attempt to undermine the credibility of the anticipated testimony of Mr. Eckwall that he would not have written the contract at issue were it not for the alleged fraud. In this sense, it would tie in with TIG's claim that Trustmark has engaged in a practice of making such claims and should not be believed when it cries foul. TIG argues that such discovery would be relevant and likely to lead to admissible evidence under Fed. R. Evid. 406.

> Rule 406 provides that
>
> Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.

Fed. R. Evid. 406. In this sense, organizational habit may be demonstrated in circumstances such as when insurance "agents were trained to or tended to, with the management's knowledge, give oral assurances that insurance coverage was effective immediately despite written conditions to the contrary." Rosenburg v. Lincoln American Life Ins. Co., 883 F.2d 1328, 1336 (7th Cir. 1989).

While "[t]here is no precise formula for determining when a practice becomes so consistent as to rise to the level of routine, ... it is now settled that adequacy of sampling and uniformity of response are controlling considerations." G.M. Brod & Co. v. U.S. Home Corp., 759 F.2d 1526, 1533 (11th Cir. 1985) (quotation marks and citation omitted); see also Fed. R. Evid. 406 Advisory Committee Notes ("While adequacy of sampling and uniformity of response are key factors, precise standards for measuring their sufficiency for evidence purposes cannot be formulated"). Evidence of such a habit "is only [admissible] when the examples offered to

4

establish such pattern of conduct or habit are "numerous enough to base an inference of systematic conduct" [footnote omitted] and to establish one's regular response to a repeated specific situation or, ... where they are sufficiently regular or the circumstances sufficiently similar to outweigh the danger, if any of prejudice and confusion." Wilson v. Volkswagen of Am., 561 F.2d 494, 511 (4th Cir. 1977). The Second Circuit has affirmed a district court's exclusion of testimony regarding habit because "three or four episodes over a 20-year period was hardly sufficient to conclude that a pattern of behavior exists with respect to the conduct at issue..." United States Football League v. National Football League, 842 F.2d 1335, 1373 (2d Cir.,1988) (quotation marks omitted). Similarly, testimony was rightly excluded when it would have resulted in "mini-trials" regarding other cases. Id. (citation omitted).

TIG here seeks discovery into two other cases involving Trustmark in order to demonstrate an organizational habit or practice. TIG argues that even if the information it specifically requests would be inadmissible at trial it "should be permitted an opportunity to conduct this discovery so that, at a minimum, it can develop evidence demonstrating" such a pattern that would be admissible pursuant to Rule 406. TIG Reply Br. at 5. This argument is unavailing. As it stands, there is no indication that the evidence TIG may glean from two unrelated cases could possibly amount to a practice under the legal principles outlined above. It is unclear that any evidence discovered would connect to other cases or instances of alleged misconduct that would constitute a sufficient sample of Trustmark's business in order to be admissible under Rule 406. There has been no showing that TIG is even attempting to conduct such an inquiry. Were this discovery allowed to take place, based on the showing of relevance presently before the Court, trial would be bogged down in a mini-trial regarding Trustmark's

5

conduct in two other cases that could not possibly meet the standards of admissibility under Rule 406. The Court will not order the discovery requested based on such a showing. Accordingly, TIG's Motion to Compel Discovery and for Leave to Serve Additional Interrogatories [Doc. Nos. 387 and 420] are **denied**.

B. <u>TIG's Motion to Compel Production from LAN Server</u>:

TIG moves to compel production of documents and other data located on WEB's local access network ("LAN") server. TIG alleges that Trustmark has failed to produce relevant documents and files regarding reinsurance contracts written by WEB on behalf of Trustmark and US Life. TIG's primary basis for believing that Trustmark has failed to fully comply with its discovery obligations seems to be that it is aware, based on testimony given during an arbitration between US Life and TIG, that WEB maintained electronic data files on its LAN server, that US Life obtained three CD-ROMS from WEB in mid-2000 which related to business written on behalf of US Life and/or Trustmark, and that Trustmark has had a copy of the CDs since mid-2000. TIG Mem. Supp. Mot. to Compel at 4.

