**EXHIBIT D**

Cygal, Everett

| | |
|---|---|
| **From:** | Brian OSullivan [Brian.OSullivan@cwt.com] |
| **Sent:** | Monday, February 28, 2005 12:08 PM |
| **To:** | Cygal, Everett |
| **Cc:** | Bannon, John A.; KEllsworth@deweyballantine.com; MHolton@gibsondunn.com; Harry.Cohen@cwt.com |
| **Subject:** | Security v. Trustmark v. TIG - Outstanding discovery requests |

Everett:

We write with respect to various outstanding discovery requests.

First, your deposition notices for Thirkill and Lo are defective. As we advised you more than two years ago (see my January 14, 2003 email to you and Bill Meyer), because TIG is a defendant in this action, it has no obligation to produce its witnesses within the District of Connecticut. We will therefore produce these witnesses for deposition either in New York or where the witnesses are located. In any event, March 4 and 7, 2004 do not work for us. We will let you know shortly dates on which we and Messrs. Lo and Thirkill are available for deposition.

Second, in response to your February 26, 2005 letter, TIG does not have possession, custody or control of AON's files (which is precisely why Trustmark subpoenaed the production of those files from Aon in the first place). That said, we will forward a copy of your letter to counsel for AON.

Third, the document requests contained in your February 9 and 16, 2005 emails are objectionable on numerous grounds, including the fact that they are untimely. That said, subject to those objections, TIG has no objection to producing the cover note that accompanied the CDs that AON sent to us in February 2003 (which were produced with the bates-numbers AON/T002391 and 2392), and will produce it to you later today.

Finally, as requested during Mr. Ekwall's February 11, 2005 deposition, please confirm that you have searched Ms. Weicker's computer/hard drive and the LAN server for information responsive to TIG's requests and/or the Court's prior discovery rulings and that Trustmark has produced all responsive electronic files (in their native file format) from those computers/hard drives.

Brian J. O'Sullivan
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, NY 10281
Tel: 212.504.6315
Fax: 212.504.6666

**EXHIBIT D**

# EXHIBIT E



SCHIFF HARDIN LLP

6600 SEARS TOWER
CHICAGO, ILLINOIS 60606
t 312.258.5500
f 312.258.5600
www.schiffhardin.com

EVERETT J. CYGAL
(312) 258-5783
ecygal@schiffhardin.com

February 28, 2005

VIA TELECOPIER AND E-MAIL

Harry P. Cohen, Esq.
Cadwalader, Wickersham & Taft
100 Maiden Lane
New York, NY 10038

Re:    *Security Insurance Company of Hartford v. Trustmark Insurance Company, Civil No. 301CV2198 (PCD)*

Dear Harry:

      We write in response to Brian O'Sullivan's e-mail of earlier today regarding the Court ordered depositions of Messrs. Thirkill and Lo and other outstanding discovery items. We have reprinted your position in italics with Trustmark's response immediately below.

      *First, your deposition notices for Thirkill and Lo are defective. As we advised you more than two years ago (see my January 14, 2003 email to you and Bill Meyer), because TIG is a defendant in this action, it has no obligation to produce its witnesses within the District of Connecticut. We will therefore produce these witnesses for deposition either in New York or where the witnesses are located. In any event, March 4 and 7, 2004 do not work for us. We will let you know shortly dates on which we and Messrs. Lo and Thirkill are available for deposition.*

      You take issue both with the location and date of these two depositions. As to location, while we do not agree with your analysis, we will agree to take these depositions at Schiff Hardin's New York offices. Amended notices are attached with this letter.

      We are not in the position, however, to negotiate the dates. We learned of the Court's order on February 23, 2005. Immediately

CHICAGO I WASHINGTON I NEW YORK I LAKE FOREST I ATLANTA I DUBLIN

**EXHIBIT E**



Harry P. Cohen, Esq.
Page 2
February 28, 2005

thereafter, we advised you in an e-mail on February 23rd of the March
4th and 7th dates. We heard nothing back until this afternoon when Mr.
O'Sullivan tersely advised that: "March 4 and 7, 2004 do not work for
us." No other explanation was provided as to why these witnesses are
unavailable. Moreover, no alternative dates were proposed. Given the
current deadlines, we have no choice but to stand on these dates. If a
valid reason for an adjournment of these dates exists (a reason that you
have not seen fit to share with us), the burden is on you to seek a
protective order. Otherwise, the depositions will proceed as scheduled in
New York City.

