UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2005 MAR -3  P 3: 47

U.S. DISTRICT COURT
NEW HAVEN, CT

| | |
|---|---|
| SECURITY INSURANCE COMPANY OF HARTFORD,<br><br>Plaintiff,<br><br>-against-<br><br>TRUSTMARK INSURANCE COMPANY,<br><br>Defendant. | Civil No. 301CV2198 (PCD) |
| TRUSTMARK INSURANCE COMPANY,<br><br>Third-Party Plaintiff,<br><br>-against-<br><br>TIG INSURANCE COMPANY,<br><br>Third-Party Defendant. | March 3, 2005 |

### TIG INSURANCE COMPANY' MOTION FOR RECONSIDERATION AND MODIFICATION OF THE COURT'S FEBRUARY 22, 2005 ORDER TO PERMIT IT UNTIL MARCH 22, 2005 TO PRODUCE MESSRS. THIRKILL AND LO FOR DEPOSITION

Third Party Defendant TIG Insurance Company ("TIG"), through its counsel, hereby moves for reconsideration and modification of the Court's February 22, 2005 Ruling on Pending Discovery Motions (the "Order"), to permit 7 additional business days (until Tuesday, March 22, 2005) to comply with the Order's requirement that TIG produce David Thirkill and Richard Lo for deposition in this proceeding. The grounds for TIG's motion are as follows:

1. On February 22, 2005, the Court issued the Order which required TIG, *inter alia*, to produce Messrs. Thirkill and Lo for deposition on or before March 11, 2005 (the "Ruling").

NYLIB2 251737.2

2. On February 23, 2005, Trustmark's counsel requested that we produce Mr. Thirkill for deposition on March 4, 2005, and Mr. Lo for deposition on March 7, 2005.

3. The Order presents numerous scheduling and logistical difficulties for TIG's counsel and Messrs. Thirkill and Lo. We (counsel) have numerous previously scheduled commitments during the next several weeks in both this and other matters, including multiple out-of-town depositions the week of March 7, 2005, a pre-trial brief in an arbitration hearing due on March 11, 2005 (the hearing itself is scheduled in April), and, perhaps most significantly, Part B the Trial Preparation Order in this litigation is due on March 18, 2005. Mr. Thirkill is undergoing a medical procedure today (which will require the administration of general anesthesia) and is scheduled to be out of town most of next week. Mr. Lo, who is a consultant, is previously committed in matters for other clients through March 14, 2005.

4. As a result of these scheduling difficulties, TIG advised Trustmark that Messrs. Thirkill and Lo would be available for deposition on March 21 and March 22, 2005, respectively. This was consistent with the manner in which the parties have resolved other similar scheduling issues. For example, on numerous occasions over the course of several months, we agreed to reschedule the continued deposition of Mr. Richard Jessel, whose initial deposition was cut-off based upon an alleged health issue, in order to accommodate Mr. Jessel's schedule, Schiff Hardin's schedule and, once, even Trustmark's general counsel's schedule. Just last month, in order to resolve issues that arose principally as the result of Trustmark's counsel's scheduling problems, TIG and Security agreed to depose one of Trustmark's rebuttal experts after the February 11, 2005 deadline for discovery. Earlier this week, in an effort to resolve a scheduling issue with another one of Trustmark's rebuttal experts (Paul Thomson), we advised

Trustmark that we were willing to work with them to reschedule Mr. Thomson's deposition that had been scheduled to go forward today.[1]

5. Unfortunately, Trustmark declined to afford us the same courtesy they had previously requested and received and have refused to agree to depose Messrs. Thirkill and Lo after March 11th. Instead, Trustmark filed yesterday with the Court an Emergency Motion To Bar The Testimony of Michael Toothman, David Thirkill and Richard Lo and For Other Sanctions. That motion is, of course, premature since, pursuant to Local Rule 7(c), TIG has until March 8, 2005 to make the instant motion.

6. Trustmark will not be prejudiced by the requested extension of time since Messrs. Thirkill's and Lo's deposition should have no relevance to Trustmark's Trial Preparation Order and, in any event, TIG was under no obligation to produce these witnesses until after Trustmark's Part A is due on March 8, 2005.

