UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITY INSURANCE COMPANY OF HARTFORD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TRUSTMARK INSURANCE COMPANY )<br>)<br>Defendant. )<br>_____ )<br>)<br>TRUSTMARK INSURANCE COMPANY, )<br>)<br>Third Party Plaintiff, )<br>)<br>v. )<br>)<br>TIG INSURANCE COMPANY, )<br>)<br>Third Party Defendant. ) | Civil No. 301CV2198(PCD)<br><br><br><br>March 4, 2005 |

**TRUSTMARK'S MEMORANDUM IN OPPOSITION TO TIG'S
MOTION FOR RECONSIDERATION AND MODIFICATION OF THE
COURT'S FEBRUARY 22, 2005 ORDER TO PERMIT IT UNTIL MARCH 22, 2005
<u>TO PRODUCE MESSRS. THIRKILL AND LO FOR DEPOSITION</u>**

1. TIG files its Motion for Reconsideration under remarkably awkward circumstances: as even a summary review of the pending motions confirms, it is undisputed that TIG (a) unilaterally flouted the Court's February 22nd directive that the depositions of Messrs. Thirkill and Lo be completed by March 11, **Exhibit F[1]**, (b) flatly

---

[1] Exhibits referred to herein are the exhibits submitted with Trustmark's Emergency Motion to Bar the Testimony of Michael Toothman, David Thirkill and Richard Lo and for Other Sanctions, filed on March 2, 2005. This Memorandum in Opposition incorporates by reference the factual statements contained in that Emergency Motion.

refused to explain to Trustmark the reason for its deliberate non compliance; id., and (c) persisted in its non-compliance when counsel for Trustmark, before filing its motion, once again reminded TIG of the terms of the February 22nd order.

2. While TIG's Motion for Reconsideration seeks to justify TIG's unilateral disregard of the Court's Order on account of the busy schedule of TIG's lawyers, Mr. Thirkill and Mr. Lo, it does not explain why the lawyers were *so* busy on unrelated matters they could neither explain that fact to Trustmark nor seek advance relief from the Court. Similarly, it fails to explain TIG's failure to move for reconsideration until after it had announced its intention to violate the pending order and was faced with the prospect of responding to Trustmark's Emergency Motion for sanctions.

3. TIG's Motion for Reconsideration is conspicuously silent about a few other details as well. Why was it, for example that TIG's lawyers, and Messrs. Thirkill and Lo were all so busy that the two deponents could not be made available until *after* the March 18th due date of Part B of the pretrial order, for which Trustmark bears the principal responsibility? And what was it about the busy schedule of all these individuals that compelled TIG conveniently to reverse the order of the Thirkill and Lo depositions and insist they occur on sequential days in cities 250 miles and a five hour drive apart? (Indeed, TIG's Motion for Reconsideration implicitly asks the Court to confirm TIG's insistence that the order of the two depositions be reversed and they be taken in the distant locations chosen by TIG.)

4. Trustmark respectfully submits that it is past time for TIG to take the proceedings in this Court seriously and to cease its pattern of abuse. TIG has already been subjected to findings and sanctions by the U.S. District Court in San Francisco for

misconduct during depositions conducted there in that District. **Exhibit I**. TIG's suggestion (unsupported by any deposition transcript or even an affidavit) that its undisputedly inappropriate on-the-record attacks on opposing counsel were provoked by some unexplained conduct of some unidentified Trustmark counsel at some unspecified point in the past should be given by the Court the weight it deserves. The suggestion in footnote 1 of the Motion for Reconsideration that sanctions be imposed because shortly after his Mother's death Mr. Thomson was unable to attend a *proposed* (not scheduled, as TIG inaccurately asserts) March 3 deposition is characteristic.

5. As Trustmark noted in its Emergency Motion, TIG's most recent inappropriate conduct, its defiance of this Court's order of February 22, 2005 compelling TIG to produce David Thirkill and Richard Lo for depositions *by March 11, 2005*, is part of a larger pattern of abusive and uncivil conduct directed towards Trustmark and its lawyers. TIG's conduct has gone far beyond the realm of vigorous advocacy. Rather, TIG and its counsel have now committed bi-costal violations of court orders in this case, and leveled abusive personal attacks at Trustmark's counsel during recent depositions. The actions of TIG and its counsel have crossed the line and this Court should act to preserve the efficacy of its orders and the integrity of the process.

WHEREFORE, Trustmark requests that this Court deny TIG's Motion for Reconsideration in its entirety and enter an order awarding such other relief as the Court deems just and equitable.

                    DEFENDANT/THIRD PARTY PLAINTIFF
                    TRUSTMARK INSURANCE COMPANY

By: *s/David R. Schaefer*
     David R. Schaefer, Esq. (CT 04334)
     Rowena A. Moffett, Esq. (CT 19811)
     BRENNER, SALTZMAN & WALLMAN LLP
     271 Whitney Avenue
     New Haven, CT  06511
     Tel.: (203) 772-2600
     Fax: (203) 562-2098
     Email: rmoffett@bswlaw.com
             dschaefer@bswlaw.com


     Roger Pascal (CT 26488)
     David M. Spector (CT 21679)
     John Bannon (CT 26489)
     Everett J. Cygal (CT 22765)
     SCHIFF HARDIN LLP
     6600 Sears Tower
     Chicago, Illinois 60606-6473

     *Counsel for Trustmark Insurance Company*

## CERTIFICATE OF SERVICE

      I, David R. Schaefer, Esq., Do Certify That A True And Correct Copy Of The Foregoing Trustmark's Emergency Motion to Bar the Testimony of Michael Toothman, David Thirkill and Richard Lo and for Other Sanctions and was sent by facsimile and United States mail on March 4, 2005 addressed to:

Frank F. Coulom, Jr., Esq.
Marion Manzo
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103

Mark H. Holton, Esq.
Kate Nealon, Esq.
Gibson Dunn & Crutcher
200 Park Avenue, Floor 48
New York, NY  10166

David J. Grais, Esq.
Kathryn C. Ellsworth, Esq.
Dewey Ballantine LLP
1301 Avenue of the Americas
New York, NY  10019

Daniel J. Sagarin, Esq.
David A. Slossberg, Esq.
Hurwitz & Sagarin
147 North Broad Street
Milford, CT 06460-0112

Harry P. Cohen, Esq.
Brian J. O'Sullivan, Esq.
Cadwalader, Wickersham & Taft
100 Maiden Lane
New York, NY 10038

                                            *s/David R. Schaefer*
                                    David R. Schaefer, Esq., (CT 04334)

953903.doc