UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITY INSURANCE COMPANY OF HARTFORD,<br><br>      Plaintiff,<br><br>-against-<br><br>TRUSTMARK INSURANCE COMPANY,<br><br>      Defendant. | Civil No. 301CV2198 (PCD) |
| TRUSTMARK INSURANCE COMPANY,<br><br>      Third Party Plaintiff,<br><br>-against-<br><br>TIG INSURANCE COMPANY,<br><br>      Third Party Defendant. | March 9, 2005 |

**TIG'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR
RECONSIDERATION AND MODIFICATION OF THE COURT'S
FEBRUARY 22, 2005 ORDER TO PERMIT IT UNTIL MARCH 22, 2005
TO PRODUCE MESSRS. THIRKILL AND LO FOR DEPOSITION**

    Trustmark continues to play by its own set of rules and relies on blatant distortions and half-truths to attempt to prejudice the court against TIG. While we are confident that the Court will not pay attention to Trustmark's smear campaign, we could not let certain aspects of Trustmark's latest vitriol go unanswered.

    There is nothing "awkward" about the circumstances of TIG's motion. We could not possibly have flouted the Court's order since the deadline for compliance (March 11th) has not yet passed. TIG made a timely request for additional time after Trustmark made it perfectly

NYLIB2 252165.1

clear that it had no intention of showing any flexibility or reasonableness whatsoever in our attempts to schedule the depositions of Messrs. Thirkill and Lo. Trustmark's refusal even to negotiate the dates is unfortunate and uncalled for given the fact that, only a few weeks ago, we extended to Trustmark the exact same courtesy they refused to give us in kind (when they were unable or unwilling to produce all of their rebuttal experts prior to the applicable deadline).

Trustmark's suggestion that we owe them a detailed explanation of our unavailability is wrong and misses the point. There have been numerous instances during the course of this action when Trustmark advised us that they were unable or unwilling to appear for a deposition that was duly noticed. We never demanded an explanation and Trustmark never offered one. Instead, we simply gave them the courtesy of taking them at their word and tried our best to accommodate their schedules.

Trustmark similarly makes a thinly-veiled suggestion that we somehow manufactured the unavailability of counsel and Messrs. Lo and Thirkill "until after the March 18th due date of Part B of the pretrial order, for which Trustmark bears the principal responsibility." As we indicated in our motion (at ¶ 3), that suggestion is untrue. In any event, their point makes no sense since, as third-party defendants, TIG bears at least equal (and we believe far greater) responsibility for Part B of the pretrial order with respect to Trustmark's allegations in the third-party complaint.

Particularly gross (and equally groundless) is Trustmark's suggestion that we somehow manipulated the order of the Thirkill and Lo depositions and insisted that they occur on sequential days in different cities. Not surprisingly, Trustmark conveniently leaves out the fact that, when we advised Trustmark of the witnesses' availability, we advised them that "If those dates do not work for you let us know and we will try to work with you to identify

alternative dates." However, rather than make any effort to propose alternative dates, Trustmark, like a child who did not get his way, threw a tantrum.[1]

Finally, rather than forthrightly acknowledge that they too used profanity during Mr. Ekwall's February 11th deposition, thus allowing the parties and the Court to move beyond this issue, Trustmark dishonestly pretends otherwise in what is perhaps the biggest non-denial denial we have ever seen in our entire professional careers. TIG's counsel once again apologizes for its use of profanity, but at least we have the guts to admit that we made a mistake and apologize for it.

In sum, the only abuse going on here is Trustmark's attempt to obtain a tactical advantage over what is (or should be) a simple scheduling dispute. Accordingly, we reiterate TIG's request that the Court reconsider and modify the Order.

THIRD PARTY DEFENDANT
TIG INSURANCE COMPANY

By: _____
J. Daniel Sagarin   CT04289
David Slossberg CT 13116
Brian C. Fournier CT16272
HURWITZ, SAGARIN & SLOSSBERG, LLC
147 North Broad Street
Milford, Connecticut 06460-0112
Tel.: (203) 877-8000
Fax: (203) 878-9800

-and-

---

[1] By the way, had Trustmark bothered to ask, we would have told them that Mr. Thirkill was available only in Manchester, New Hampshire because his daughter will be visiting that week from England.

-4-

Larry I. Brandes CT 23789
Harry P. Cohen CT 20446
Brian J. O'Sullivan CT 23790
CADWALADER, WICKERSHAM & TAFT, LLP
One World Financial Center
New York, NY 10281
Tel: (212) 504-6000
Fax: (212) 504-6666

## CERTIFICATE OF SERVICE

This is to certify that on March 9, 2005, a true and correct copy of the foregoing was sent via facsimile and mailed, postage prepaid, first class mail, to:

Frank F. Coulom, Jr., Esq.
Marion B. Manzo, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT  06103-3597

Attorneys for Plaintiff

David R. Schaefer, Esq.
Rowena A. Moffett, Esq.
Brenner, Saltzman & Wallman
271 Whitney Avenue
P.O. Box 1746
New Haven, CT  06511-1746

Attorneys for Defendant,
Third Party Plaintiff

Mark B. Holton, Esq.
Kathryn E. Nealon, Esq.
Ayn B. Ducao, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, NY  10166-0193

Attorneys for Plaintiff

David M. Spector, Esq.
Everett J. Cygal, Esq.
Amy M. Rubenstein, Esq.
Dennis G. LaGory, Esq.
Sharon A. Doherty, Esq.
John A. Bannon, Esq.
Roger Pascal, Esq.
Schiff Hardin & Waite
6600 Sears Tower
Chicago, IL  60606-6473

Attorneys for Defendant,
Third Party Plaintiff

David J. Grais, Esq.
Kathryn C. Ellsworth, Esq.
Anne E. Hutchinson, Esq.
Lee D. Vartan, Esq.
Dewey Ballantine LLP
1301 Ave of the Americas
New York, NY  10019-6092

Attorneys for Plaintiff

_____
Brian C. Fournier