UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITY INSURANCE COMPANY OF HARTFORD,<br><br>Plaintiff,<br><br>-against-<br><br>TRUSTMARK INSURANCE COMPANY,<br><br>Defendant. | CIVIL NO. 3:01-CV-2198 (PCD) |
| TRUSTMARK INSURANCE COMPANY,<br><br>Third Party Plaintiff,<br><br>-against-<br><br>TIG INSURANCE COMPANY,<br><br>Third Party Defendant. | March 18, 2005 |

**TIG INSURANCE COMPANY'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO STRIKE THE REBUTTAL EXPERT REPORT OF STEPHEN HARTIGAN AND/OR TO COMPEL ADDITIONAL DISCOVERY**

Third Party Defendant TIG Insurance Company ("TIG"), through its counsel, respectfully submits this reply memorandum of law in further support of its motion to strike the rebuttal expert report that Trustmark Insurance Company ("Trustmark") has submitted from Stephen A. Hartigan and/or permit TIG and Security Insurance Company of Hartford ("Security") to conduct additional discovery concerning Mr. Hartigan's prior dealings with Trustmark and WEB.

NYLIB2 253202.1

## ARGUMENT

Trustmark raises three arguments to justify its decision to instruct Mr. Hartigan not to answer any questions concerning his first-hand knowledge of WEB and its conduct and activities. As discussed below, each of these arguments is completely without merit. Accordingly, the Court should grant TIG's motion to strike Mr. Hartigan's expert report and/or compel the additional discovery TIG is seeking relating to Mr. Hartigan's report. *See* TIG's Initial Mem. at 9-10.

1. Trustmark argues that its instruction to Mr. Hartigan not to answer questions concerning his first-hand knowledge of WEB was justified because TIG's questions implicated the confidentiality of United Kingdom arbitration proceedings. (Trustmark Mem. 2-4.) Trustmark's argument is disingenuous for the following reasons.

First, Trustmark took the exact opposite position when it sought discovery from TIG's experts. Specifically, in connection with its motion to compel further discovery from Michael Toothman, Trustmark argued (and convinced the Court) that it was entitled to the production of an expert report prepared by Mr. Toothman in an unrelated arbitration, even though it was undisputed that the arbitration, and thus the report, was governed by a confidentiality agreement. Trustmark cannot have it both ways and should be admonished for taking a contrary and inconsistent position to attempt to gain a tactical advantage.

Second, Trustmark's reliance on the Court's February 5, 2003 Order is unavailing. That order makes clear that the confidentiality relating to Trustmark's U.K. arbitrations and litigations is limited, and does not apply to "the actual business transaction that serves as the substance of the arbitration dispute," including "correspondence generated prior to a demand for arbitration." Court's February 5, 2003 Discovery Rulings at 4. That is exactly

NYLIB2 253202.1

what TIG is seeking here – discovery relating to Mr. Hartigan's review and opinions regarding the underlying business transactions. There is simply no basis under the Court's February 5, 2003 Discovery Ruling for Trustmark to withhold this information.

Third, there can be no legitimate dispute that TIG is entitled to discovery concerning Mr. Hartigan's involvement in GAN's dispute with All American/Trustmark where, like here, Trustmark's agent, WEB (indeed the same individual) is claiming that he was defrauded into entering into a reinsurance contract. Indeed, Mr. Hartigan confirmed that, because the dispute was settled *before* it went to arbitration, it is not subject to confidentiality. Hartigan Dep. Tr. at 10:2-19.

Finally, Trustmark's criticism of TIG for not requesting "that Trustmark attempt to obtain the consent of the other parties to the arbitration" is mind-boggling. We specifically asked Mr. Hartigan to identify the parties involved, and Trustmark instructed him not to answer. Hartigan Dep. Tr. 306:11-307:13 And, of course, Trustmark has in any event refused to waive confidentiality. Under the circumstances, Trustmark's assertion that TIG should be penalized for not seeking consent is patently dishonest.

2.  Trustmark also argues that TIG's motion to compel should be denied because it purportedly seeks the production of privileged information. (Trustmark Mem. at 5-6.) Clearly, however, the fact that some of Mr. Hartigan's communications with Trustmark's U.K. counsel may be privileged is not a reason for denying TIG's motion to compel. Indeed, if Trustmark believes that some of the documents relating to Mr. Hartigan's other engagements are privileged, it can withhold those documents and identify them on a privilege log. Then, to the extent that there are any disputes concerning privilege, the parties can address the issue on a document by document basis.

NYLIB2 253202.1

3. Trustmark again speaks out of both sides of its mouth when it argues that TIG's motion to compel should be denied because it seeks "collateral expert information," which are unrelated to the opinions he is offering in this litigation. (Trustmark Mem. at 6.) That argument, of course, cannot be reconciled with Trustmark's insistence (again, with which the Court agreed) that it was entitled to Mr. Toothman's expert report in an unrelated matter. If Trustmark wants collateral information they should have to give it.