Trustmark on the other hand, maintains that it has produced all relevant documents from the WEB LAN server. Trustmark Mem. Opp. Mot. to Compel at 3. As such, Trustmark argues that the discovery would be cumulative and overly burdensome. Id. at 3-5.

As TIG notes, Trustmark does not dispute that it has ownership or control of the information, that the CDs exist and have not been produced, or that Trustmark was required to produce documents from the LAN server. TIG Reply Br. at 2. The existence of the CDs at least raises the possibility that Trustmark failed to produce relevant information in that particular instance. It is not, however, particularly strong evidence of any failing and may indeed be

6

without consequence if Trustmark's assertion that it has fully complied with its discovery obligations is born out. Nevertheless, the burden in producing the CDs is minimal and accordingly, to the extent that the information on the CDs is not in anyway claimed to be privileged or otherwise protected, Trustmark is **ordered** to promptly produce the CDs. Beyond that, TIG presents no evidence that Trustmark has done anything improper. All TIG presents is speculation that there must be something else that hasn't been produced based on the existence of three CDs and the fact that information was stored on the server. The Court assumes that Trustmark is aware of its discovery obligations and its continuing obligation under Fed. R. Civ. P. 26(e) to supplement its discovery responses if it is aware, or becomes aware, they were in some way inaccurate or incomplete. Courts are not in a position to police and micro-manage discovery in the manner that TIG requests and will not authorize what could very well be a fishing expedition based on pure suspicion without some further showing of noncompliance. Accordingly, TIG's Motion [Doc. No. 389] is **granted**, in part.

C.  Trustmark's Motion to Compel Documents and Testimony:

Trustmark moves to compel the production of documents relating to the expert report of TIG's expert, Mr. Toothman, and the collaboration of two other individuals, Messrs. Lo, an assistant to Toothman, and Thirkill, and employee of an affiliate of TIG. Trustmark contends that it is entitled to and has not received all documents considered by Toothman, which it argues would include documents produced by Lo and Thirkill even if Toothman did not receive them. Additionally, Trustmark requests that this Court compel the deposition of all three individuals.[1]

---

[1] Trustmark has already had the opportunity to depose Toothman and is requesting the opportunity to depose him again.

7

Fed. R. Civ. P. 26(a)(2) requires that an expert report "disclose the data and other information considered by the expert ... whether or not ultimately relied upon by the expert." In re Pioneer Hi-Bred Int'l, Inc., 238 F.3d 1370, 1375 (Fed. Cir. 2001). Such materials are generally not privileged. Id. Accordingly, "Rule 26(b)(4) has been broadly interpreted to authorize disclosure of both expert opinions and all the documents the expert generated or examined in the process of forming those opinions." United States v. City of Torrance, 163 F.R.D. 590, 593 (C.D. Cal. 1995) (quotation marks and citations omitted). In a similar vein, disclosure of a non-testifying expert's report may be required when that "report is used by a testifying expert as the basis for an expert opinion, or when there is evidence of substantial collaborative work between a testifying expert and a non-testifying expert." Long Term Capital Holdings v. United States, 3:01 CV 1290(JBA), 2003 U.S. Dist. LEXIS 14579, *10 (D. Conn. May 5, 2003). This has been held to extend to the work of assistants as well, particularly when there has been close collaboration that suggests the fruits of their labor were "indivisible" or "seamless." See Id. at *10-11. However, even in such circumstances where disclosure of the report may be necessary, further discovery such as the taking of depositions is generally limited to exploring the independence of the expert and the competency of the assistants. See Dura Auto. Sys. of Ind., Inc. v. CTS Corp., 285 F.3d 609, 612-613 (7th Cir. 2002) ("An expert witness is permitted to use assistants in formulating his expert opinion, and normally they need not themselves testify. ... The opposing party can depose them in order to make sure they performed their tasks competently; and the expert witness can be asked at his deposition whether he supervised them carefully and whether his relying on their assistance was standard practice in his field."); see also Long Term Capital Holdings, 2003 U.S. Dist. LEXIS 14579 at *14-15 (deposition permitted

8

"limited in scope to the extent of participation of [other] personnel in the preparation and drafting of the expert reports").