> *Second, in response to your February 26, 2005 letter, TIG
> does not have possession, custody or control of AON's files
> (which is precisely why Trustmark subpoenaed the production
> of those files from Aon in the first place). That said, we will
> forward a copy of your letter to counsel for
> AON.*

We disagree. Indeed, TIG has asserted a contrary position
on numerous occasions. For example, counsel for TIG prepared Ms.
Bohsulav for both her deposition and hearing testimony in the
arbitration styled as: *TIG Insurance Company v. United States Life
Insurance Company.* Not only was TIG's counsel present for this
preparation, TIG's counsel asserted an attorney-client relationship with
AON by virtue of the fact that AON is an agent of TIG.

For example, on pages 176-77 of Ms. Bohuslav's February 4,
2004 deposition, you stated *inter alia*:

21      MR. COHEN: It is TIG's position that Aon is
22  TIG's agent and that any discussions we have with
23  Ms. Bohuslav regarding the transaction that's the
24  subject of the arbitration are privileged and which, by
25  the way, is consistent with the position that you've

1   taken regarding Webb, which is your former agent.
2       But in any event, our position is that those
3   discussions are privileged.
4       MR. McDONALD: That is also Aon's position.
5       And on the basis of attorney-client and work



Harry P. Cohen, Esq.
Page 3
February 28, 2005

6   product privileges, I will direct the witness not to
7   answer.

Therefore, as the principal of AON, TIG *does* have "possession, custody or control of AON's files." We will remind you that Trustmark's document requests sought documents from TIG and its agents.

While we assume that the handwritten note that Ms. Bohuslav testified to during her most recent deposition does not exist— because it has not been produced and Mr. O'Sullivan's e-mail is silent on that subject—we demand its production or that you state affirmatively in writing that it either never existed in the first instance or was destroyed since last seen by Ms. Bohuslav in 2004.

> *Third, the document requests contained in your February 9 and 16, 2005 emails are objectionable on numerous grounds, including the fact that they are untimely. That said, subject to those objections, TIG has no objection to producing the cover note that accompanied the CDs that AON sent to us in February 2003 (which were produced with the bates-numbers AON/T002391 and 2392), and will produce it to you later today.*

You assert that Trustmark's requests for all correspondence between TIG and AON are untimely. We disagree. First, Trustmark did not learn until the deposition of Mr. Toothman that TIG intended to assert at trial that the CD-Roms identified as AON/T 2391-92 were copies of the CD-Rom sent to Mr. Ekwall in August of 1999. During that deposition, despite a series of obstructionist objections by you, we learned that the basis for Mr. Toothman's belief that these CD-Roms were sent to Mr. Ekwall in August of 1999 was a representation made by TIG's counsel.

Second, communications between AON and TIG, whether directly or through counsel, should have been produced long ago. To the extent that any of this material was withheld on the grounds of a purported privilege, it should have been properly logged. Unfortunately, the magnitude of the deficiencies in TIG's production were not readily



Harry P. Cohen, Esq.
Page 4
February 28, 2005

apparent until Mr. Toothman's deposition and TIG's stonewalling thereafter.

> *Finally, as requested during Mr. Ekwall's February 11, 2005 deposition, please confirm that you have searched Ms. Weicker's computer/hard drive and the LAN server for information responsive to TIG's requests and/or the Court's prior discovery rulings and that Trustmark has produced all responsive electronic files (in their native file format) from those computers/hard drives.*

Pursuant to Judge Dorsey's most recent order, we will be producing three CD-Roms of material from the LAN server. As to Ms. Weicker's computer, Mr. Ekwall informs us that Ms. Weicker's computer became his after he took it for his own use in or before July of 1999. The electronic files previously produced in this matter were taken off Mr. Ekwall's hard drive, which, as stated above, was formerly assigned to Ms. Weicker.