7. Finally, TIG will respond fully to Trustmark's arguments concerning TIG's alleged "pattern of discovery abuses" at the appropriate time. Suffice it to say at this time, however, TIG's counsel regrets its use of vulgarity during depositions, apologizes to both the Court and Trustmark's counsel for its conduct in that regard, and will ensure that there are no recurrences in the future. That being said, we note that the excerpts from the depositions that Trustmark has put before the Court do not tell the entire story, including Trustmark's counsel

---

[1] The deadline for the deposition of Trustmark's rebuttal experts was February 11, 2005. However, Mr. Thomson's deposition, which had been scheduled for February 11, 2005, was adjourned as a result of the death of Mr. Thomson's mother. Mr. Thomson's deposition was then rescheduled for March 3, 2005. On February 28, 2005, counsel for Trustmark asked us if we would be willing to reschedule Mr. Thomson's deposition in order to accommodate his schedule. Before we had an opportunity to respond to that request, however, Trustmark unilaterally canceled the deposition. To the extent that the Court is inclined to strike Mr. Toothman's report based on TIG's failure to produce Messrs. Thirkill and Lo, then so too should the Court strike Mr. Thomson's rebuttal report based upon Trustmark's decision not to produce Mr. Thomson for deposition on March 3.

NYLIB2 251737.2                           -3-

own use of vulgarity off-the-record. Under the circumstances, it is entirely inappropriate for Trustmark to attempt to gain a tactical advantage based on a distorted and dishonest portrayal of events. Unfortunately, this is not the first time (and we fear will not be the last time) that Trustmark seeks to hold others to a standard to which it does not event attempt to live by. Indeed, as will become patently clear on the Court's consideration of TIG's various pre-trial motions and objections to Trustmark's use of deposition testimony, Trustmark has engaged in egregiously improper questioning during the depositions of TIG and third-party witnesses, as well as improper objections during TIG's depositions of Trustmark and WEB witnesses. Accordingly, it is in this context that TIG's actions must be viewed.

WHEREFORE, TIG respectfully requests that the Court grant its Motion For Reconsideration and Modification of the Order to extend until March 22, 2005 the time for TIG to comply with the Order, and to further order that the depositions of Messrs. Thirkill and Lo will go forward on March 21 and 22, respectively.

THIRD PARTY DEFENDANT,

By: _____
J. Daniel Sagarin CT04289
David Slossberg CT 13116
Brian C. Fournier CT16272
HURWITZ, SAGARIN & SLOSSBERG, LLC
147 North Broad Street
Milford, Connecticut 06460-0112
Tel.: (203) 877-8000
Fax: (203) 878-9800

-and-

NYLIB2 251737.2                    -4-

Larry I. Brandes CT 23789
Harry P. Cohen CT 20446
Brian J. O'Sullivan CT 23790
CADWALADER, WICKERSHAM & TAFT, LLP
One World Financial Center
New York, NY 10281
Tel: (212) 504-6000
Fax: (212) 504-6666

## CERTIFICATE OF SERVICE

This is to certify that on March 3, 2005, a true and correct copy of the foregoing was sent via facsimile and mailed, postage prepaid, first class mail, to:

Frank F. Coulom, Jr., Esq.
Marion B. Manzo, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

Attorneys for Plaintiff

Mark B. Holton, Esq.
Kathryn E. Nealon, Esq.
Ayn B. Ducao, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, NY 10166-0193

Attorneys for Plaintiff

David J. Grais, Esq.
Kathryn C. Ellsworth, Esq.
Anne E. Hutchinson, Esq.
Lee D. Vartan, Esq.
Dewey Ballantine LLP
1301 Ave of the Americas
New York, NY 10019-6092

Attorneys for Plaintiff

David R. Schaefer, Esq.
Rowena A. Moffett, Esq.
Brenner, Saltzman & Wallman
271 Whitney Avenue
P.O. Box 1746
New Haven, CT 06511-1746

Attorneys for Defendant,
Third Party Plaintiff

David M. Spector, Esq.
Everett J. Cygal, Esq.
Amy M. Rubenstein, Esq.
Dennis G. LaGory, Esq.
Sharon A. Doherty, Esq.
John A. Bannon, Esq.
Roger Pascal, Esq.
Schiff Hardin & Waite
6600 Sears Tower
Chicago, IL 60606-6473

Attorneys for Defendant,
Third Party Plaintiff

_____
David A. Slossberg