In any event, Trustmark's argument misses the point. TIG is seeking discovery concerning Mr. Hartigan's first-hand knowledge of WEB and its conduct and activities since that information is directly related to the opinions he is offering in this litigation, to wit, that WEB acted as a reasonably prudent underwriter and his purported reliance on the alleged misrepresentations and nondisclosures at issue in this case was reasonable and appropriate. Under these circumstances, there is no question that TIG is entitled to conduct discovery into Mr. Hartigan's investigation and conclusions regarding whether WEB acted reasonably and prudently in other matters where WEB and Mr. Ekwall are alleging fraud in that regard. Hartigan Dep. Tr. 12:9-13:6; Ekwall Dep. (2/11/05) Tr. at 699:3-701:8. Mr. Ekwall recently testified that, over the past two years, he has provided testimony on behalf of US Life and/or Trustmark in approximately <u>ten</u> proceedings, including matters in London, and in every one of these matters he or others at WEB were all alleging that they were defrauded into entering the contracts. Ekwall Dep. (2/11/05) Tr. 619:17-622:13.

\*   \*   \*

In short, Trustmark's counsel's instructions to Mr. Hartigan not to answer various questions concerning his knowledge of WEB's conduct and activities were completely inappropriate, and has prejudiced TIG's ability to prepare their cases for trial. Under the circumstances, TIG continues to believe that the most appropriate remedy is for the Court to

strike Mr. Hartigan's expert report in its entirety. Such a remedy would not be "harsh" or "drastic" under the circumstances of this case since the opinions Mr. Hartigan is offering in this case are largely duplicative of the opinions being offered by Trustmark's other five experts (as confirmed by Trustmark's own description of the opinions its experts will be offering at trial, as set forth in section 5 of its Part A on the Trial Preparation Order).

## CONCLUSION

For the reasons set forth above, TIG respectfully requests that this Court grant its motion to strike Mr. Hartigan's rebuttal expert report and/or to permit TIG to conduct additional discovery concerning Mr. Hartigan's involvement with Trustmark and/or WEB.

THIRD PARTY DEFENDANT
TIG INSURANCE COMPANY

By: _____
J. Daniel Sagarin   CT04289
David Slossberg CT 13116
Brian C. Fournier CT16272
HURWITZ, SAGARIN & SLOSSBERG, LLC
147 North Broad Street
Milford, Connecticut 06460-0112
Tel.: (203) 877-8000
Fax: (203) 878-9800

-and-

Larry I. Brandes CT 23789
Harry P. Cohen CT 20446
Brian J. O'Sullivan CT 23790
CADWALADER, WICKERSHAM & TAFT, LLP
One World Financial Center
New York, NY 10281
Tel: (212) 504-6000
Fax: (212) 504-6666

## CERTIFICATE OF SERVICE

This is to certify that on March 18, 2004, a true and correct copy of the foregoing was sent via facsimile and mailed, postage prepaid, first class mail, to:

| | | |
|---|---|---|
| Frank F. Coulom, Jr., Esq.<br>Marion B. Manzo, Esq.<br>Robinson & Cole LLP<br>280 Trumbull Street<br>Hartford, CT 06103-3597<br><br>Attorneys for Plaintiff | Mark B. Holton, Esq.<br>Kathryn E. Nealon, Esq.<br>Ayn B. Ducao, Esq.<br>Gibson, Dunn & Crutcher LLP<br>200 Park Avenue, 47th Floor<br>New York, NY 10166-0193<br><br>Attorneys for Plaintiff | David J. Grais, Esq.<br>Kathryn C. Ellsworth, Esq.<br>Anne E. Hutchinson, Esq.<br>Lee D. Vartan, Esq.<br>Dewey Ballantine LLP<br>1301 Ave of the Americas<br>New York, NY 10019-6092<br><br>Attorneys for Plaintiff |
| David R. Schaefer, Esq.<br>Rowena A. Moffett, Esq.<br>Brenner, Saltzman & Wallman<br>271 Whitney Avenue<br>P.O. Box 1746<br>New Haven, CT 06511-1746<br><br>Attorneys for Defendant,<br>Third Party Plaintiff | David M. Spector, Esq.<br>Everett J. Cygal, Esq.<br>Amy M. Rubenstein, Esq.<br>Dennis G. LaGory, Esq.<br>Sharon A. Doherty, Esq.<br>John A. Bannon, Esq.<br>Roger Pascal, Esq.<br>Schiff Hardin & Waite<br>6600 Sears Tower<br>Chicago, IL 60606-6473<br><br>Attorneys for Defendant,<br>Third Party Plaintiff | |

_____
Brian C. Fournier

-6-

NYLIB2 253202.1