### 1. Documents Considered by Toothman:

There is no question that Trustmark is entitled to receive all documents and reports considered by Toothman, regardless of whether the substance of that information is reflected in his report. However, TIG contends that it has already disclosed "everything" Mr. Toothman saw or considered, regardless of whether it was produced by himself and/or Lo and Thirkill. TIG Mem. Opp. Mot. to Compel at 6. There is therefore nothing further the Court can order on this issue. To the extent that Trustmark argues the case law supports the notion that the Court should order production of reports and other information produced by Lo and Thirkill not seen by Toothman, this argument is unsubstantiated. See Long Term Capital Holdings, 2003 U.S. Dist. LEXIS 14579 at *10 (permitting discovery only of non-expert reports considered by expert).

With respect to the specific files and/or documents and information that Trustmark contends were considered or made available to Toothman, but were not produced, see Trustmark Reply Br. at 5-8, if the materials mentioned were indeed available to Toothman for the purposes of creating his expert report, they should be produced. To the extent that any purported confidential information may be involved, TIG Mem. Opp. Mot. to Compel at 10-11, it is not clear it would be protectable as such, given that Toothman made reference to the report in his own draft report here. Nevertheless, Trustmark shall not disclose this information publicly and shall return the report at issue to TIG, destroying all copies, at the close of this litigation.

### 2. Further Discovery Involving Lo and Thirkill:

As stated, Trustmark has not pointed to authority that would permit discovery of

9

documents and information not made available to Toothman. Thus, no further document production should be compelled, provided that all documents and information made available to Toothman has been produced. However, Trustmark is permitted the opportunity to depose Lo and Thirkill on the nature of their involvement in the production of the expert report to ensure that they performed their task competently. There is no indication that any further deposition of Toothman is necessary or in order, as Trustmark already had the opportunity to question him on the involvement of Lo and Thirkill and did in fact do so. See Trustmark Mem. Supp. Mot. to Compel at 5 (citing deposition testimony of Toothman regarding Lo's participation in the preparation of the expert report).

## IV.  CONCLUSION:

For the reasons stated herein, TIG's motion to compel discovery [Doc. No. 420] and for leave to serve interrogatories [Doc. No. 387] are **denied**. TIG's motion for production of documents and data [Doc. No. 389] is **granted** in part. Trustmark's motion to compel [Doc. No. 437] is **granted** in part. Compliance with the provisions of the order shall be completed by March 11, 2005.

SO ORDERED.

Dated at New Haven, Connecticut, February 22, 2005.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court

10

# EXHIBIT B

## Cygal, Everett

| | |
|---|---|
| **From:** | Cygal, Everett |
| **Sent:** | Wednesday, February 23, 2005 6:06 PM |
| **To:** | Harry P. Cohen Esq. (E-mail); Brian J. O'Sullivan (E-mail); David J. Grais Esq. (E-mail); Mark B. Holton Esq. (E-mail) |
| **Subject:** | Depositions of Lo and Thirkill |

Pursuant to Judge Doresy's order of today, please produce Mr. Thirkill for his court ordered deposition on Friday, March 4, 2005 and Mr. Lo for his court ordered deposition on Monday, March 7, 2005.

Everett J. Cygal
Schiff Hardin LLP
6600 Sears Tower
Chicago, Illinois 60606-6473
(T) 312.258.5783
(F) 312.258.5700
ecygal@schiffhardin.com <mailto:ecygal@schiffhardin.com>

****************************************************************
The preceding message and any attachments may contain confidential information protected by the attorney-client or other privilege. If you believe that it has been sent to you in error, please reply to the sender that you received the message in error. Then delete it. Thank you.
****************************************************************

1

**EXHIBIT B**

# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITY INSURANCE COMPANY OF HARTFORD,<br><br>        Plaintiff,<br><br>v.<br><br>TRUSTMARK INSURANCE COMPANY,<br><br>        Defendant.<br><br>TRUSTMARK INSURANCE COMPANY,<br><br>        Third Party Plaintiff,<br><br>v.<br><br>TIG INSURANCE COMPANY,<br><br>        Third Party Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil No. 301CV2198(PCD)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**NOTICE OF VIDEOTAPED COURT ORDERED DEPOSITION**

To:    See Attached Service List

**PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure 30 and 45, and a District of Connecticut Court Order dated February 22, 2005, we will take the deposition of David Thirkill on March 4, 2005, at 9:00 a.m. The deposition will take place at the offices of Brenner, Saltzman & Wallman LLP, 271 Whitney Avenue, New Haven, CT 06511. The deposition will be recorded by stenographic means and by videotape.