Sincerely,

Everett J. Cygal

EJC:nt
Attachments
cc:    David J. Grais, Esq.
       Mark B. Holton, Esq.
       Brian O'Sullivan, Esq.
CH2\ 1207670.1 02.28.05 03:32

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITY INSURANCE COMPANY OF HARTFORD,<br><br>               Plaintiff,<br><br>v.<br><br>TRUSTMARK INSURANCE COMPANY,<br><br>               Defendant.<br>_____<br>TRUSTMARK INSURANCE COMPANY,<br><br>               Third Party Plaintiff,<br><br>v.<br><br>TIG INSURANCE COMPANY,<br><br>               Third Party Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil No. 301CV2198(PCD)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SECOND AMENDED NOTICE OF VIDEOTAPED COURT ORDERED DEPOSITION

To:    See Attached Service List

**PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure 30 and 45, and a District of Connecticut Court Order dated February 22, 2005, we will take the deposition of David Thirkill on March 4, 2005, at 9:00 a.m. The deposition will take place at the offices of Schiff Hardin LLP, 623 Fifth Avenue, 28th Floor, New York, New York 10022. The deposition will be recorded by stenographic means and by videotape.

Date:  February 28, 2005                    TRUSTMARK INSURANCE COMPANY


                                            _____
                                            Counsel for
                                            Trustmark Insurance Company

                                            David M. Spector CT 21679
                                            John A. Bannon  CT 26489
                                            Everett J. Cygal CT 22765
                                            SCHIFF HARDIN LLP
                                            6600 Sears Tower
                                            Chicago, Illinois 60606-6473

                                            David R. Schaefer CT 04334
                                            Brenner, Saltzman & Wallman LLP
                                            271 Whitney Avenue
                                            New Haven, Connecticut 06511

## CERTIFICATE OF SERVICE

I, Everett J. Cygal, an attorney, certify that on February 28, 2005, I caused a true and correct copy of **Trustmark's Second Amended Notice of Videotaped Court Ordered Deposition** to be served by facsimile, e-mail and U.S. Mail, first class and postage prepaid, upon:

Harry P. Cohen, Esq.
Brian O'Sullivan, Esq.
Cadwalader, Wickersham & Taft
100 Maiden Lane
New York, NY 10038

Mark B. Holton, Esq.
Kate Nealon, Esq.
Gibson Dunn & Crutcher
200 Park Avenue, Floor 48
New York, New York 10166

David Grais, Esq.
Kay Ellsworth, Esq.
Dewey Ballantine LLP
1301 Avenue of the Americas
New York, NY 10019-6092

Frank F. Coulom, Jr., Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

David A. Slossberg, Esq.
Hurwitz & Sagarin
147 North Broad Street
Milford, CT 06460-0112

_____
Everett J. Cygal

CH2\ 1206849.1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITY INSURANCE COMPANY OF HARTFORD, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| TRUSTMARK INSURANCE COMPANY, | ) ) |
| Defendant. | ) ) Civil No. 301CV2198(PCD) |
| TRUSTMARK INSURANCE COMPANY, | ) ) |
| Third Party Plaintiff, | ) ) |
| v. | ) ) |
| TIG INSURANCE COMPANY, | ) ) |
| Third Party Defendant. | ) |

## SECOND AMENDED NOTICE OF VIDEOTAPED COURT ORDERED DEPOSITION

To:    See Attached Service List

**PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure 30 and 45, and a District of Connecticut Order dated February 22, 2005, we will take the deposition of Richard Lo on March 7, 2005, at 9:00 a.m. The deposition will take place at the offices of Schiff Hardin LLP, 623 Fifth Avenue, 28th Floor, New York, New York 10022. The deposition will be recorded by stenographic means and by videotape.