EXHIBIT C

Date:  February 24, 2005                TRUSTMARK INSURANCE COMPANY

_____
Counsel for
Trustmark Insurance Company

David M. Spector CT 21679
John A. Bannon  CT 26489
Everett J. Cygal CT 22765
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, Illinois 60606-6473

David R. Schaefer CT 04334
Brenner, Saltzman & Wallman LLP
271 Whitney Avenue
New Haven, Connecticut 06511

## CERTIFICATE OF SERVICE

I, Everett J. Cygal, an attorney, certify that on February 24, 2005, I caused a true and correct copy of *Trustmark's Notice of Videotaped Court Ordered Deposition* to be served by facsimile and U.S. Mail, first class and postage prepaid, upon:

Harry P. Cohen, Esq.
Brian O'Sullivan, Esq.
Cadwalader, Wickersham & Taft
100 Maiden Lane
New York, NY 10038

Mark B. Holton, Esq.
Kate Nealon, Esq.
Gibson Dunn & Crutcher
200 Park Avenue, Floor 48
New York, New York 10166

David Grais, Esq.
Kay Ellsworth, Esq.
Dewey Ballantine LLP
1301 Avenue of the Americas
New York, NY 10019-6092

Frank F. Coulom, Jr., Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

David A. Slossberg, Esq.
Hurwitz & Sagarin
147 North Broad Street
Milford, CT 06460-0112

_____
Everett J. Cygal

CH2\1206849.1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITY INSURANCE COMPANY OF HARTFORD,<br><br>    Plaintiff,<br><br>v.<br><br>TRUSTMARK INSURANCE COMPANY,<br><br>    Defendant.<br>_____<br>TRUSTMARK INSURANCE COMPANY,<br><br>    Third Party Plaintiff,<br><br>v.<br><br>TIG INSURANCE COMPANY,<br><br>    Third Party Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil No. 301CV2198(PCD)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF VIDEOTAPED COURT ORDERED DEPOSITION

To:    See Attached Service List

**PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure 30 and 45, and a District of Connecticut Order dated February 22, 2005, we will take the deposition of Richard Lo on March 7, 2005, at 9:00 a.m. The deposition will take place at the offices of Brenner, Saltzman & Wallman LLP, 271 Whitney Avenue, New Haven, CT 06511. The deposition will be recorded by stenographic means and by videotape.

Date: February 24, 2005

TRUSTMARK INSURANCE COMPANY

_____
Counsel for
Trustmark Insurance Company

David M. Spector CT 21679
John A. Bannon CT 26489
Everett J. Cygal CT 22765
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, Illinois 60606-6473

David R. Schaefer CT 04334
Brenner, Saltzman & Wallman LLP
271 Whitney Avenue
New Haven, Connecticut 06511

## CERTIFICATE OF SERVICE

I, Everett J. Cygal, an attorney, certify that on February 24, 2005, I caused a true and correct copy of **Trustmark's Notice of Videotaped Court Ordered Deposition** to be served by facsimile and U.S. Mail, first class and postage prepaid, upon:

Harry P. Cohen, Esq.
Brian O'Sullivan, Esq.
Cadwalader, Wickersham & Taft
100 Maiden Lane
New York, NY 10038

Mark B. Holton, Esq.
Kate Nealon, Esq.
Gibson Dunn & Crutcher
200 Park Avenue, Floor 48
New York, New York 10166

David Grais, Esq.
Kay Ellsworth, Esq.
Dewey Ballantine LLP
1301 Avenue of the Americas
New York, NY 10019-6092

Frank F. Coulom, Jr., Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

David A. Slossberg, Esq.
Hurwitz & Sagarin
147 North Broad Street
Milford, CT 06460-0112

_____
Everett J. Cygal

CH2\1206853.1