Date:  February 28, 2005

TRUSTMARK INSURANCE COMPANY

Counsel for
Trustmark Insurance Company

David M. Spector CT 21679
John A. Bannon  CT 26489
Everett J. Cygal CT 22765
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, Illinois 60606-6473

David R. Schaefer CT 04334
Brenner, Saltzman & Wallman LLP
271 Whitney Avenue
New Haven, Connecticut 06511

## CERTIFICATE OF SERVICE

I, Everett J. Cygal, an attorney, certify that on February 28, 2005, I caused a true and correct copy of **Trustmark's Second Amended Notice of Videotaped Court Ordered Deposition** to be served by facsimile, e-mail and U.S. Mail, first class and postage prepaid, upon:

Harry P. Cohen, Esq.
Brian O'Sullivan, Esq.
Cadwalader, Wickersham & Taft
100 Maiden Lane
New York, NY 10038

Mark B. Holton, Esq.
Kate Nealon, Esq.
Gibson Dunn & Crutcher
200 Park Avenue, Floor 48
New York, New York 10166

David Grais, Esq.
Kay Ellsworth, Esq.
Dewey Ballantine LLP
1301 Avenue of the Americas
New York, NY 10019-6092

Frank F. Coulom, Jr., Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

David A. Slossberg, Esq.
Hurwitz & Sagarin
147 North Broad Street
Milford, CT 06460-0112

_____
Everett J. Cygal

CH2\ 1206853.1

# EXHIBIT F

**Cygal, Everett**

| | |
|---|---|
| **From:** | Brian OSullivan [Brian.OSullivan@cwt.com] |
| **Sent:** | Tuesday, March 01, 2005 4:01 PM |
| **To:** | Cygal, Everett |
| **Cc:** | Bannon, John A.; KEllsworth@deweyballantine.com; Harry.Cohen@cwt.com; MHolton@gibsondunn.com |
| **Subject:** | Re: 2.28.05 Letter to H. Cohen |

2.28.05 Letter to
H. Cohen.PDF...    Everett:

This is in response to your February 28, 2005 letter.

We do not believe we are required to give you a reason why certain dates do not work for us (and we do not believe that you have ever provided a reason why you have refused to go forward on various dates that we have offered up for deposition). Nor do we agree that we have the obligation to move for a protective order. In any event, we are not available and will not go forward on the dates you proposed. Mr. Lo will be produced at your offices in New York on Monday, March 21st and Mr. Thirkill will be produced in Manchester, New Hampshire on Tuesday, March 22nd. If those dates do not work for you let us know and we will try to work with you to identify alternative dates.

Your assertions to the contrary notwithstanding, as we advised you yesterday, TIG does not have possession, custody or control of AON's files. Accordingly, we are not in a position either to produce the handwritten note that Ms. Bohuslav testified about or confirm that it doe not exist. As we advised you, we have forwarded your request to Aon's counsel.

Finally, we continue to believe that your request for communications between TIG's and AON's counsel is untimely and not responsive to any of Trustmark's previous document requests.

Brian J. O'Sullivan
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, NY 10281
Tel: 212.504.6315
Fax: 212.504.6666
----- Forwarded by Brian OSullivan/NY/CWT on 03/01/2005 03:55 PM -----

"Grais                "Turney, Nancy"              To:    "Cohen (E-mail)" <harry.cohen@cwt.com>,
                     <nturney@schiffhar
mail)"               din.com>                    (E-mail)" <dgrais@deweyballantine.com>, "Holton (E-
                                                 <mholton@gibsondunn.com>, "O'Sullivan (E-mail)"

1                                                                    **EXHIBIT F**

Office:                    <Brian.OSullivan@cwt.com>

                           cc:

02/28/2005 04:43          Subject: 2.28.05 Letter to H. Cohen
PM

--------------------------------------------------------------
This message and any attachments may contain confidential
information protected by the attorney-client or other privilege.
If you believe that it has been sent to you in error,
please reply to the sender that you received the message in
error.  Then delete it.  Thank you.
--------------------------------------------------------------

(See attached file: 2.28.05 Letter to H. Cohen.PDF)

=====================================================================
===
NOTE: The information in this email is confidential and may be legally privileged.  If you are
not the intended recipient, you must not read, use or disseminate the information; please
advise the sender immediately by reply email and delete this message and any attachments
without retaining a copy.  Although this email and any attachments are believed to be free
of any virus or other defect that may affect any computer system into which it is received
and opened, it is the responsibility of the recipient to ensure that it is virus free and no
responsibility is accepted by Cadwalader, Wickersham & Taft LLP for any loss or damage
arising in any way from its use.

=====================================================================
===